KATHY J. HUANG (Cal. Bar No. 240677)
Kathy.Huang@alston.com
JESSE STEINBACH (Cal. Bar No. 278923)
Jesse.Steinbach@alston.com
DANIEL DUBIN (Cal. Bar No. 313235)
Daniel.Dubin@alston.com
BROOKE H. BOLENDER (Cal. Bar No. 340689)
Brooke.Bolender@alston.com
**ALSTON & BIRD LLP**
350 South Grand Avenue, 51st Floor
Los Angeles, California 90071-3004
Telephone: 213-576-1000
Facsimile: 213-576-1100

ADAM J. KAISER (admitted *pro hac vice*)
Adam.Kaiser@alston.com
**ALSTON & BIRD LLP**
90 Park Avenue, 15th Floor
New York, New York 10016-1387
Telephone: 212-210-9400
Facsimile: 212-210-9444

Attorneys for Defendant
COLONIAL PENN LIFE INSURANCE
COMPANY

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

CAROLINE R. HOMAN, individually, and on behalf of the Class,

Plaintiff,

v.

COLONIAL PENN LIFE INSURANCE COMPANY, a Pennsylvania corporation, and DOES 1 through 10, inclusive,

Defendants.

Case No.: 1:25-cv-00296-JLT-SAB

[Assigned to Honorable Judge Jennifer L. Thurston]

**DEFENDANT COLONIAL PENN LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Hearing:

Date: September 3, 2025
Time: 10:00 a.m.

# TABLE OF CONTENTS


I. INTRODUCTION ....................................................................................... 8

II. BACKGROUND ....................................................................................... 10

A. California Notice-Lapse Litigation and the *Kelley* Case Against Colonial Penn ....................................................................................... 10

B. Plaintiff Commenced this Action in State Court Following the Ninth Circuit's *Small* Decision. ....................................................................................... 11

III. ARGUMENT ....................................................................................... 12

A. This Court Has Subject Matter Jurisdiction Over This Action. ....................................................................................... 13

B. Lack of "Equitable Jurisdiction" Is Not a Basis to Remand This Action. ....................................................................................... 14

C. Plaintiff Seeks Injunctive Relief that Independently Invokes this Court's Equitable Jurisdiction ....................................................................................... 24

D. Allowing Plaintiff to Plead Around Federal Court Jurisdiction Would Also Defy *Knowles*. ....................................................................................... 26

E. Plaintiff Seeks Remedies That Are Not Equitable in Nature. ....................................................................................... 27

F. Colonial Penn Should Be Allowed to Waive Its Equitable Jurisdiction Defense. ....................................................................................... 29

IV. IF THE COURT IS INCLINED TO REMAND, IT SHOULD STAY THIS ACTION PENDING NINTH CIRCUIT DECISIONS RIPE FOR DECISION ....................................................................................... 31

V. CONCLUSION ....................................................................................... 32

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**


*Adams v. W. Marine Prods.*,
958 F.3d 1216 (9th Cir. 2020) ....................25

*Adkins v. VIM Recycling, Inc.*,
644 F.3d 483 (7th Cir. 2011) ....................25

*Agua Caliente Band of Cahuilla Indians v. Hardin*,
223 F.3d 1041 (9th Cir. 2000) ....................16

*Am. Mills Co. v. Am. Sur. Co. of N.Y.*,
260 U.S. 360 (1922)....................31

*Andino v. Apple, Inc.*,
No. 2:20-cv-01628-JAM-AC, 2021 U.S. Dist. LEXIS 76011 (E.D. Cal. Apr. 20, 2021).......26

*Arc Ecology v. U.S. Dep't of the Air Force*,
411 F.3d 1092 (9th Cir. 2005) ....................25

*Armour & Co. of Del. v. B. F. Bailey*,
132 F.2d 386 (5th Cir. 1942) ....................21

*Artiste v. Am. Int'l Grp., Inc.*,
No. 2:19-cv-07574-SVW-E, 2020 U.S. Dist. LEXIS 127892 (C.D. Cal. Jan. 23, 2020)........28

*Atl. Marine Const. Co. v. U.S. Dist. Ct.*,
571 U.S. 49 (2013)....................31

*Brooks v. Thomson Reuters Corp.*,
No. 21-cv-01418-EMC, 2021 U.S. Dist. LEXIS 154093 (N.D. Cal. Aug. 16, 2021) .............26

*Broomes et al. v. FullBeauty Brands Operations, LLC*,
No. 25-3988 (9th Cir.) ....................32, 33

*C-Y Dev. Co. v. City of Redlands*,
703 F.2d 375 (9th Cir. 1983) ....................25

*Cabral v. Supple, LLC*,
No. 12-85, 2016 U.S. Dist. LEXIS 39671 (C.D. Cal. Mar. 24, 2016)....................15

*Cates v. Allen*,
149 U.S. 451 (1893).................... passim

*Clevenger v. Welch Foods Inc.*,
No. 23-127, 2023 U.S. Dist. LEXIS 38305 (C.D. Cal. Mar. 7, 2023)....................18, 24

*Cohens v. Virginia*,
19 U.S. 264 (1821) (Marshall, C.J.)....................13

*Colo. River Water Conservation Dist. v. United States*,
424 U.S. 800 (1976)....................13, 14, 24

*Commonwealth Tr. Co. v. Reconstruction Fin. Corp*,
28 F. Supp. 586 (W.D. Pa. 1939)....................21, 29

*Commonwealth Trust Co. v. Reconstruction Finance Corp.*,
28 F. Supp. 645 (W.D. Pa. 1938)....................21, 29

*Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*,
321 F.3d 878 (9th Cir. 2003)....................31

*Cook v. State Farm Gen. Ins. Co.*,
No. 21-cv-02458-MMC, 2022 U.S. Dist. LEXIS 75788 (N.D. Cal. Apr. 26, 2022)....................30

*Dairy Queen v. Wood*,
369 U.S. 469 (1962)....................21

*Dart Cherokee Basin Operating Co. v. Owens*,
574 U.S. 81 (2014)....................14, 15

*Demaria v. Big Lots Stores – PNS, LLC*,
No. 2:23-cv-00296-DJC-CKD, 2023 U.S. Dist. LEXIS 176567 (E.D. Cal. Sept. 29, 2023)..18

*Favell v. Univ. of S. Cal.*,
No. CV 23-3389-GW-MARx, 2023 U.S. Dist. LEXIS 115377 (C.D. Cal. July 5, 2023).18, 23

*Fox v. Genworth Life & Annuity Ins. Co.*,
No. 2:24-cv-01001-WBS-CKD (Aug. 19, 2025), ECF No. 54....................9, 16, 17, 25

*Fust v. Gilead Scis, Inc.*,
No. 2:23-cv-2853 WBS DB, 2024 U.S. Dist. LEXIS 30894 (E.D. Cal. Feb. 21, 2024)....................17

*Graciano-Martinez v. PVH Corp.*,
No. CV 24-9120-GW-MAAX, 2025 U.S. Dist. LEXIS 85459 (C.D. Cal. Jan. 8, 2025) (unpublished tentative ruling)....................23

*Guthrie v. Transamerica Life Insurance Co.*,
561 F. Supp. 3d 869 (N.D. Cal. 2021).................... passim

*Guzman v. Polaris Indus. Inc.*,
49 F.4th 1308 (9th Cir. 2022)....................15, 16, 23, 31

*Haro v. Target Corp.*,
No. EDCV 25-0831 JGB, 2025 U.S. Dist. LEXIS 130502 (C.D. Cal. July 9, 2025)........17, 23

*Haver v. General Mills, Inc.*,
No. 24-6784 (9th Cir.)....................32, 33

*Ibarra v. Mannheim Invs., Inc.*,
775 F.3d 1193 (9th Cir. 2015) ....................................................................................14

*Jogani v. Super. Ct.*,
165 Cal. App. 4th 901 (2008) ....................................................................................30

*Kelley v. Colonial Penn Life Ins. Co*.,
No. 2:20-cv-03348-FLA-E (C.D. Cal.)..................................................................11, 12, 29, 30

*Kelley v. Colonial Penn Life Ins. Co.*,
No. 20-cv-3348-MWF (E), 2020 U.S. Dist. LEXIS 181731 (C.D. Cal. July 13, 2020)..........32

*Kim v. Walmart, Inc.*,
No. 2:22-cv-08380-SB-PVC, 2023 U.S. Dist. LEXIS 8035 (C.D. Cal. Jan. 13, 2023) ..........18

*Kundanmal v. Safeco Ins. Co. of Am.*,
No. 2:17-cv-06339-SVW, 2017 U.S. Dist. LEXIS 222495 (C.D. Cal. Dec.13, 2017)............28

*Kunkel v. Topmaster Int'l, Inc.*,
906 F.2d 693, 696 (Fed. Cir. 1990)..........................................................................18

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936)......................................................................................................32

*Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*,
507 U.S. 163 (1993)......................................................................................................25

*Lectrodryer v. SeoulBank*,
77 Cal. App. 4th 723 (2000) ......................................................................................30

*Leroy v. Great W. United Corp.*,
443 U.S. 173 (1979)......................................................................................................31

*Linton v. Axcess Fin. Servs., Inc.*,
No. 23-cv-01832-CRB, 2023 U.S. Dist. LEXIS 113669 (N.D. Cal. June 30, 2023) ..............26

*Lockyer v. Mirant Corp.*,
398 F.3d 1098 (9th Cir. 2005) ....................................................................................32

*M&F Fishing, Inc. v. Sea-Pac Ins. Managers, Inc.*,
202 Cal. App. 4th 1509 (2012) ....................................................................................28

*McHugh v. Protective Life Ins. Co*., 40 Cal. App. 5th 1166 (2019),
*rev'd*, 12 Cal. 5th 213 (2021)......................................................................................11

*Meza v. Bonnar,*
No. 18-CV-02708-BLF, 2018 U.S. Dist. LEXIS 171322, at *7 (N.D. Cal. Oct. 3, 2018)......33

