**WINTERS & ASSOCIATES**
Jack B. Winters, Jr. (SBN 82998)
jwinters@singletonschreiber.com
Sarah Ball (SBN 292337)
sball@einsurelaw.com
8489 La Mesa Boulevard
La Mesa, California 91942
Tel: (619) 234-9000
Fax: (619) 750-0413

**NICHOLAS & TOMASEVIC, LLP**
Craig M. Nicholas (SBN 178444)
Email: cnicholas@nicholaslaw.org
Alex Tomasevic (SBN 245598)
Email: atomasevic@nicholaslaw.org
Jake W. Schulte (SBN 293777)
Email: jschulte@nicholaslaw.org
225 Broadway, 19th Floor
San Diego, California 92101
Telephone: (619) 325-0492
Facsimile: (619) 325-0496

Attorneys for Plaintiff CAROLINE R. HOMAN, Individually, and on Behalf of the Class

*For Additional Counsel, See Next Page*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CAROLINE R. HOMAN, Individually, and on Behalf of the Class,<br><br>Plaintiff,<br><br>v.<br><br>COLONIAL PENN LIFE INSURANCE COMPANY, a Pennsylvania Corporation; and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No. 1:25-cv-00296-JLT-SAB<br><br>PLAINTIFF CAROLINE R. HOMAN'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES TO DEFENDANT COLONIAL PENN LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND<br><br>Date: September 3, 2025<br>Time: 10:00 a.m.<br>Mag. Stanley A. Boone<br>Courtroom: 9<br><br>Case Removed: 3/10/25<br>Complaint Filed: 2/4/25<br>Trial Date: None |

**SINGLETON SCHREIBER, LLP**
CHRISTOPHER R. RODRIGUEZ, SB #212274
E-Mail: crodriguez@singletonschreiber.com
ANDREW D. BLUTH, SB #232387
E-Mail: abluth@singletonschreiber.com
MICHELLE M. MEYERS, SB #236387
E-Mail: mmeyers@singletonschreiber.com
1414 K Street, Suite 470
Sacramento, California 95814
Telephone: (916) 248-8478
Facsimile: (619) 255-1515

## I. INTRODUCTION

Defendant's opposition illustrates precisely why this case must be remanded. Plaintiff does not seek to remand the case based on the false equivalence between equitable and subject matter jurisdiction.[1] However, because this Court lacks both equitable jurisdiction over the UCL claim as a whole and subject matter jurisdiction over Plaintiff's claim for injunctive relief, it should grant Plaintiff's motion.

Further, failure to grant Plaintiff's motion and the inevitable subsequent dismissal for lack of jurisdiction would lead to a "perpetual loop" consisting of a filing in state court, followed by removal based on diversity of citizenship/CAFA, then dismissal by the federal court for lack of equitable jurisdiction, and repeat, wasting party and court resources.

## II. ARGUMENT

Initially, Defendant relies heavily on *Colorado Rive*r (and cases citing it) to argue this Court has an obligation not to remove this case, but the *Colorado Rive*r cases are inapplicable because they do not consider whether a federal court should remand a UCL action initially filed in state court and removed back to the state court for lack of jurisdiction. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (considering whether a federal court should dismiss a federal action where a parallel action existed in state court).

### A. Whether the Court Has Equitable Jurisdiction is a Threshold Question

Contrary to Defendant's assertions, "even though it is not an aspect of subject matter jurisdiction, whether a court possess equitable jurisdiction is still antecedent to hearing a claim on the merits." *White v. BP Prods. N. Am., Inc.*, 2024 U.S. Dist. LEXIS 233635, at *8-9 (C.D. Cal. Dec. 26, 2024) (citing *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 874 (N.D. Cal. 2021)); *see also Cohen v. Copart, Inc., 2*025 U.S. Dist. LEXIS 66293, at *8 (C.D. Cal. Apr. 4, 2025) (holding that "a district court must determine whether there is equitable jurisdiction before hearing the merits seeking such relief" and "a clear majority of district courts" have found that

---

[1] As Plaintiff prepared this Reply for filing, another district court granted remand in a substantially similar case bringing only UCL claims based on improper termination of life insurance polices. *See Rolle v. U.S. Fin. Life. Ins. Co.*, Case No. 3:25-cv-04829-TLT (N.D. Cal.) ECF No. 28, August 27, 2025.