*Morales v. Conifer Rev. Cycle Sols., LLC*,
No. 2:23-cv-01987-AB-AGR, 2023 U.S. Dist. LEXIS 142888 (C.D. Cal. Aug. 15, 2023)....14

*Naseri v. Greenfield World Trade, Inc.*,
No. SACV 21-01084-CJC, 2021 U.S. Dist. LEXIS 150274 (C.D. Cal. Aug. 10, 2021).........18

*New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*,
491 U.S. 350 (1989)..........13

*Phan v. Transamerica Premier Life Ins. Co.*,
No. 20-cv-03665-BLF, 2023 U.S. Dist. LEXIS 203186 (N.D. Cal. Nov. 13, 2023)...............32

*Polo v. Innoventions Int'l*,
833 F.3d 1193 (9th Cir. 2016) ..........16

*Potrero Hills Landfill, Inc. v. County of Solano*,
657 F.3d 876 (9th Cir. 2011) ..........13

*Pusey & Jones Co. v. Hanssen*,
261 U.S. 491 (1923)..........30

*Quackenbush v. Allstate Ins. Co.*,
517 U.S. 706 (1996)..........10, 24

*Riley v. Bondi*,
597 U.S. 785 (2025 ..........16

*Rogoff v. Transamerica Life Ins. Co.*,
5:24-cv-01254-JGB-SP (C.D. Cal. June 12, 2025), ECF No. 42 ..........33

*Rogoff v. Transamerica Life Ins. Co.*,
No. 24-7732 (9th Cir.) ..........32

*Rogoff v. Transamerica Life Insurance Co.*, No. EDCV 24-1254 JGB (SPx),
2024 U.S. Dist. LEXIS 221309 (C.D. Cal. Dec. 6, 2024). .......... passim

*Ruiz v. The Bradford Exchange, Ltd.*,
No. 24-3378 (9th Cir.) ..........32

*Ruiz v. The Bradford Exchange, Ltd.*,
No. 3:23-cv-01800-WQH-KSC, 2024 U.S. Dist. LEXIS 100731 (S.D. Cal. May 16, 2024) .......... passim

*Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*,
824 F.3d 1161 (9th Cir. 2016) ..........31

*Schlesinger v. Councilman*,
420 U.S. 738 (1975)..........23

*Sheahan v. State Farm Gen. Ins. Co.*,
394 F. Supp. 3d 997 (N.D. Cal. 2019)..........28

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*,
549 U.S. 422 (2007)..........31

*Small v. Allianz Life Insurance Co. of North America*,
122 F.4th 1182 (9th Cir. 2024), *cert. denied*, No. 24-1225, 2025 U.S. LEXIS 2558 (U.S. June 30, 2025) ........ passim

*Sonner v. Premier Nutrition Corp.*,
49 F.4th 1300 (9th Cir. 2022) ........ 17, 24

*Sonner v. Premier Nutrition Corp.*,
971 F.3d 834 (9th Cir. 2020) ........ 17, 23, 26, 29

*Stars & Bars, LLC v. Travelers Cas. Ins. Co. of Am.*,
No. SACV 16-01397-CJC(SSx), 2016 U.S. Dist. LEXIS 192703 (C.D. Cal. Oct. 6, 2016)...29

*Std. Fire Ins. Co. v. Knowles*,
568 U.S. 588 (2013) ........ 27, 28

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998) ........ 16

*Steen v. Am. Nat'l Ins. Co.*,
609 F. Supp. 3d 1066 (C.D. Cal. 2022) ........ 26

*Tanoh v. Dow Chem.*,
561 F.3d 945 (9th Cir. 2009) ........ 10

Thomas O. Main, *Traditional Equity and Contemporary Procedure*,
78 Wash. L. Rev. 429, 450-51(2003) ........ 19

*Treinish v. iFit Inc.*,
No. CV 22-4687-DMG, 2022 U.S. Dist. LEXIS 181956 (C.D. Cal. Oct. 3, 2022) ........ 18

*Twist v. Prairie Oil & Gas Co.*,
274 U.S. 684 (1927) ........ passim

*United States v. State Water Res. Control Bd.*,
988 F.3d 1194 (9th Cir. 2021) ........ 14

*Vepo Design Corp. v. Am. Econ. Ins. Co.*,
No. CV 20-4950-MWF, 2020 U.S. Dist. LEXIS 246792 (C.D. Cal. Oct. 16, 2020) ........ 30

*Winkworth v. Spectrum Brands, Inc.*,
No. 19-1011, 2019 U.S. Dist. LEXIS 181448 (W.D. Pa. Oct. 21, 2019) ........ 28

*Young v. Renewal By Andersen, LLC*,
No. 24-6095 (9th Cir.) ........ 32, 33

*Youssef v. Great American Life Insurance Co.*,
2025 U.S. Dist. LEXIS 153586 (C.D. Cal. Aug. 7, 2025) ........ 24, 25, 32, 33

*Yuba Consol. Gold Fields v. Kilkeary*,
206 F.2d 884 (9th Cir. 1953) ........ 16

**RULES**

Fed. R. Civ. Proc., R. 2 ....................20, 22

Fed. R. Civ. Proc., R. 9(b) ....................25

Fed. R. Civ. Proc., R. 12(b)(6)....................17

Fed. R. Civ. Proc., R. 18 ....................20, 21, 22, 24

Fed. R. Civ. Proc., R. 22 ....................22

Fed. R. Civ. Proc., R. 23(b)(2)....................25, 27

**STATUTES**

28 U.S.C. § 1332(d)(5)(B) ....................14

28 U.S.C. § 1447(c) ....................14

Cal. Bus. & Prof. Code § 17200 ....................10

Cal. Ins. Code § 10111....................29

Cal. Ins. Code §§10113.71, 10113.72....................11, 13

Class Action Fairness Act, 28 U.S.C. § 1332(d) ....................9, 14, 15, 16

Judiciary Act of 1789....................19

Rules Enabling Act (28 U.S.C. §§ 2071–2077)....................20

**OTHER AUTHORITIES**

Bernard E. Gegan, *Claim Preclusion and Reformation of Contracts: New York CPLR 3002(D)*, 70 St. John's L. Rev. 539 (1996)....................19

*Moore's Federal Practice – Civil* § 2.03 (2025) ....................22

*Restatements of the Law 3d, Restitution and Unjust Enrichment*, § 4 cmt. a ....................22

Seventh Amendment of the U.S. Constitution....................19, 22, 23

Defendant Colonial Penn Life Insurance Company ("Colonial Penn") hereby opposes Plaintiff Caroline R. Homan's ("Plaintiff") Motion to Remand as follows:

## I. INTRODUCTION

Plaintiff attempts to divest this Court of proper jurisdiction Congress conferred to federal courts under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Plaintiff says that CAFA jurisdiction is inapplicable here because a federal court cannot grant equitable relief to a party unless there is no adequate remedy at law, which she has purposefully not alleged here, as her lawsuit seeks only "equitable" remedies. This argument finds no support in any appellate case law and has been widely rejected by district courts. Congress expressly created subject matter jurisdiction over this action when it enacted CAFA, and that dispositive fact requires a denial of the motion to remand.

By way of background, Plaintiff engineered her Complaint for the specific purpose of sidestepping the Ninth Circuit's recent holding in *Small v. Allianz Life Insurance Co. of North America*, 122 F.4th 1182, 1199 (9th Cir. 2024), *cert. denied*, No. 24-1225, 2025 U.S. LEXIS 2558 (U.S. June 30, 2025), which requires that a plaintiff "not only establish a violation [of the California notice-lapse statutes], but that the violation ***caused*** them harm." (Emphasis added). *Small* made certifying a class in notice-lapse cases, like this one, all but impossible due to its finding that "common questions do not predominate because causation cannot be determined on a class-wide basis." *Id.* Without the potential of a class action payday in federal court, Plaintiff's counsel, who previously sued Colonial Penn in federal court but lost that case on summary judgment, has shifted gears in this and many other cases counsel filed against insurance companies by arguing that these actions are not removable under CAFA—even though all of CAFA's conditions are satisfied. Plaintiff's gambit rests on the groundless argument that federal courts lack subject matter jurisdiction over any action where a plaintiff seeks only equitable remedies and does not specifically plead that she lacks an adequate remedy at law. But this Court recently rejected the same argument under similar circumstances. *See Fox v. Genworth Life & Annuity Ins. Co.*, No. 2:24-cv-01001-WBS-CKD, at 5 (Aug. 19, 2025), ECF No. 54 (denying motion to remand UCL claim on the basis of "equitable jurisdiction"). Indeed, Plaintiff's "equitable jurisdiction" argument is baseless and cannot overcome the express congressional grant of original jurisdiction of this case under CAFA for at least four reasons.

***First***, "equitable jurisdiction" does not implicate the court's subject matter jurisdiction over this action, which derives from CAFA. Congress enacted CAFA to allow out-of-state defendants who met its requirements to litigate class actions in federal court. Indeed, CAFA's "primar[y]" purpose was to "curb perceived abuses of the class action device." *Tanoh v. Dow Chem.*, 561 F.3d 945, 952 (9th Cir. 2009). A plaintiff cannot sidestep a congressional mandate providing original jurisdiction when CAFA's requirements are met by characterizing the relief sought as an "equitable" remedy. CAFA makes no distinction between legal and equitable claims and remedies. If the requirements for federal jurisdiction are met—as is undeniably the case here—the Court cannot refuse to hear the case because the claims are purportedly "equitable" in nature. That should be the end of the analysis.