where equitable jurisdiction is lacking, remand is warranted); *Wong v. Iovate Health Scis. U.S.A. Inc.*, 2025 U.S. Dist. LEXIS 47232, at *8 (E.D. Cal. Mar. 14, 2025) (same). While equitable jurisdiction is distinct from subject matter jurisdiction, "both are required for a federal court to hear the merits of an equitable claim." *Renteria v. Land O'Lakes, Inc.*, 2025 U.S. Dist. LEXIS 90101, at *24 n4 (E.D. Cal. May 12, 2025) (citing *Guzman v. Polaris Indus.,* 49 F.4th 1308 (9th Cir. 2022)).

These decisions rely on Ninth Circuit precedent that Defendant has mischaracterized in its Opposition. *Sonner*, relying on *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), makes clear that a plaintiff must establish that it lacks an adequate remedy at law before it can seek equitable restitution in federal court, and this inquiry is a "threshold jurisdictional question." *Sonner v. Premier Nutrition Corp*., 49 F.4th 1300, 1303 (9th Cir. 2022) ("*Sonner II*").[2] Defendant attempts to argue that the Ninth Circuit in *Sonner* did not mean what it said, but the Ninth Circuit itself, in a case ignored by Defendant, has now cited *Sonner* for the proposition that whether federal courts are precluded from offering equitable relief is jurisdictional. *Key v. Qualcomm, Inc.*, 129 F.4th 1129, 1142 (9th Cir. 2025) (a consumer class action originally filed in federal court with a mix of antitrust and UCL claims, where the court determined it lacked equitable jurisdiction to hear the UCL claims); *Guzman*, 49 F. 4th at 1314. This Court should not consider the merits of this case before it determines whether it has equitable jurisdiction.

Finally, since a court must consider whether it has equitable jurisdiction at the outset of a case, it is simply untrue that equitable jurisdiction can be waived. *Cohen*, 2025 U.S. Dist. LEXIS 66293, at *11 ("This conclusion is also consistent with the principle that the absence of equitable jurisdiction cannot be waived by a party where an adequate remedy of law is 'obvious'") (citing *Singer Sewing Mach. Co. of N.J. v. Benedict*, 229 U.S. 481, 484 (1913)). Indeed, *Singer* confirms it is "the duty of the court to interpose the [jurisdictional] objection sua sponte." *Singer*, 229 U.S. at 484; *accord Allen v. Pullman's Palace Car Co.*, 139 U.S. 658, 662 (1891) ("if the court, in looking at the proofs, found none of the matters which would make a proper case for equity, it

[2] *Biden v. Texas*, 597 U.S. 785, 801 (2022), holding that the claims at issue arose under the "laws of the United States" and as such were properly in federal court, is similarly inapplicable.

would be the duty of the court to recognize the fact and give it effect, though not raised by the pleadings nor suggested by counsel"). The "waiver" argument is a red herring.[3]

Because the Court lacks equitable jurisdiction, Defendant's arguments as to the merits of Plaintiff's claims are premature and irrelevant. *Crowder v. Shade Store, LLC*, 2024 U.S. Dist. LEXIS 214477, at *16 (N.D. Cal. Nov. 14, 2024) ("a court must have equitable jurisdiction to hear the merits of an equitable claim").

**B. The Court Lacks Equitable Jurisdiction Over Plaintiff's Claim for Restitution**

The Ninth Circuit has made clear that "federal courts must apply equitable principles derived from federal common law to claims for equitable restitution under California's [UCL] and [CLRA]," including "the principle precluding courts from awarding equitable relief when an adequate legal remedy exists." *Sonner v. Premier Nutrition Corp.,* 971 F.3d 834, 842 (9th Cir. 2020) (*"Sonner I"*). As such, "if the plaintiffs had an adequate legal remedy" they "could not also maintain" equitable claims in federal court. *Id*. at 844. Stated differently, a UCL claim cannot stay in federal court when the plaintiff has not at least pled that adequate legal remedies are lacking. *See also Clevenger v. Welch Foods Inc.*, 2023 U.S. Dist. LEXIS 38305, at *13 (C.D. Cal. Mar. 7, 2023) (granting remand on the basis of a lack of equitable jurisdiction).[4] Plaintiff's Complaint does not allege that she lacks an adequate remedy. Instead, it states she seeks equitable remedies in lieu of any legal remedies. ECF No. 1 ¶ 69. As such, the Court does not have equitable jurisdiction over these claims.