***Second***, a supposed lack of "equitable jurisdiction" does not give a district court any basis to remand to state court where the court has subject matter jurisdiction to hear a case. It is settled law that equitable jurisdiction is distinct from subject matter jurisdiction. The Supreme Court has stated that "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress" and "may decline to exercise their jurisdiction" only in "exceptional circumstances." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) (citations omitted). It has not recognized "equitable jurisdiction" as a basis for remand since the federal courts merged law and equity in 1938, so there would be a single form of action. Nor has the Supreme Court allowed the district court to abstain from hearing a case due to lack of equitable jurisdiction. Indeed, abstention is limited and only applies in articulated exceptional circumstances grounded in principles of federalism (usually when there is a competing state court action) that are not implicated here.

***Third***, Plaintiff seeks money damages (albeit in the form of "restitution") as well as injunctive relief, under Business and Professions Code section 17200 *et seq.* (the "UCL") in lieu of available "legal" remedies that would mirror restitutionary relief, not only on her behalf, but on behalf of a putative class. Her action, no matter how branded, is unquestionably one for legal damages (that is, money). Nevertheless, in an attempt to dodge this federal forum, Plaintiff asks this Court to remand the case to state court on the sole basis that she seeks only equitable relief (which itself is false, as she seeks money damages dressed up as "restitution") and thus her claims are somehow immune from jurisdiction under CAFA (which is legally wrong). But there is nothing prohibiting the Court from

adjudicating Plaintiff's requests for relief. Under settled California law, her request for restitution is nothing more than a request for benefits owed under a life insurance policy, which are contract damages. Labeling damages as "equitable restitution" does not transmute the request into something other than what it is—money damages. And even if restitution was an equitable remedy and money damages were different, though they both involve the same thing (a transfer of money), claims for restitution are not immune from diversity or CAFA jurisdiction. Federal courts hear claims for equitable relief all the time. Plaintiff cites no authority for the proposition that a district court cannot decide Plaintiff's request for an injunction.

***Fourth***, defendants can waive objections to the exercise of equitable jurisdiction, assuming that concept has any meaning after the merger of law and equity in the federal courts. Even if the Court were otherwise inclined to remand this case to state court, it should provide Colonial Penn the opportunity to waive any "adequate remedy at law" defense it could raise before remanding this case.

For all these reasons, this case is properly before this Court and should not be remanded.

## II. BACKGROUND

### A. California Notice-Lapse Litigation and the *Kelley* Case Against Colonial Penn.

This case is one of dozens of putative class actions that have been filed against insurers in California in the last few years alleging violations of the California notice-lapse statutes enacted on January 1, 2013 and codified in California Insurance Code sections 10113.71 and 10113.72 (the "Statutes").[1] The Statutes require certain grace periods, notices of pending lapses, and third-party designations for insurance policies issued and delivered in California. Most of these cases were filed by the same counsel that represents Plaintiff in this action, and many have been litigated through class

[1] When the Statutes were enacted, the California Department of Insurance (DOI) took the position that the Statutes did ***not*** apply to policies issued before the effective date, and the Court of Appeal agreed. *See McHugh v. Protective Life Ins. Co.*, 40 Cal. App. 5th 1166, 1171–72 (2019) (explaining that "the Department concluded sections 10113.71 and 10113.72 apply only to insurance policies issued after January 1, 2013"), *rev'd*, 12 Cal. 5th 213 (2021). In 2021, the California Supreme Court rejected the reasoning of the DOI and the Court of Appeal. 12 Cal. 5th at 220. It held that the Statutes apply to policies in force as of the Statutes' effective date regardless of the date of issuance. *Id*. The Court also explained the Statutes were enacted to "protect[] people who hold life insurance policies from ***inadvertently*** losing them." *Id.* at 246 (emphasis added). As a result, there has been extensive litigation involving these Statutes against life insurers who have issued and delivered life insurance policies in California that continues to this day, and the issues in this case are not novel.

certification and summary judgment. In fact, Colonial Penn has already been sued for these exact same alleged violations by the same counsel in a putative class action entitled, *Kelley v. Colonial Penn Life Ins. Co*., No. 2:20-cv-03348-FLA-E (C.D. Cal.), which had been pending in the Central District of California since April 2020. Notably, in that case, plaintiff alleged claims for declaratory relief, breach of contract, violation of the UCL, and financial elder abuse against Colonial Penn for purported violations of the Statutes. *Kelley* was recently resolved on May 6, 2025, when the court granted summary judgment in Colonial Penn's favor.

Many of these notice-lapse cases have also been appealed to the Ninth Circuit, which in the last few months issued binding decisions regarding the requirements to bring claims for violations of the Statutes. In December 2024, the Ninth Circuit in *Small* held that "[p]laintiffs must not only establish a violation [of the Statutes], but that the violation ***caused*** them harm" and that "common questions do not predominate because causation cannot be determined on a class-wide basis." 122 F.4th at 1199 (emphasis added). Until its issuance, plaintiffs' counsel had argued a strict liability theory—that any technical violation of the Statutes in connection with life insurance policies was sufficient to impose liability notwithstanding the actual circumstances underlying the violation. But plaintiffs must now establish each element of their claims, including causation, which they cannot do on a class-wide basis.

**B. Plaintiff Commenced this Action in State Court Following the Ninth Circuit's *Small* Decision.**

On February 4, 2025, Plaintiff filed this lawsuit in the Superior Court for the State of California, County of Mariposa, No. 25-CVCV-0012348 (the "State Action"). The Complaint's premise is that Colonial Penn allegedly failed to provide 60-day grace periods on all policies issued and delivered in California, a written 30-day notice to owners and beneficiaries prior to any policy lapse or termination, and/or an annual right to designate a third party to also receive notices of pending lapse or termination of coverage, as required by the Statutes. *See* Compl. ¶ 61.

Plaintiff's husband, Lewis C. Homan, purchased a term life insurance policy from Colonial Penn, policy no. FT31326917 (the "Policy"), in 2003. Compl. ¶ 37. The Policy was a five-year term group policy, and Plaintiff was the primary beneficiary of the Policy. *Id.* ¶¶ 37, 39. Plaintiff alleges

that Colonial Penn failed to comply with the requirements of the Statutes when it terminated the Policy in 2021 after she and Mr. Homan missed a premium payment and that the Policy therefore "remains in force" as of Mr. Homan's death in 2022, even though they had not paid any premium since July 2021. Compl. ¶¶ 42, 47.

On behalf of herself and a putative class of similarly situated individuals,[2] Plaintiff brings one cause of action against Colonial Penn for violation of the UCL. She seeks (1) the revival of policies that were purportedly illegally terminated, (2) money damages in the form of "restitution," and (3) injunctive relief. Compl. ¶¶ 50(e), 66, 67. Plaintiff elected only to pursue equitable remedies under California's UCL in a transparent attempt to circumvent federal jurisdiction and avoid *Small* that would preclude class certification. Plaintiff claims that she brings "these equitable claims under the UCL in lieu of other claims or remedies" the putative class may have at law. *Id.* ¶ 69.

Colonial Penn properly removed this case on March 10, 2025 to federal court on the undisputed basis that all the CAFA requirements were met—the parties are minimally diverse, there are over 100 putative class members, and there is at least $5 million in controversy. *See* Notice of Removal, ECF No. 1. On April 9, 2025, Plaintiff moved to remand this case to state court. *See* Mot., ECF No. 10 ("Motion to Remand.").

## III. ARGUMENT

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). That is because the Constitution empowers Congress, "not the Judiciary," to "define[] the scope of federal jurisdiction." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989). When Congress supplies jurisdiction, federal courts "'have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given.'" *Potrero Hills Landfill, Inc. v. County of Solano*, 657 F.3d 876, 882 (9th Cir. 2011) (quoting *Cohens v. Virginia*, 19 U.S. 264, 404 (1821) (Marshall, C.J.)). The Supreme Court has exempted the obligation only in "exceptional

[2] The proposed class is defined as the following: "All owners, or beneficiaries upon a death of the insured, of Defendant's life insurance policies that were issued or delivered by Defendant in California, and in force on or after January 1, 2013, and which underwent or will undergo lapse or termination for the nonpayment of premium without Defendant first providing every notice, grace period, and offer of designation required by Insurance Code Sections 10113.71 and 10113.72." Compl. ¶ 48.

circumstances" which are based on federalism concerns, often when there is a competing state court action. *Colo. River Water Conservation Dist.*, 424 U.S. at 818; *United States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1208 (9th Cir. 2021).

Here, there is no dispute that this Court has subject matter jurisdiction over this action under CAFA, and there is no other "defect" in the removal that would require remand. *See* 28 U.S.C. § 1447(c). Despite Plaintiff's insistence to the contrary, this Court's purported lack of "equitable jurisdiction" does not implicate this Court's subject matter jurisdiction and is not one of the narrow circumstances that warrants remand.

**A. This Court Has Subject Matter Jurisdiction Over This Action.**

Colonial Penn removed this case pursuant to CAFA, which "gives federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs." *Ibarra v. Mannheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (citing 28 U.S.C. § 1332(d)). Congress enacted CAFA to facilitate adjudication of certain class actions in federal court. CAFA significantly expanded federal subject matter and removal jurisdiction over class actions. No "antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (citing S. Rep. No. 109-14, p. 43 (2005) ("[CAFA's] provisions should be read broadly with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.")).

Colonial Penn's Removal Notice demonstrates this Court's jurisdiction under CAFA. ***First***, Plaintiff alleged that "the proposed Class contains hundreds and perhaps thousands of members." Compl. ¶ 49. The class definition includes the owners or beneficiaries of all life insurance policies issued and delivered by Colonial Penn in California in force on or after January 1, 2013. *Id.* ¶ 48. As such, there is a plausible basis to conclude there are over 100 members of the proposed class. 28 U.S.C. § 1332(d)(5)(B); *see also Morales v. Conifer Rev. Cycle Sols., LLC*, No. 2:23-cv-01987-AB-AGR, 2023 U.S. Dist. LEXIS 142888, at *6 (C.D. Cal. Aug. 15, 2023) (holding that the numerosity requirement is satisfied where the complaint specifically alleged that defendant identified more than 100 persons whose PII may have been improperly accessed in the data breach, and the class's

numerosity was confirmed by defendant's records); Compl. ¶ 49 ("Plaintiff is informed and believes, and on that basis alleges, that the proposed Class contains hundreds and perhaps thousands of members.").