The Ninth Circuit did not make up this rule of equitable jurisdiction out of whole cloth. Rather, it analyzed and quoted from a host of Supreme Court precedent. *See, e.g.*, *Sonner I,* 971 F.3d at 844 (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992): "It is a basic doctrine of equity jurisprudence that courts of equity should not act…when the moving

---

[3] The cases cited by Defendant do not hold that *a plaintiff* can waive equitable jurisdiction or that a defendant can waive it on behalf of plaintiff. For example, in *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878 (9th Cir 2003) the Court of Appeals held only that it could not consider whether it lacked equitable jurisdiction because the argument had not been made prior to appeal, but that plaintiff remained free to make the argument to the district court. *Id.* at 882.

[4] *Clevenger* rejected the defendant's argument that the existence of subject matter jurisdiction under CAFA precluded remand. *Id.* at *11 (relying on *Guzman, supra*, wherein the court expressed skepticism regarding the defendant's assertion that CAFA could be used to remove an otherwise valid state claim to federal court, effectively killing those claims).

party has an adequate remedy at law"); *Guzman,* 49 F.4th at 1312 (and cases cited therein holding there is no equitable jurisdiction over UCL claims when there were potential legal claims available, even though those legal claims are now time-barred).

In ruling that the court lacked equitable jurisdiction because the plaintiff had an adequate remedy at law, the court made clear in *Guzman* that the district court "could not, and did not, make a merits determination as to liability and should not have entertained a summary judgment." *Id*. Instead, the district court should have dismissed the UCL claim "without prejudice to refiling the same claim in state court." *Id*. at 1314-15. The Ninth Circuit concluded by noting that "where federal law bars us from considering the merits of state-law claims, we also lack authority to prevent state courts from doing so." *Id.* at 1315. *Guzman* ends the inquiry.

Defendant attempts to create a conflict between *Guzman* and "*Sonner II*." Critically, *Sonner II* did not in fact hold that the plaintiff's failure to plead an adequate remedy had no impact on the court's jurisdiction over the claim, but rather held only that in that specific case it was ok for the district court to refuse Sonner's request to amend her complaint, effectively creating a dismissal *with* prejudice to her bringing the claims *in federal court* again. *Sonner II,* 49 F.4th at 1303. But it did so because Sonner had already amended her complaint once (amending herself out of the jurisdiction of the court) and sought an additional amendment on the eve of trial—which the district court had discretion to refuse, especially after it had previously warned Sonner that it would not allow further amendments. *Id.* The court in *Sonner II* stated only in that instance the basis for the dismissal was not lack of jurisdiction—not that dismissal cannot or could not have been for lack of jurisdiction.

Critically, the court in *Sonner II* did not do what Defendant is attempting to do here—prevent Plaintiff from seeking equitable relief in state court. That the *Sonner II* court specifically declined to issue an injunction to stop a subsequently filed "virtually identical" state court action filed after the dismissal with prejudice supports Plaintiff's argument that, where a federal court cannot act, it cannot keep a state court from doing so. *Id.* at 1304. Moreover, *Sonner II,* while affirming that a plaintiff must establish the lack of an adequate remedy at law to seek equitable relief in federal court, expressly declined to answer the ultimate question of whether *Sonner I*'s

dismissal was "on the merits." *Id.* at 1305. *Guzman*, though, answered that question in Plaintiff's favor. *Guzman*, 49 F.4th at 1312 (the district court "could not, and did not, make a merits determination as to liability and should not have entertained a summary judgment.").