***Second***, Plaintiff is a citizen of California who purports to represent a putative class of California consumers. Compl. ¶¶ 11, 48. Colonial Penn is a corporation that is incorporated under the laws of the Commonwealth of Pennsylvania and headquartered in Philadelphia, Pennsylvania. *Id.* ¶ 12 (alleging Colonial Penn is a "Pennsylvania corporation"); *see also* Decl. of Jason Willard ("Willard Decl."), ECF No. 1-1, ¶ 2. Accordingly, Colonial Penn is a citizen of Pennsylvania.

***Third***, Plaintiff's request for restitutionary money damages exceeds the $5 million amount-in-controversy threshold. Colonial Penn's data shows approximately 2,000 policies issued on or after January 1, 2013, that have lapsed for non-payment of premiums, where the policyowners have passed away with death benefits totaling over $10 million. Willard Decl. ¶ 7. Add onto that attorneys' fees and the value of injunctive relief, alleged damages undoubtedly exceed CAFA's $5-million threshold.

Plaintiff does not dispute that this case satisfies CAFA's numerosity, minimal diversity, and amount-in-controversy requirements and that Colonial Penn timely removed this case to federal court. *See Dart Cherokee Basin Operating Co.*, 574 U.S. at 89; 28 U.S.C. § 1332(d). And CAFA "contains no exception for actions involving remedies" a plaintiff cannot recover. *Cabral v. Supple, LLC*, No. 12-85, 2016 U.S. Dist. LEXIS 39671, at *10 (C.D. Cal. Mar. 24, 2016). Plaintiff contends that CAFA jurisdiction is inappropriate because the Court lacks so-called "equitable jurisdiction" over Plaintiff's claims since she requested only equitable relief without any allegation that an adequate legal remedy did not exist. That is not an appropriate basis to remand this case.

**B. Lack of "Equitable Jurisdiction" Is Not a Basis to Remand This Action.**

A purported lack of "equitable jurisdiction" does not deprive this Court of subject matter jurisdiction and would not render remand to state court appropriate. The Ninth Circuit recently explained that "[e]quitable jurisdiction is distinct from subject matter jurisdiction." *Guzman v. Polaris Indus. Inc*., 49 F.4th 1308, 1314 (9th Cir. 2022). "Subject matter jurisdiction regards whether the claim falls within the limited jurisdiction Congress conferred on federal courts, while equitable jurisdiction regards whether consistently with the principles governing equitable relief the court may

exercise its remedial powers." *Id.*[3] This has long been the law. "Reference to 'equity jurisdiction' does not relate to the power of the court to hear and determine a controversy . . . ." *Yuba Consol. Gold Fields v. Kilkeary*, 206 F.2d 884, 887 (9th Cir. 1953).

The question of whether a federal court can award equitable remedies, including restitution, which is a form of money damages, to a plaintiff goes to the *merits* of the claim and does *not* implicate the court's jurisdiction "to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998), *abrogation on other grounds recognized by Riley v. Bondi*, 597 U.S. 785 (2025); *see also Biden v. Texas*, 597 U.S. 785, 801 (2022) ("[T]he question whether a court has jurisdiction to grant a particular remedy is different from the question whether it has subject matter jurisdiction over a particular class of claims."); *Agua Caliente Band of Cahuilla Indians v. Hardin*, 223 F.3d 1041, 1050 n.11 (9th Cir. 2000) ("[T]he adequacy of a remedy at law bears on whether a court ought to act, not whether a court has the *power* to act."). Put another way, "the failure of a claim on the merits does not divest a court of jurisdiction." *Polo v. Innoventions Int'l*, 833 F.3d 1193, 1197 (9th Cir. 2016).

Indeed, in *Fox v. Genworth Life & Annuity Insurance Co.*, No. 2:24-cv-01001-WBS-CKD (E.D. Cal. Aug. 19, 2025), this Court rejected the exact arguments Plaintiff attempts to make here. Similar to Plaintiff in this case, following the *Small* decision, Fox "strategically amended the complaint in an attempt to deprive this court of equitable jurisdiction" leaving only a UCL claim without pleading the inadequacy of legal remedies. *Fox*, No. 2:24-cv-01001-WBS-CKD, ECF No. 54 at *2. Fox then filed a motion to remand to complete his strategy of avoiding the application of *Small*, leveling the same erroneous equitable jurisdiction arguments that Plaintiff makes in this case. But the Court rejected Fox's arguments finding as follows: "It is undisputed that this court has subject matter jurisdiction pursuant to CAFA because there are at least 100 class members, the parties are minimally diverse, and the amount in controversy exceeds $5 million. . . . Plaintiff has not amended the complaint [leaving only a UCL claim] in a manner that eliminates CAFA jurisdiction, nor has he identified any defects in removal." *See Fox*, No. 2:24-cv-01001-WBS-CKD, ECF No. 54 at *4. The Court explained that "[t]o the contrary, other judges of this court have reasoned that dismissal, not remand, is the

[3] In *Guzman*, also a UCL case, the appeals court held that "[t]he district court had jurisdiction pursuant to the Class Action Fairness Act of 2005." 49 F.4th at 1311.

appropriate course of action when the district court lacks equitable jurisdiction." *Id.* at *5. Plaintiff's Motion fails for the same reason.

Plaintiff relies on a misinterpretation of the Ninth Circuit's decision in *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020) ("*Sonner I*") to argue that "a federal court lacks equitable jurisdiction over equitable claims unless the plaintiffs establish that they have no adequate remedies at law." Mot. to Remand at 5. *Sonner I* establishes that a plaintiff must allege a lack of an adequate remedy at law before securing equitable restitution for past harm under the UCL. *Sonner I*, 971 F.3d at 844. But the scope of the Ninth Circuit's holding is unmistakable: it is limited to what a plaintiff must establish to obtain restitutionary relief. ***It is silent as to the court's exercise of subject matter jurisdiction.*** Nor does it hold that a lack of equitable jurisdiction requires remand to state court. *Fust v. Gilead Scis, Inc.*, No. 2:23-cv-2853 WBS DB, 2024 U.S. Dist. LEXIS 30894, at *8 (E.D. Cal. Feb. 21, 2024) ("[I]t is unclear to the court why *Sonner* would vitiate the court's already-established CAFA jurisdiction."). To the contrary, it affirmed ***dismissal*** of Sonner's claims under Rule 12(b)(6), meaning that the court ***exercised jurisdiction*** over the matter. *Sonner I*, 971 F.3d at 845.

The Ninth Circuit's subsequent decision in *Sonner v. Premier Nutrition Corp.*, 49 F.4th 1300 (9th Cir. 2022) ("*Sonner II*"), confirms that the lack of "equitable jurisdiction" does not strip the Court of subject matter jurisdiction. There, the Ninth Circuit held that a plaintiff's "failure to plead an inadequate remedy at law" does ***not*** "deprive[] the district court of jurisdiction over her complaint." *Sonner II*, 49 F.4th at 1303. Because the purported absence of "equitable jurisdiction" does not implicate the Court's subject matter jurisdiction, neither *Sonner I* nor *Sonner II* support Plaintiff's motion for remand.

Not surprisingly, district courts routinely reject motions to remand based on a purported lack of "equitable jurisdiction," especially when jurisdiction exists under CAFA. *See, e.g.*, *Fox*, No. 2:24-cv-01001-WBS-CKD, ECF No. 54 at *5 (compiling cases); *Fust*, 2024 U.S. Dist. LEXIS 30894, at *8 (denying motion to remand and reasoning that "plaintiffs offer no binding authority requiring remand at the pleading stage for lack of power to grant equitable relief. Neither can the court find any."); *Haro v. Target Corp.*, No. EDCV 25-0831 JGB (DTBX), 2025 U.S. Dist. LEXIS 130502, at *23–24 (C.D. Cal. July 9, 2025) (denying motion to remand for lack of equitable jurisdiction and holding that

"CAFA provides subject matter jurisdiction, and the plain language of the removal statute only authorizes remand for lack of subject matter jurisdiction" and "the availability of equitable jurisdiction is best suited for determination via a motion to dismiss"); *Demaria v. Big Lots Stores – PNS, LLC*, No. 2:23-cv-00296-DJC-CKD, 2023 U.S. Dist. LEXIS 176567, at *20–21 (E.D. Cal. Sept. 29, 2023) (denying motion to remand for lack of equitable jurisdiction); *Favell v. Univ. of S. Cal.*, No. CV 23-3389-GW-MARx, 2023 U.S. Dist. LEXIS 115377, at *4–6 (C.D. Cal. July 5, 2023) (similar); *Kim v. Walmart, Inc.*, No. 2:22-cv-08380-SB-PVC, 2023 U.S. Dist. LEXIS 8035, at *7–9 (C.D. Cal. Jan. 13, 2023) (similar); *Treinish v. iFit Inc.*, No. CV 22-4687-DMG (SKx), 2022 U.S. Dist. LEXIS 181956, at *12–13 (C.D. Cal. Oct. 3, 2022) (similar); *Naseri v. Greenfield World Trade, Inc.*, No. SACV 21-01084-CJC (KESx), 2021 U.S. Dist. LEXIS 150274, at *3–4 (C.D. Cal. Aug. 10, 2021) (similar).