Next, even if we assumed, *arguendo*, that there was some uncertainty after *Sonner II,* the Ninth Circuit cleared it up earlier this year. In *Key, supra*, the Ninth Circuit cited *Guzman* (not *Sonner II*) and confirmed that district courts have no power to entertain summary judgment on equitable claims when adequate legal remedies exist. *Key,* 129 F. 4th. at 1142 ("rather than grant summary judgment, the court should have dismissed Plaintiffs' UCL claim without prejudice to refiling the same claim in state court"). *Key* also expressly confirmed that the rule the parties are debating here is, quote, "jurisdictional." *Id.*[5]

Defendant asks this Court to find that, because Plaintiff's requested remedies could be part of a breach of contract claim, that equitable jurisdiction exists here. Not only is this argument premature, but it also betrays a misunderstanding of *Sonner* and its progeny, which establish that equitable restitution and legal damages may overlap. In both *Sonner* and *Guzman*, the money sought in restitution (e.g., refund of purchase price) and the legal damages were one in the same. This did not stop the Ninth Circuit from finding equitable jurisdiction lacking. In fact, this only proved that legal remedies exist and that there was, thus, no equitable jurisdiction. *Sonner I*, 971 F.3d at 844 ("Sonner concedes that she seeks the same sum in equitable restitution as 'a full refund of the purchase price'—$32,000,000—as she requested in damages to compensate her for the same past harm. *Sonner* fails to explain how the same amount of money for the exact same harm is inadequate or incomplete, and nothing in the record supports that conclusion.").

Second, there is nothing inherently wrong about money sought as restitution overlapping with money sought as "damages." Restitution under the UCL is nothing more than an award that "encompass[es] quantifiable sums one person owes another." *Cortez v. Purolator Air Filtration Prod. Co.*, 23 Cal.4th 163, 178 (2000). "Damages" can be the same thing, i.e., include this same "restitutionary element," but it can add special or resulting monetary awards such as

[5] The Ninth Circuit cleared up this issue earlier, albeit in an unpublished memorandum, citing *Guzman* for the conclusion that a dismissal for lack of jurisdiction is not an adjudication on the merits. *Jackson Pryor Grp. v. Lima,* 2023 U.S. App. LEXIS 30808 at *2 (9th Cir. Nov. 20, 2023).

compensation for "pain and suffering, physical injury, and property damage." *Id.* at 174. To say that the UCL only allows awards of restitution and not damages means merely that those sums taken by or owed by one person to another—the "restitutionary element"—are still recoverable under the UCL but that the "extra" amounts, such as for pain and suffering, are not. *Id.* Irrelevant to this motion are Defendant's attacks on Plaintiff's claims and requests for relief.[6]

Because the court lacks equitable jurisdiction, it should remand this case. Defendant ignores that the reason cases like *Sonner I* and its predecessors, *Sonner II* and *Guzman,* even discussed whether dismissal (as opposed to remand) of claims for lack of equitable jurisdiction was proper is because those cases were not originally filed in state court and as such remand was not an option. When a court determines it lacks equitable jurisdiction and remand is an option, it should remand the case to state court. *Fernandez v. Avanquest N. Am. LLC*, 2025 U.S. Dist. LEXIS 71584, at *8 (C.D. Cal. Apr. 15, 2025) ("[I]f a removed suit is 'beyond the equitable jurisdiction of the federal court' but 'may be granted by the state court,' remand should follow.") (quoting *Twist v. Prairie Oil & Gas Co*., 274 U.S. 684, 690 (1927)).[7]

Finally, on a motion to remand the question is not whether Plaintiff has adequately alleged a claim for restitution but "which court should decide whether Plaintiff has stated a claim." *Rogoff v. Transamerica Life Ins. Co.*, 2024 U.S. Dist. LEXIS 221309, at *7 (C.D. Cal. Dec. 6, 2024). In *Rogoff*, in remanding a substantially similar case to this one the court stated that arguments regarding adequacy of the plaintiff's claim for restitution and whether items like "policy benefits"

---

[6] Defendant's arguments fail on substance too, even if we were to engage them now. Actions on insurance policies routinely qualify for restitution under the UCL. *Marshall v. Stand. Ins. Co*., 214 F. Supp. 2d 1062, 1074 (C.D. Cal. 2000) ("Withheld insurance benefits, like withheld overtime wages, would appear to be a proper subject of restitution."); *State Farm Fire & Cas. Co. v. Superior Cour*t, 45 Cal.App.4th 1093, 1098 (1996) ("We find that a cause of action limited to a request for injunctive or restitutive relief can be prosecuted … based upon an insurer's alleged fraudulent misconduct and breach of the covenant of good faith implied in every policy of insurance"). Additionally, insurance premiums also can be refunded as part of an award of restitution. *See*, *e.g.*, *Ariste v. Am. Int'l Grp., Inc.*, 2020 WL 4037219, at *5 (C.D. Cal. 2020).