Plaintiff ignores the overwhelming case law and instead relies principally on four district court decisions—*Guthrie v. Transamerica Life Insurance Co.*, 561 F. Supp. 3d 869 (N.D. Cal. 2021); *Clevenger v. Welch Foods Inc.*, No. 23-127, 2023 U.S. Dist. LEXIS 38305 (C.D. Cal. Mar. 7, 2023); *Ruiz v. The Bradford Exchange, Ltd.*, No. 3:23-cv-01800-WQH-KSC, 2024 U.S. Dist. LEXIS 100731 (S.D. Cal. May 16, 2024); and *Rogoff v. Transamerica Life Insurance Co.*, No. EDCV 24-1254 JGB (SPx), 2024 U.S. Dist. LEXIS 221309 (C.D. Cal. Dec. 6, 2024). But these cases—which are neither controlling nor persuasive—do not reflect the majority view and are erroneous. Plaintiff also tellingly fails to note in her Motion that two of these decisions have been appealed to the Ninth Circuit, where they may be overturned. *See Ruiz*, 2024 U.S. Dist. LEXIS 100731, at *2 (S.D. Cal. May 16, 2024), *appeal filed* May 29, 2024; *Rogoff*, 2024 U.S. Dist. LEXIS 221309 (C.D. Cal. Dec. 6, 2024), *appeal filed* Dec. 24, 2024. The *Ruiz* appeal was heard and submitted on March 27, 2025, and the *Rogoff* appeal has been fully briefed and is awaiting oral argument.

In *Guthrie*, the court relied upon two cases from the turn of last century, *Cates v. Allen*, 149 U.S. 451 (1893), *superseded by statute as stated in Kunkel v. Topmaster Int'l, Inc.*, 906 F.2d 693, 696 (Fed. Cir. 1990),[4] and *Twist v. Prairie Oil & Gas Co.*, 274 U.S. 684 (1927), to hold that "remand is

[4] *Kunkel*, 906 F.2d at 696 (citing *Cates* and holding that "[h]istorically, a cause of action seeking equitable relief in aid of a request for relief at law could not be sought in the same action. The two forms of relief had to be pursued separately, one in a court of equity and the other in a court of law. . . . Today, however, as has been true since the institution of the Federal Rules of Civil Procedure in 1938, parties may join claims to relief, regardless of whether they are legal and equitable. Accordingly,

permitted and appropriate" when a court lacks "equitable jurisdiction." *Guthrie*, 561 F. Supp. 3d at 877–78. But *Cates* and *Twist* predate the merger of law and equity. Significantly, district courts before the merger of law and equity maintained two separate divisions, one in law and one in equity. The distinction between those two divisions was "rigidly maintained." *See* Bernard E. Gegan, *Claim Preclusion and Reformation of Contracts: New York CPLR 3002(D)*, 70 St. John's L. Rev. 539, 554–55 (1996) ("Although the original Judiciary Act of 1789 vested both legal and equitable jurisdiction in federal courts, a division of function was rigidly maintained. An action had to be brought on either the 'law side' or the 'equity side' of the court. No joinder of equitable claims with legal claims was permitted, nor were equitable defenses allowed on the law side.").

*Cates* and *Twist* wrestled with the issues of the day—e.g., what would happen if a case was filed in the equity division but a legal remedy existed, and how a court would hear cases if both equitable and legal claims were brought in a single suit. *Cates*, 149 U.S. at 459; *Twist*, 274 U.S. at 692. Such questions implicated the Seventh Amendment because there were no jury trials in the equity division. *Cates*, 149 U.S. at 459 (noting the Court could not "unite legal and equitable claims in the same action, which cannot be allowed in the practice of the courts of the United States, in which the distinction between law and equity is matter of substance and not merely of form and procedure. And as the ascertainment of the complainants' demand is by action at law, the fact that the chancery court has the power to summon a jury on occasion cannot be regarded as the equivalent of the right of trial by jury secured by the Seventh Amendment.").[5]

to the extent that cases were based on the separation of law and equity, such decisions fail to provide guidance applicable to cases today.").

[5] *See also* Thomas O. Main, *Traditional Equity and Contemporary Procedure*, 78 Wash. L. Rev. 429, 450–51(2003) ("The federal courts tried cases at law and suits in equity within a 'temple of justice . . . . [metaphorically] constructed with a partition extending from the foundation to the roof.' Federal judges thus alternately played the role of common law judge or of chancellor. Suits in equity were decided in accordance with the principles and practice of equity jurisdiction as established in the High Court of Chancery in England. The test of equitable jurisdiction long has been whether the law courts could provide 'plain, adequate and complete' relief. Whenever a court of law was competent to take cognizance of a right and had the power to proceed to a judgment that afforded plain, adequate and complete relief, the plaintiff had to proceed at law because, inter alia, the defendant had a right to a trial by jury, which was available only in the law courts. ***Courts of equity thus steadily refused to entertain jurisdiction of actions where the law courts both recognized a right and offered a remedy***.") (emphasis added).

The court in *Guthrie*, almost one hundred years later, applied *Cates*'s and *Twist*'s discussion of the different jurisdiction of the now-nonexistent law and equity divisions to erroneously hold that federal courts lack equity jurisdiction unless there was no adequate remedy of law, ignoring that these cases focused on and were limited to whether the *equity division* of the district courts could hear claims if the plaintiff had a legal claim such that the claim belonged in the law division. That was known at the time as "equity jurisdiction." Indeed, *Twist* recognized that equitable "jurisdiction" refers to "the power[] of a federal court sitting in equity"—"the objection that [a complaint] does not make a case within the equity jurisdiction of a federal court goes not to the power of the court as a federal court, ***but to the merits***." 274 U.S. at 691 (emphasis added).

The issues addressed in *Cates* and *Twist* were mooted in 1938. Congress passed the Rules Enabling Act (28 U.S.C. §§ 2071–2077) that granted the Supreme Court the authority to create and amend general rules of practice and procedure, and rules of evidence, for the federal courts. The Supreme Court enacted those rules, which were presented to Congress, and without objection became the Federal Rules of Civil Procedure effective in 1938. Two rules are especially pertinent here: Rules 2 and 18(a). The distinction between law and equity, requiring two separate law and equity divisions of the district courts, was abolished by those Rules. Rule 2 states that "[t[here is one form of action—the civil action." Rule 18(a) states that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Hence, Rules 2 and 18 promulgated by the Supreme Court merged law and equity, so there would be a single form of action in which all claims—legal and equitable—could be asserted together.

As noted by the Federal Judicial Center, eleven years after *Twist* was decided, "[t]he Federal Rules of Civil Procedure, which became effective in 1938, provided for 'one form of action,' thereby abolishing the formal distinction between law and equity." *See* Federal Judicial Center, *Rules: Pre-1934 Rulemaking*, https://www.fjc.gov/history/work-courts/rules-pre-1934-rulemaking. With the two divisions merged, there was no longer any need for courts to struggle over which division any particular case should be heard, or whether the equity part of the court had "equitable jurisdiction" to hear the case if there was an adequate legal remedy available in the law division.

Federal courts immediately recognized the mootness of these issues in 1938. In *Commonwealth Trust Co. v. Reconstruction Finance Corp.*, 28 F. Supp. 645, 646 (W.D. Pa. 1938), for example, a party sought to "transfer this case to the law side of this court, urging as a reason for such transfer, that the plaintiff has a plain, adequate and complete remedy at law." That is, there was no equitable jurisdiction to hear the case in the equity division. That was a legitimate motion in the pre-merger era of *Cates* and *Twist*. But while this motion to transfer was filed *before* the merger of law and equity and adoption of the Federal Rules of Civil Procedure, it was not heard by the court until *after* the merger took place. *Id.* at 648. Because the Rules applied immediately, the court held that "it [wa]s unnecessary to make any order for the transfer of the case to the law side of the court, for the case will now proceed as a civil action under the new rules, subject to the ruling of the court that the complaint presents no ground for the granting of equitable relief." *Id.*

Significantly, the court in *Commonwealth* recognized that following the merger, "any discussion in the instant case as to whether he should be on the law side or the equity side of the court, would seem to be idle" because "[t]he Federal statutes relating to actions brought on the wrong side of the court and to equitable defenses and equitable relief are superseded, as there is now only a 'civil action' in which all relief must be obtained that could formerly have been secured at 'law; or in 'equity.'" *Commonwealth Tr. Co. v. Reconstruction Fin. Corp*, 28 F. Supp. 586, 589 (W.D. Pa. 1939). As a result, a party "***cannot set up the distinction between an action at law or in equity to defeat the jurisdiction of this court***; and that we will now proceed with the case to determine what, if any, relief, the plaintiff is entitled to." *Id.* at 590 (emphasis added). Federal courts have followed this path since 1938.

*Guthrie* erred in inexplicably relying on pre-1938 authority in limiting the ability of federal courts to decide cases in equity. Those cases have no relevance to today's jurisdictional framework in light of Federal Rules of Civil Procedure 2 and 18, which permit joinder of both legal and equitable claims in a single action. *Dairy Queen v. Wood*, 369 U.S. 469, 471 (1962). Federal appellate courts have recognized this for at least 83 years. *See, e.g.*, *Armour & Co. of Del. v. B. F. Bailey*, 132 F.2d 386, 387 (5th Cir. 1942) (noting Rule 18 "abrogated" *Cates*). That is why, since 1938 until *Guthrie*, *Cates* and *Twist* have not been used as a basis to remand "equitable" cases to state court.

This is black letter law:

> Traditionally, a court of equity lacked jurisdiction over a complaint unless no adequate legal relief was available to plaintiff, and a court of equity was required to dismiss a suit if the plaintiff had an adequate legal remedy. After the enactment of former Equity Rule 22 in 1912 (repealed 1937), the court was required to transfer such a suit to the law side of the court rather than dismiss it . . . The merger of law and equity under the Rules allows a federal court to exercise both legal and equitable jurisdiction concurrently. ***As a result, the court's jurisdiction over an equitable claim does not generally depend on the lack of an adequate legal remedy unless the court lacks subject-matter jurisdiction over the legal claim***.