[7] Defendant's implication that *Twist* is not regularly cited as requiring remand to state court for lack of equitable jurisdiction is patently false. Numerous cases just in the last 12 months have done exactly that. *See, e.g.*, *Fernandez*, *supra*; *Youssef v. Great Am. Life Ins. Co.*, 2025 U.S. Dist. LEXIS 153586, at *12 (C.D. Cal. Aug. 7, 2025); *Barrales v. Newell Brands, Inc.*, 2025 U.S. Dist. LEXIS 79279, at *7 (C.D. Cal. Apr. 25, 2025); *Cohen*, 2025 U.S. Dist. LEXIS 66293 at *5-6; *Mandel v. Marathon Petro. Co. Ltd. P'ship*, 2025 U.S. Dist. LEXIS 35674, at *14 (C.D. Cal. Feb. 27, 2025); *White*, 2024 U.S. Dist. LEXIS 233635 at *11; *Haver v. Gen. Mills, Inc.,* 2024 U.S. Dist. LEXIS 187520, at *9 (S.D. Cal. Oct. 11, 2024).

were recoverable under the UCL were better suited for a motion to dismiss. *Id*. As in *Rogoff*, this Court should decline to rewrite Plaintiff's Complaint as seeking damages for breach of contract and create jurisdiction where none exists. Because Plaintiff has not alleged that she lacks an adequate legal remedy, this Court lacks equitable jurisdiction over her claim for restitution.

### C. Additionally, the Court Lacks Equitable and Subject Matter Jurisdiction over the Claim for Injunctive Relief

Claims for injunctive relief are indeed equitable. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (requests for injunctions require a balancing "of equities"); *Ruiz v. The Bradford Exch., Ltd.*, 2024 WL 2844625, at *2 (S.D. Cal. May 16, 2024) (Where "monetary damages provide [ ] an adequate remedy," "a federal court may not consider the merits of equitable claims for restitution, disgorgement, or injunctive relief.") (emphasis added.); *Bentley v. United of Omaha Life Ins. Co.*, 2016 WL 7443189, at *7 (C.D. Cal. June 22, 2016). Remand is appropriate for the same reasons discussed above. The Court can stop there.

Additionally, the Court lacks subject matter jurisdiction over Plaintiff's injunctive relief claims because Plaintiff cannot demonstrate that she is in danger of being injured by Defendant again in the future. As such, Defendant cannot establish federal subject matter jurisdiction under Article III of the Constitution. See *Guzman*, 49 F.4th at 1314 (the party asserting jurisdiction must demonstrate both equitable and subject matter jurisdiction); *see also Hughes v. Jackson Nat'l Life Ins. Co.*, 2025 U.S. Dist. LEXIS 163958, at *13 (C.D. Cal. Aug. 22, 2025) (wherein the court remanded a substantially similar UCL injunctive relief claim alleging the defendant insurer's termination of a policy in violation of the Statutes on grounds that, because plaintiff could not be similarly harmed again, he lacked Article III standing).[8]

"A plaintiff seeking to obtain injunctive relief," which the UCL provides, "must establish that he or she is realistically threatened by a repetition of the violation in order to establish that

---

[8] Multiple courts have come to the same conclusion in cases alleging wrongful termination of life insurance policies. *See, e.g.*, *Youssef, supra*; *Rogoff, supra*, *Graciano v. United Fid. Life Ins. Co.*, 2024 WL 1135735, at *2 (C.D. Cal. Jan. 24, 2024); *Bentley v. United of Omaha Life Ins. Co.*, 2016 WL 7443189, at *7 (C.D. Cal. June 22, 2016) (there was no showing of a "real threat of future re-injury"); *Moriarty v. Am. Gen. Life Ins. Co.*, 2022 WL 2959560, at *5 (S.D. Cal. July 26, 2022); *Allen v. Protective Life Ins. Co.*, 2023 WL 2602172, at *6 (E.D. Cal. Mar. 22, 2023); *Siino v. Foresters Life Ins. & Annuity Co.,* 2020 WL 8410449, at *9 (N.D. Cal. Sept. 1, 2020).

the relief sought would redress the alleged injuries." *Russell v. Kohl's Dept. Stores*, 2015 WL 12781206, at *5 (C.D. Cal. Oct. 6, 2015) (citing *Gest v. Bradbury,* 443 F.3d 1177, 1181 (9th Cir. 2006)). Put simply, an injunction "should not be granted as punishment for past acts where it is unlikely they will recur." *Key*, 129 F.4th at 1142; *White*, 2024 U.S. Dist. LEXIS 233635, at *7-8 (internal citations omitted).