1 *Moore's Federal Practice* – Civil § 2.03 (2025) (emphasis added).[6]

Yet, for unexplained reasons, the court in *Guthrie* deemed the merger of law and equity as immaterial to the "core and relevant holding" of *Cates*. *Guthrie*, 561 F. Supp. 3d at 879. The exact opposite is true. The merger of law and equity rendered *Cates* moot. A federal court today, unlike in the horse-and-buggy days, is fully competent to hear a case presenting claims for both or either legal and equitable relief under Rules 2 and 18. Rule 18, as explained in the Advisory Committee on Rules of Civil Procedure Report, was "inserted to make it clear that in a single action a party should be accorded all the relief to which he is entitled regardless of whether it is legal or equitable or both." Report of the Advisory Committee on R. Civ. Proc. (1937), note to R. 18(b). This is confirmed by Rule 2, which provides that there is "one form of action—the civil action" following the merger and the adoption of the Federal Rules of Civil Procedure. *See* Report of the Advisory Committee on R. Civ. Proc. (1937), note to R. 2 ("Reference to actions at law or suits in equity in all statutes should now be treated as referring to the civil action prescribed in these rules.").

As a result of Rules 2 and 18, if federal jurisdiction exists, a district court can now hear the case without debating whether a case must be heard in the equity division of the court if an adequate

---

[6] In addition, it is black letter law that "restitution" may be legal or equitable in nature, and the legal debate as to which bucket the remedy falls into is no longer of any relevance due to the merger of law and equity, except with respect to the issue of whether the right to a trial by jury may attach. *See Restatements of the Law 3d, Restitution and Unjust Enrichment*, § 4 cmt. a ("The status of restitution as belonging to law or to equity has been ambiguous from the outset. The answer is that restitution may be either or both. Following the modern unification of law and equity jurisdiction the question would be of merely historical interest, were it not for two peculiarities of American law. Because the Seventh Amendment of the U.S. Constitution confers a right to jury trial in suits "at common law," American courts are sometimes required to decide whether the case before them is one that would have been brought at law or in equity in 1791 . . . . Although some remedies in restitution are indeed equitable in origin, there is no requirement that a claimant who seeks any of the remedies described in this Restatement must first demonstrate the inadequacy of a remedy at law. An argument to the contrary should appear antiquated today . . . .").

legal remedy exists, whether the case belongs in the law division, or whether the case should be dismissed for lack of "equitable jurisdiction" if a legal case was filed in the equity division. In a case like this one, where the district court is vested with "original jurisdiction" under CAFA, antiquated concepts of "equitable jurisdiction" are irrelevant; only subject matter jurisdiction counts, as one court stated earlier this year. *See Haro*, 2025 U.S. Dist. LEXIS 130502, at *23.

And the doctrine of equitable jurisdiction has evolved into and is currently an analysis into "whether a court can reach the ***merits*** of, or exercise its remedial powers with regard to, an equitable claim." *Graciano-Martinez v. PVH Corp.*, No. CV 24-9120-GW-MAAX, 2025 U.S. Dist. LEXIS 85459, at *4 (C.D. Cal. Jan. 8, 2025) (unpublished tentative ruling) (emphasis added).[7] The Supreme Court has made clear that "[t]here remains the question of equitable jurisdiction, a question concerned, not with whether the claim falls within the limited jurisdiction conferred on the federal courts, but with whether consistently with the principles governing equitable relief the court may exercise its remedial powers. *Schlesinger v. Councilman*, 420 U.S. 738, 754 (1975). That is, subject matter jurisdiction serves as a preliminary step as to whether a court can hear a case, whereas equitable jurisdiction simply refers to whether the court can grant equitable forms of relief. Even if a plaintiff does not plead the absence of an adequate remedy at law, subject matter jurisdiction remains, and the court may later deny plaintiff recovery. *See Graciano-Martinez*, 2025 U.S. Dist. LEXIS 85459, at *5 ("This Court unquestionably has the power to address this action because it has subject matter jurisdiction over the case. It may well conclude in the future that it cannot grant Plaintiff restitutionary relief because of the adequate-remedy-at-law point. But that does not impact the Court's subject matter jurisdiction, and no precedential decision indicates that the existence of this issue provides a basis to remand the action to state court. This Court disagrees with those district courts that have concluded otherwise based on *Guzman*, and/or *Sonner*, and/or principles of 'equitable jurisdiction' generally."). In short, *Cates* and *Twist* simply no longer have relevance with the merger of law and equity. *See, e.g.*, *Favell*, 2023 U.S. Dist. LEXIS 115377, at *6 ("On reply, Plaintiffs also rely heavily on *Cates* . . . and *Twist* . . . for the proposition that where a district court lacks equitable jurisdiction over a claim, it must

[7] *See also id.* at ECF No. 24 (tentative ruling deemed moot following plaintiff's dismissal of entire action).

remand. *But as 2U points out, those cases predate the merger of courts of law and equity*.") (emphasis added). As such, the *Guthrie* court erred in the most fundamental way in holding that remand is required whenever "equitable jurisdiction" is lacking; *Cates* can only be read this way by ignoring the nature of the jurisdictional defect that existed in a pre-merger court and disregarding the effect of Rules 2 and 18.

*Guthrie* also erroneously found "equitable jurisdiction" sufficiently "related" to the abstention doctrines recognized by the Supreme Court to warrant remand. *Guthrie*, 561 F. Supp. 3d at 875–79. In so doing, *Guthrie* unilaterally expanded the grounds for remand on the theory that "equitable jurisdiction" is analogous to (though admittedly "not the same" as) the narrow abstention doctrines the Supreme Court had previously articulated—which are largely based on federalism concerns. *Id.* at 878–79. It did so despite the Supreme Court's repeated admonition that "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress," and "may decline to exercise their jurisdiction" only in "exceptional circumstances." *Quackenbush*, 517 U.S. at 716; *see also Colorado River*, 424 U.S. at 817. To the extent *Guthrie* assumed that the absence of equitable jurisdiction deprives a court of the power to "hear[] a claim on the merits," 561 F. Supp. 3d at 874, the Ninth Circuit has subsequently clarified that this is *not* the law, *Sonner II*, 49 F. 4th at 1303 (noting that a plaintiff's "failure to plead an inadequate remedy at law" does not "deprive[] the district court of jurisdiction over her complaint").

*Clevenger*, *Rogoff*, and *Ruiz* parroted *Guthrie*'s faulty reasoning when they remanded for lack of "equitable jurisdiction" based upon undefined "abstention grounds." *Clevenger*, 2023 U.S. Dist. LEXIS 38305, at *2–5; *see also Rogoff*, 2024 U.S. Dist. LEXIS 100731, at *9 (holding federal courts have the power to not only stay the action based on abstention principles, but for this reason, can also, in otherwise appropriate circumstances, decline to exercise jurisdiction altogether by either dismissing the suit or remanding it to state court where the relief sought is equitable in nature); *Ruiz*, 2024 U.S. Dist. LEXIS 100731, at *8 (holding that remanding the action to state court "accords with the long-recognized authority to remand cases based on federal abstention doctrines"). Like in *Guthrie*, *Clevenger*, *Rogoff*, and *Ruiz*—as well as a recent remand order in *Youssef v. Great American Life*

*Insurance Co.*, 2025 U.S. Dist. LEXIS 153586, at *12 (C.D. Cal. Aug. 7, 2025)[8]—ignore the settled principle that a court has no discretion to abstain in cases that do not satisfy the "specific limits prescribed by the particular abstention doctrine involved." *C-Y Dev. Co. v. City of Redlands*, 703 F.2d 375, 377 (9th Cir. 1983); *see also Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 497 (7th Cir. 2011) (reversing district court's decision to abstain and emphasizing that the "[u]se of a judge-made abstention doctrine to refuse to hear" a case over which the court had original jurisdiction constitutes "an end-run around congressional will").[9] This Court should similarly refuse to abstain from exercising the jurisdiction that Congress expressly granted it under CAFA to protect defendants from having to litigate significant class actions in state court. *See Fox*, No. 2:24-cv-01001-WBS-CKD, ECF No. 54 at *5 ("Although some district courts have applied common law principles of abstention in order to decline jurisdiction and remand cases seeking equitable relief unavailable in federal court, . . . plaintiff has not cited—and the court is unaware of—any authority requiring remand under these circumstances.").

### C. Plaintiff Seeks Injunctive Relief that Independently Invokes this Court's Equitable Jurisdiction.

There are no legal principles that would preclude this Court from adjudicating Plaintiff's request for injunctive relief, and Plaintiff cites none. Rule 23(b)(2) expressly contemplates federal courts certifying, where appropriate, classes seeking "injunctive relief," and the broad right of removal under CAFA does not exempt cases where injunctive relief is sought. To the contrary, district courts hear class actions seeking equitable relief every day. On that basis alone, there is no federal common law impediment to Colonial Penn's right to remove this case to this Court.

---

[8] *Youssef*, No. 2:25-cv-02545 (C.D. Cal. Aug. 18, 2025) (notice of appeal filed).

[9] CAFA has certain exceptions, which this Court has characterized as forms of abstention, *see Adams v. W. Marine Prods.*, 958 F.3d 1216, 1223 (9th Cir. 2020), but which do not apply here—further evidence that there are no grounds for abstaining on the basis of "equitable jurisdiction." "[T]he doctrine of *expressio unius est exclusio alterius* . . . teaches that omissions are the equivalent of exclusions when a statute affirmatively designates certain persons, things, or manners of operation." *Arc Ecology v. U.S. Dep't of the Air Force*, 411 F.3d 1092, 1099–1100 (9th Cir. 2005). In declining to include an exception in CAFA for cases involving "equity jurisdiction," Congress affirmatively expressed its intent to make those cases removable if they otherwise meet CAFA's jurisdictional prerequisites. In *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993), the Supreme Court used precisely this reasoning in concluding that Rule 9(b)'s explicit reference to claims related to fraud or mistake necessarily excludes application of the Rule to other claims.