Plaintiff's husband has already passed away and the policy has already been declared terminated. As such, Plaintiff cannot be harmed again in the same way she has already been harmed. "As a general rule, if the district court is confronted with an Article III standing problem in a removed case—whether the claims at issue are state or federal—the proper course is to remand for adjudication in state court." *Davidson v. Kimberly-Clark Corp*., 889 F.3d 956, 970 n6 (9th Cir. 2018). Where a court lacks subject matter jurisdiction, "remand is the correct remedy because … federal courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).[9] Because Plaintiff lacks Article III standing, the Court should remand that claim.

### D. CAFA Does Not Excuse the Requirements for Article III Standing or Equitable Jurisdiction

That this case was removed under CAFA makes no difference. No diversity statute, including CAFA, can supersede the basic principles of federal jurisdictional limitations. See *Buller Trucking Co. v. Owner Operator Indep. Driver Risk Retention Grp., Inc.*, 461 F. Supp. 2d 768, 776 (S.D. Ill. 2006) (stating CAFA is not intended to displace the traditional *Erie* rules). "The rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under 28 U.S.C. § 1447(c) applies as well to a case removed pursuant to CAFA as to any other type of removed case." *Polo*, 833 F.3d at 1196; *In re Estate of Ferdinand E. Marcos Human Rights Litig*., 978 F.2d 493, 502 (9th Cir. 1992) (For a federal court to exercise jurisdiction, generally the case must fall within both a statutory grant of jurisdiction and also within U.S. Const. Art. III).

As recognized in a case bringing similar claims, "[r]emand is also consistent with the

[9] Defendant's citation to *Polo* for the opposite assertion is puzzling and misleading. The quoted language Defendant cites was the court's recitation of the *defendant's argument*, which the court found "irrelevant" because the court had determined plaintiff's claim failed for lack of standing and, as such, no decision *on the merits* was ever made. *Id*. at 1197.

commonsense notion that a defendant should not be able to avail itself of federal jurisdiction only to turn around and argue that jurisdiction does not exist in order to have the case dismissed….[an] attempt to circumvent state-court judicial powers and prevent Plaintiffs' UCL claim from ever being heard is a clear misuse of CAFA." *Clevenger*, 2023 U.S. Dist. LEXIS 38305, at *13. In *Clevenger*, the court dismissed nearly identical arguments to those Defendant makes here, holding that CAFA did not prevent remand for lack of either subject matter or equitable jurisdiction, and that CAFA "was not intended to encourage gamesmanship or to extinguish claims which could properly be litigated only in state court." *Id.*

**E. Failure to Remand Will Lead to a "Perpetual Loop"**

Allowing remand here makes the most practical sense because (1) a dismissal (which will be inevitable) for lack of equitable or subject matter jurisdiction is not a dismissal on the merits and therefore the equitable claim could simply be refiled in state court; and (2) remand eliminates the risk that the case could become stuck in a "perpetual loop." "Neither law nor logic requires that result and precedent suggests the contrary approach." *Guthrie*, 561 F. Supp. 3d at 880. Such a result is "untenable." *White*, 2024 U.S. Dist. LEXIS 233635 at *13 (recognizing that this exact scenario presented itself in *Clevenger, supra*, in which the court characterized such action as "gamesmanship").

Because denial of Plaintiff's motion would not grant this Court equitable jurisdiction over the UCL claims or subject matter jurisdiction over the claim for injunctive relief, the Court should grant Plaintiff's motion to avoid the "perpetual loop" that would occur when the Court is ultimately tasked with ruling on a motion to dismiss or a motion for summary judgment and Plaintiff inevitably refiles her action in state court, again.