Parenthetically, in *Sonner I*, "[i]njunctive relief [was] not at issue." 971 F.3d at 842; *see also Brooks v. Thomson Reuters Corp.*, No. 21-cv-01418-EMC, 2021 U.S. Dist. LEXIS 154093, at *10 (N.D. Cal. Aug. 16, 2021) ("The holding in *Sonner* applies only to equitable *restitution* for *past* harm under the UCL, not to an *injunction* for *future* harm."). Injunctive relief is at issue here: Plaintiff alleges she and members of the putative class are entitled to "injunctive relief, including public injunctive relief," enjoining Colonial Penn from "engaging in . . . unlawful business practices." Compl. ¶ 67.

Courts retain jurisdiction over claims for injunctive relief even when a plaintiff disavows her ability to demonstrate that she lacks an adequate legal remedy. *See, e.g.*, *Linton v. Axcess Fin. Servs., Inc.*, No. 23-cv-01832-CRB, 2023 U.S. Dist. LEXIS 113669, at *7 (N.D. Cal. June 30, 2023) (noting that numerous "courts hold that [*Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 837 (9th Cir. 2020)] does not bar . . . claims for injunctive relief under the UCL"); *Steen v. Am. Nat'l Ins. Co.*, 609 F. Supp. 3d 1066 (C.D. Cal. 2022) (reaffirming that "injunctive relief *is itself* a remedy not available at law, and, as long as the injunctive relief sought is not completely duplicative of [other] legal claims, *Sonner* does not apply."). This is because "[m]oney damages are an inadequate remedy for [the] future harm" only remediable by injunctive relief. *Andino v. Apple, Inc.*, No. 2:20-cv-01628-JAM-AC, 2021 U.S. Dist. LEXIS 76011, at *15 (E.D. Cal. Apr. 20, 2021).

What's more, Plaintiff's argument does not comport with how cases are actually litigated on a daily basis in federal court. Consider, for example, a workaday diversity claim by an employer against an employee for stealing trade secrets to be used by a competing business. If the employer does not plead that it has no adequate remedy of law, and only seeks an injunction, does that deprive the federal court of jurisdiction? Of course not, assuming the requirements for diversity jurisdiction are met. But under Plaintiff's view, the case cannot be heard in federal court because the "federal court lacks equitable jurisdiction over equitable claims . . . unless the plaintiffs establish that they have no adequate remedies at law." Mot. to Remand at 5. So, if the employer in this example wanted to remain in state court despite there being diversity jurisdiction, all it would have to do under Plaintiff's logic is plead that although state law provides for damages, it opts not to seek any, leaving only an equitable claim for injunctive relief that federal courts are purportedly powerless to adjudicate. That illogical

outcome is precisely what Plaintiff urges: "Here, Plaintiff asks only for equitable remedies under the UCL. She does not allege that she lacks an adequate remedy at law in her Complaint, nor does she intend to . . . . *In fact, Plaintiff has affirmatively pled that she is electing to seek equitable remedies in lieu of any legal relief she might otherwise pursue*." *Id.* at 7 (emphasis added).

In Plaintiff's view, plaintiffs (not Congress or the Court) are the true gatekeepers of federal jurisdiction because they can plead away claims for legal relief, leaving only equitable claims that federal courts purportedly lack the jurisdiction to hear. In the preceding example, the employer could deny the employee the right to remove the case satisfying diversity jurisdiction simply by disavowing legal claims and seeking only an injunction—or even, in Plaintiff's view, some form of damages (like restitution) by describing the transfer of money from defendant to plaintiff as an "equitable remedy." That is an absurd outcome, but that is what Plaintiff argues here: she seeks remand of a case over which Congress declared this Court has "original jurisdiction" under CAFA, on the grounds that her claims are somehow immune from subject matter jurisdiction under CAFA because the relief sought is supposedly "equitable." Under Plaintiff's view, Rule 23(b)(2) class actions seeking only injunctive relief are impermissible if the putative class has an adequate remedy at law the class representative does not seek to prosecute. That is nonsense and would rewrite the Federal Rules of Civil Procedure and eviscerate CAFA jurisdiction.

In short, this case satisfies all of CAFA's jurisdictional requirements. Congress has expressly created a right to remove this case and gave this Court subject matter jurisdiction over it. This Court's analysis can begin and end there. Olden cases about differences between the vestigial law and equity divisions of this Court are of no moment and do not authorize remand.

### D. Allowing Plaintiff to Plead Around Federal Court Jurisdiction Would Also Defy *Knowles*.

Plaintiff cannot intentionally decline to seek an adequate legal remedy to avoid removal under CAFA. The United States Supreme Court has expressly rejected a similar tactic designed to avoid removal under CAFA and held that a named plaintiff cannot limit the putative class's recovery to less than $5 million to avoid removal to federal court. *See Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 596 (2013). As the Court explained, an *individual plaintiff* can avoid removal "by stipulating to

amounts at issue that fall below the federal jurisdictional requirement." *Id.* at 595. But because a named plaintiff "cannot yet bind the absent class" to limit their recovery, a putative class representative cannot avoid removal by agreeing to recover less than $5 million on behalf of the class. *Id*. at 596. This is because a named plaintiff "cannot yet bind the absent class" to limit its recovery. *Id.*

That reasoning applies with equal force here. If the putative class members Plaintiff purports to represent have a legal remedy against Colonial Penn, and if that legal remedy is adequate (which must be the case for a federal court to lack "equitable jurisdiction"), Plaintiff cannot bind the putative class with her own decision to "bring . . . equitable claims under the UCL in lieu of other claims or remedies they may have at law" in order to avoid removal. Compl. ¶ 69; *see Winkworth v. Spectrum Brands, Inc.*, No. 19-1011, 2019 U.S. Dist. LEXIS 181448, at *8 (W.D. Pa. Oct. 21, 2019) ("[A]s representatives of the putative Nationwide Class, it is Plaintiffs' fiduciary duty not to throw away what could be a major component of the class's recovery." (quoting *Knowles*, 568 U.S. at 594)). Even if Plaintiff could forgo her *own* right to pursue adequate legal remedies, she has no right to do so on behalf of the class she purports to represent. Doing so would be a breach of fiduciary duties owed by Plaintiff and class counsel to the putative class. Hence, assuming that ancient principles of "equitable jurisdiction" in the pre-merger period were actually a present obstacle to exercising subject matter jurisdiction under CAFA (they are not), Plaintiff cannot simply toss aside the putative class's claims for legal relief as she lacks the authority to do so.

**E. Plaintiff Seeks Remedies That Are Not Equitable in Nature.**

Even if Plaintiff is correct that this court lacks "equitable jurisdiction" to hear this matter (she is not), it would not matter here because Plaintiff's claims are not equitable in nature, but legal. Plaintiff seeks, for deceased insureds, the death benefits payable under the insurance policies. *See* Compl. ¶ 62. California law is settled that the benefits owed under a life insurance policy are contract damages, not restitution, and "damages are not recoverable in a UCL action." *See Sheahan v. State Farm Gen. Ins. Co.*, 394 F. Supp. 3d 997, 1006 (N.D. Cal. 2019); *M&F Fishing, Inc. v. Sea-Pac Ins. Managers, Inc.*, 202 Cal. App. 4th 1509, 1527 (2012). Neither benefits withheld under an insurance policy, *see Artiste v. Am. Int'l Grp., Inc.*, No. 2:19-cv-07574-SVW-E, 2020 U.S. Dist. LEXIS 127892, at *11–12 (C.D. Cal. Jan. 23, 2020), and *Kundanmal v. Safeco Ins. Co. of Am.*, No. 2:17-cv-06339-

SVW (JEMx), 2017 U.S. Dist. LEXIS 222495, at *6 (C.D. Cal. Dec.13, 2017), nor the nonrestitutionary disgorgement of profits are available as restitution, *see Stars & Bars, LLC v. Travelers Cas. Ins. Co. of Am.*, No. SACV 16-01397-CJC(SSx), 2016 U.S. Dist. LEXIS 192703, at *7–8 (C.D. Cal. Oct. 6, 2016). *See also Commonwealth Tr.*, 28 F. Supp. at 647 ("As we view the law, suits for the recovery of personal property cannot be maintained in equity, unless the personal property is not repleviable, or is of such a character that money damages would not compensate for its loss."). As such, this is not a true "equitable only" case, which provides an independent basis to deny Plaintiff's Motion should the Court apply pre-1938 law as did the court in *Guthrie*.

Plaintiff is dressing up a damages claim as "equitable" restitution in a transparent attempt to avoid the federal forum. On that point, it is important to understand *why* Plaintiff filed this case. The *same* attorneys who filed this action previously sued Colonial Penn with respect to the *same* insurance policies alleging the *same* violations of the Statutes in federal court. In *Kelley v. Colonial Penn Life Insurance. Co.*, No. 2:20-cv-03348-FLA-E (C.D. Cal.), the same lawyers sought for deceased insureds under a breach of contract claim the *same* money damages sought here: a payment of death benefits.[10] Plaintiff's counsel filed this action only because the Ninth Circuit, in an identical case, held that no class could be certified due to the predominance of individualized issues, dooming class certification in *Kelley*. *See generally Small*, 122 F.4th at 1182. Plaintiff's counsel hopes that by re-labeling the claim as one for "equitable restitution" under the UCL, rather than for money damages at law—even though they are identical in this context—they can remain in state court and avoid *Small*. This is quintessential forum shopping after a failed attempt to succeed in federal court. The Court should reject Plaintiff's forum-shopping because *Sonner I* does not impact this Court's subject matter jurisdiction, and even if Plaintiff's interpretation of *Sonner I* is correct (it is not), Plaintiff also seeks injunctive relief—a claim plainly within this Court's jurisdiction to adjudicate. Compl. ¶ 67.

Settled California law demonstrates that Plaintiff's claims are nothing more than claims for legal damages—not equitable relief. California law characterizes the benefits owed under each class member's policy as "the only measure of liability and damage" available to a claimant. Cal. Ins. Code

[10] Plaintiff's counsel also seeks here the same injunctive relief they sought in *Kelley*.