**F. Whether Plaintiff Pled to Avoid Federal Jurisdiction is Irrelevant**

Defendant's last-ditch effort at arguing the Court should deny removal because Plaintiff is forum shopping ignores that Plaintiff is the master of her own Complaint and may bring whatever claims she wishes to bring. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 42 n9 (2025); *White*, 2024 U.S. Dist. LEXIS 233635, at *10. Plaintiff's decision to file her case in state court, for whatever reason, is not impermissible. The Supreme Court has explicitly stated that a plaintiff

"may avoid federal jurisdiction" through strategic pleading. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *The Fair v. Kohler Die & Specialty Co*., 228 U.S. 22, 25 (1913) ("Of course, the party who brings a suit is master to decide what law he will rely upon")).[10]

Similarly, Defendant's arguments related to *Knowles* are inapplicable. Plaintiff here does not seek to avoid CAFA jurisdiction by manipulating the amount in controversy. *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013). *Knowles* in fact makes clear that even in the CAFA context, plaintiffs are the "masters of their complaints." *Id.; see also Corber v. Xanodyne Pharms., Inc.*, 771 F.3d 1218, 1223 (9th Cir. 2014) (reinforcing that plaintiffs, even in a class action, retain control over how they frame their claims.) Plaintiff need not bring every conceivable claim in order to satisfy her duties as a class representative.

Finally, Plaintiff's Complaint requests the Court enter an injunction remedying Defendant's violations of the statutes, among which is the failure to pay policy benefits on improperly lapsed policies, as well as restitution in the form of lost policy benefits. ECF No. 1 at ¶¶ 61-68. In other words, that Plaintiff seeks relief under the UCL does not leave putative class members without the ability to recover should Plaintiff's claims prove successful.[11] Plaintiff's Complaint does not improperly bind the putative class.

## III. <u>CONCLUSION</u>

Because Plaintiff brings only equitable claims, has not alleged that she lacks an adequate remedy and law, and cannot allege she will harmed again in the same manner in the future, this Court does not have equitable or subject matter jurisdiction over her UCL claims. Defendant has not met its burden to show otherwise. See *Guzman*, 49 F.4th at 1314 (the party asserting jurisdiction must demonstrate both equitable and subject matter jurisdiction). This Court should remand her case to the state court, where it was originally filed.

---

[10] Defendant's citation to *Kelley*, as a means to argue that Plaintiff's pleading in state court here is somehow improper fails to inform the court that in that case summary judgment was awarded to Defendant because the court find that the Kelley had not suffered damages because the she testified in deposition that she had replaced her lost coverage with cheaper coverage and considered herself better off than before Defendant's breach. *Kelley v. Colonial Penn Life Ins. Co.*, 2025 U.S. Dist. LEXIS 87524, at *7 (C.D. Cal. May 6, 2025). That is not the case here.

[11] Defendant claims it is a breach of fiduciary duty to not bring claims for breach of contract while framing this case as identical to *Small*, the holding of which Defendant contends "doom[s] class certification" for such claims. ECF No. 22 p. 29. These assertions cannot be reconciled.

DATED: August 27, 2025

**WINTERS & ASSOCIATES**

By: *_/s/Jack B. Winters, Jr._*
Jack B. Winters, Jr. (SBN 82998)
Sarah Ball (SBN 292337)
8489 La Mesa Blvd.
La Mesa, CA 91942
Tel (619) 234-9000
Fax (619) 750-0413
Email: jwinters@singletonschreiber.com
Email: sball@einsurelaw.com

**NICHOLAS & TOMASEVIC LLP**
Craig M. Nicholas (SBN 178444)
Alex Tomasevic (SBN 245598)
Jake W. Schulte (SBN 293777)
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org
Email: jschulte@nicholaslaw.org

**SINGLETON SCHREIBER, LLP**
Christopher R. Rodriguez, SB# 212274
Andrew D. Bluth, SB# 232387
Michelle M. Meyers, SB# 236387
1414 K Street, Suite 470
Sacramento, California 95814
Telephone: (916) 248-8478
Facsimile: (619) 255-1515
E-Mail: crodriguez@singletonschreiber.com
E-Mail: abluth@singletonschreiber.com
E-Mail: mmeyers@singletonschreiber.com

Attorneys for Plaintiff CAROLINE R. HOMAN, Individually, and on Behalf of the Class