§ 10111. Federal courts routinely hold that a plaintiff's claim for withheld benefits under an insurance policy "is, in effect, a claim for monetary damages, and, consequently, not cognizable under the UCL." *Cook v. State Farm Gen. Ins. Co.*, No. 21-cv-02458-MMC, 2022 U.S. Dist. LEXIS 75788, at *6 (N.D. Cal. Apr. 26, 2022) (citing *Vepo Design Corp. v. Am. Econ. Ins. Co.*, No. CV 20-4950-MWF (JEMx), 2020 U.S. Dist. LEXIS 246792, at *19–21 (C.D. Cal. Oct. 16, 2020)). Defendant will seek dismissal of this case on these and other grounds; but the Court's jurisdiction to hear these arguments cannot be seriously questioned.

In any event, labeling the money damages Plaintiff seeks as "equitable restitution" does not transmute the claim into something other than a claim for money damages. *See Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 728 (2000) (a claim for restitution seeking money damages is an action at law); *Jogani v. Super. Ct.*, 165 Cal. App. 4th 901, 909 (2008) ("[T]he fact that equitable principles are applied in the action does not necessarily identify the resultant relief as equitable. Equitable principles are a guide to courts of law as well as of equity.").

As such, regardless of how the Ninth Circuit rules in *Ruiz* or *Rogoff*, the factual allegations raised here plainly seek legal damages because they raise the same exact damages that the *same* attorneys purporting to represent the *same* class alleged were damages in *Kelley*. On these facts, it is undeniable that this is not a true "equity only" case and therefore the purported failure of equitable jurisdiction does not supply a basis for remand. That is especially true given that this is a class action, where Congress expressly vested this Court with jurisdiction when it enacted CAFA.

**F. Colonial Penn Should Be Allowed to Waive Its Equitable Jurisdiction Defense.**

If this Court were to conclude that Plaintiff has an adequate remedy at law that somehow deprives the Court of "equitable jurisdiction," and that the absence of equitable jurisdiction can justify remand despite the abrogation of the law/equity distinction in the federal courts and the enactment of CAFA, Colonial Penn could—and would—waive any inadequate remedy-at-law defense it could otherwise assert, which would moot Plaintiff's sole basis for remand.

In the pre-merger era, a defendant could "waive[] the objection of lack of equity jurisdiction." *Twist*, 274 U.S. at 691; *see also Pusey & Jones Co. v. Hanssen*, 261 U.S. 491, 500 (1923) ("[U]nlike lack of jurisdiction as a federal court . . . lack of equity jurisdiction (if not objected to by a defendant)

may be ignored by the court, in cases where the subject-matter of the suit is of a class of which a court of equity has jurisdiction."); *Am. Mills Co. v. Am. Sur. Co. of N.Y.*, 260 U.S. 360, 363 (1922) (similar); *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 882 (9th Cir. 2003) (finding defendant waived its objection to the court's "equitable authority" to issue an injunction where plaintiff also sought damages).

A defendant's right to waive an "equitable jurisdiction" objection a hundred years ago is consistent with the right to waive other "jurisdictional" defenses that do not implicate the court's subject matter jurisdiction. For example, if a defendant raises a meritorious personal jurisdiction or forum *non conveniens* objection, the court cannot "hear the merits" of the claim. *Guzman*, 49 F. 4th at 1314; *Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1165 (9th Cir. 2016) ("[T]he court's non-merits ruling was for lack of personal jurisdiction, depriving the court of the authority to rule on the merits."); *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007) ("A forum *non conveniens* dismissal [denies] audience to a case on the merits . . . ."). But if a defendant does not raise such objections or affirmatively waives its right to do so, the court may rule on the merits. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979) ("[N]either personal jurisdiction nor venue is fundamentally preliminary in the sense that subject-matter jurisdiction is . . . and both may be waived by the parties."), *superseded by statute on other grounds as stated in Alcoholics Anonymous World Services, Inc. v. Friedman*, No. 91 Civ. 8741 (RLC), 1992 U.S. Dist. LEXIS 8939, at *7-8 (S.D.N.Y. June 15, 1992); *Ruiz*, 824 F.3d at 1166 n.4 ("[A] defendant may waive the lack of personal jurisdiction . . . ."); *Atl. Marine Const. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 64 (2013) ("When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation."). The same was true for lack of equitable jurisdiction while there still existed an equity division, which similarly impacts the power of a federal court to adjudicate the merits without depriving the court of subject matter jurisdiction.

If the Court accepts Plaintiff's argument that CAFA jurisdiction is subordinate to ancient case law delineating the limits of the equity division of the district courts that no longer exists due to the adoption of the Federal Rules of Civil Procedure in 1938, requiring Colonial Penn to litigate in state

court despite Congress' action in vesting this Court with "original jurisdiction" to hear this case—which the Court, respectfully, should not based on the authorities discussed above—Colonial Penn might waive its adequate-remedy-at law defense. The Court should at least give Colonial Penn a fair opportunity to do so before it sends Colonial Penn back to state court.

## IV. IF THE COURT IS INCLINED TO REMAND, IT SHOULD STAY THIS ACTION PENDING NINTH CIRCUIT DECISIONS RIPE FOR DECISION

To the extent the Court is inclined to grant Plaintiff's Motion to Remand, it should stay its Order pending the appeals to the Ninth Circuit addressing this issue. Indeed, there are no fewer than six cases awaiting a decision from the Ninth Circuit on whether equitable jurisdiction is a basis for remand: the *Ruiz* appeal was heard and submitted on March 27, 2025; the *Rogoff*, *Young*, and *Haver*, appeals have been fully briefed and are awaiting oral argument; the *Broomes* appeal is due to be briefed on a streamlined schedule, with the opening brief due September 4, 2025; and the *Yossef* appeal was filed on August 18, 2025. *See Ruiz v. The Bradford Exchange, Ltd.*, No. 24-3378 (9th Cir.); *Rogoff v. Transamerica Life Ins. Co.*, No. 24-7732 (9th Cir.); *Young v. Renewal By Andersen, LLC*, No. 24-6095 (9th Cir.); *Haver v. General Mills, Inc.*, No. 24-6784 (9th Cir.); *Broomes et al. v. FullBeauty Brands Operations, LLC*, No. 25-3988 (9th Cir.); Dkt. 36, *Youssef*, No. 2:25-cv-02545 (C.D. Cal. Aug. 18, 2025) (notice of appeal filed).

This Court has the "discretionary power to stay proceedings." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Other courts have issued such stays. *See*, *e.g.*, *Kelley v. Colonial Penn Life Ins. Co.*, No. 20-cv-3348-MWF (E), 2020 U.S. Dist. LEXIS 181731, at *17–18 (C.D. Cal. July 13, 2020) (granting stay in a similar case under the Statutes where defendant "potentially face[d] real harm" if it were required to litigate claims where some of "[p]laintiff's claims might be rendered moot"); *Phan v. Transamerica Premier Life Ins. Co.*, No. 20-cv-03665-BLF, 2023 U.S. Dist. LEXIS 203186, at *8 (N.D. Cal. Nov. 13, 2023) (granting a stay in a similar case brought under the Statutes because "[s]hould the Court deny a stay and certify a class, the parties would devote significant resources to litigating a class action only to have their efforts potentially rendered moot and unnecessary by a decision in either *Farley* or *Small*," while plaintiff's declaratory relief would be the same following the appeal and monetary recovery

alone "cannot serve as the foundation for the denial of a stay"); *Meza v. Bonnar*, No. 18-CV-02708-BLF, 2018 U.S. Dist. LEXIS 171322, at *7 (N.D. Cal. Oct. 3, 2018) (granting stay because, absent a stay, "Petitioner would be forced to expend time and resources litigating an issue which is currently pending before the Ninth Circuit"). Indeed, the Central District recently granted a stay in a strikingly similar notice-lapse case that it remanded for lack of equitable jurisdiction. *See* Order, *Rogoff v. Transamerica Life Ins. Co.*, 5:24-cv-01254-JGB-SP (C.D. Cal. June 12, 2025), ECF No. 42. This Court should do the same. By the same token, if Plaintiff's motion to remand is granted, the case should be stayed pending the outcome of *Ruiz*, *Rogoff*, *Young, Haver*, *Broomes*, and *Youssef*.

## V. CONCLUSION

For the foregoing reasons, Colonial Penn respectfully requests that this Court deny Plaintiff's motion to remand this case to state court.

DATED: August 20, 2025

**ALSTON & BIRD LLP**

By: /s/ *Kathy J. Huang*

Kathy J. Huang

KATHY J. HUANG (Cal. Bar No. 240677)
Kathy.Huang@alston.com
JESSE STEINBACH (Cal. Bar No. 278923)
Jesse.Steinbach@alston.com
DANIEL DUBIN (Cal. Bar No. 313235)
Daniel.Dubin@alston.com
BROOKE H. BOLENDER (Cal. Bar No. 340689)
Brooke.Bolender@alston.com
**ALSTON & BIRD LLP**
350 South Grand Avenue, 51st Floor
Los Angeles, California 90071-3004
Telephone: 213-576-1000
Facsimile: 213-576-1100

ADAM J. KAISER (admitted *pro hac vice*)
Adam.Kaiser@alston.com
**ALSTON & BIRD LLP**
90 Park Avenue, 15th Floor
New York, New York 10016-1387
Telephone: 212-210-9400

Facsimile: 212-210-9444

Attorney for Defendant
COLONIAL PENN LIFE INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

I hereby certify that on this August 20, 2025, I caused to be electronically transmitted the attached document entitled **DEFENDANT COLONIAL PENN LIFE INSURANCE COMPANY'S OPPOSITION TO MOTION TO REMAND** to the Clerk of the Court using the CM/ECF System, which will send notification of such filing and transmittal of a Notice of Electronic Filing to all registered CM/ECF users.

DATED: August 20, 2025

*/s/ Kathy J. Huang*
Kathy J. Huang
Attorney for Defendant
COLONIAL PENN LIFE INSURANC
COMPANY