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINE R. HOMAN, Individually, and on Behalf of the Class,<br><br>Plaintiff,<br><br>v.<br><br>COLONIAL PENN LIFE INSURANCE COMPANY, a Pennsylvania Corporation; and DOES 1 through 10, Inclusive,<br><br>Defendants. | CASE NO. 1:25-CV-00296-JLT-SAB<br><br>DECLARATION OF SERVICE<br><br>Persons served: Craig M. Nicholas, Alex Tomasevic, Jake W. Schulte, Christopher R. Rodriguez, Andrew D. Bluth, Michelle M. Meyers, Adam J. Kaiser, Kathy J. Huang, Brooke H. Bolender, Daniel Dubin, Jesse Steinbach<br><br>Date served: August 27, 2025 |

I, the undersigned, declare under penalty of perjury: I am over the age of 18 years, not a party to this action, and served the above persons the document:

PLAINTIFF CAROLINE R. HOMAN'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES TO DEFENDANT COLONIAL PENN LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

in the following manner:

1) [] By personally delivering copies to the office of the person served.

2) [] By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (postage pre-paid) copies to the person served at the place where the copies were left.

3) [] By placing copies in separate envelopes, with postage fully prepaid, for each address on the attached Service List and depositing each in the U.S. Mail at La Mesa, California, on _________ , 2025.

4) [x] By electronic filing on August 27, 2025, I served the above document by e-filing in accordance with the rules governing the electronic filing of documents in the United States District Court for the Eastern District of California as follows:

| | |
|---|---|
| Craig M. Nicholas | cnicholas@nicholaslaw.org |
| Alex Tomasevic | atomasevic@nicholaslaw.org |
| Jake W. Schulte | jschulte@nicholaslaw.org |

| | |
|---|---|
| Christopher R. Rodriguez | crodriguez@singletonschreiber.com |
| Andrew D. Bluth | abluth@singletonschreiber.com |
| Michelle M. Meyers | mmeyers@singletonschreiber.com |
| Adam J. Kaiser | Adam.Kaiser@alston.com |
| Kathy J. Huang | Kathy.Huang@alston.com |
| Brooke H. Bolender | Brooke.Bolender@alston.com |
| Daniel Dubin | Daniel.Dubin@alston.com |
| Jesse Steinbach | Jesse.Steinbach@alston.com |

Executed on August 27, 2025, at La Mesa, California.

Silvia Flores

Silvia Flores

**SERVICE LIST**

KATHY J. HUANG (State Bar No. 240677)
Kathy.Huang@alston.com
JESSE STEINBACH (State Bar No. 278923)
Jesse.Steinbach@alston.com
DANIEL DUBIN (State Bar No. 313235)
Daniel.Dubin@alston.com
BROOKE H. BOLENDER (State Bar No. 340689)
Brooke.Bolender@alston.com
ALSTON & BIRD LLP
350 South Grand Avenue, 51st Floor
Los Angeles, California 90071-3004
Telephone: 213-576-1000; Facsimile: 213-576-1100

ADAM J. KAISER (PHV)
Adam.Kaiser@alston.com
ALSTON & BIRD LLP
90 Park Avenue, 15th Floor
New York, New York 10016-1387
Telephone: 212-210-9400; Facsimile: 212-210-9444
**Attorneys for Defendant**
**COLONIAL PENN LIFE INSURANCE COMPANY, a Pennsylvania Corporation**

NICHOLAS & TOMASEVIC, LLP
Craig M. Nicholas (SBN 178444)
Alex Tomasevic (SBN 245598)
Jake W. Schulte (SBN 293777)
225 Broadway, 19th Floor
San Diego, California 92101
Telephone: (619) 325-0492; Facsimile: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org
Email: jschulte@nicholaslaw.org

SINGLETON SCHREIBER, LLP
CHRISTOPHER R. RODRIGUEZ, SB# 212274
ANDREW D. BLUTH, SB# 232387
MICHELLE M. MEYERS, SB# 236387
1414 K Street, Suite 470
Sacramento, California 95814
Telephone: (916) 248-8478; Facsimile: (619) 255-1515
E-Mail: crodriguez@singletonschreiber.com
E-Mail: abluth@singletonschreiber.com
E-Mail: mmeyers@singletonschreiber.com
**Attorneys for Plaintiff CAROLINE R. HOMAN, Individually, and on Behalf of the Class**