# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINE R. HOMAN, *Individually, and on Behalf of the Class*,<br><br>Plaintiff,<br><br>v.<br><br>COLONIAL PENN LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 1:25-cv-00296-JLT-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION TO REMAND<br><br>(ECF No. 10)<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

Before the Court is Plaintiff Caroline R. Homan's motion to remand this matter back to California Superior Court, Mariposa County. A hearing was held in this matter on September 3, 2025, and the Court allowed for supplemental briefing by the parties. (ECF Nos. 27, 28, 29.) Sarah Bell, Esq., appeared on behalf of Plaintiff. Kathy Huang, Esq., appeared on behalf of Defendant. Based on the papers, the record, and the arguments presented at the hearing and in the supplemental briefs, the Court will recommend denying Plaintiff's motion to remand.

## I.

## BACKGROUND

This is a putative class action for alleged violations of the California Insurance Code, §§ 10113.71 and 10113.72. (ECF No. 1, Exh A, Complaint, ¶¶ 1-15.) Plaintiff is Caroline R. Homan, an individual and beneficiary of a life insurance policy that insured her late husband's life. (Id. at ¶ 11.) Defendant is Colonial Penn Life Insurance Company, a Pennsylvania corporation doing business in California that is licensed to sell life insurance. (Id. at ¶ 12.)

1

Plaintiff alleges that Defendant violated the Insurance Code when it terminated the relevant life insurance policy, and Plaintiff asserts that the policy must be restored. (Id. at ¶¶ 1-15.)

As relevant here, the California Insurance Code generally require that life insurers provide: (1) a 60-day grace period in the policy contract and in practice, § 10113.71(a); (2) sufficient notice of missed premium and "of pending lapse and termination" prior to the effective termination date, § 10113.71(b); and (3) an annual opportunity to designate a third party to receive notice of a potential termination of benefits for nonpayment of a premium, § 10113.72. Plaintiff observes that California Supreme Court has characterized these statutes as:

> provide[ing] consumer safeguards from which people who have purchased life insurance coverage, especially seniors, would benefit. Under existing law, individuals can easily lose the critical protection of life insurance if a single premium is accidentally missed (even if they have been paying premiums on time for many years) . . . Therefore, the protections provided by [these statutes] are intended to make sure policyholders have sufficient warning that their premium may lapse due to nonpayment.

(ECF No. 10-1, p. 3, quoting McHugh v. Protective Life Ins. Co., 12 Cal. 5th 213, 241, 494 P.3d 24 (Cal. 2021).)

Plaintiff essentially alleges violations of these Insurance Code statutes when Defendant terminated the policy, originally purchased by Plaintiff's now late husband. (ECF No. 1, Exh A, Complaint, ¶¶ 36-47.) Indeed, following the death of her husband, Plaintiff contacted Defendant to file a claim but was informed that the policy had been terminated for nonpayment only months earlier with no 60-day grace period, no notice of pending lapse or termination, and no annual opportunity to designate a third party to receive notice of potential termination of benefits for nonpayment of a premium. (Id.) Defendant notified Plaintiff that would not pay her claim. (Id. at ¶ 45.)

On February 4, 2025, Plaintiff commenced this action in California Superior Court, Mariposa County, bringing one cause of action: violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200. (ECF No. 1, Exh. A., Complaint, ¶¶ 1, 58-70.) Plaintiff explicitly prays for only class certification, injunctive relief, restitution, and attorney's fees. (Id. at p. 31.) On March 10, 2025, Defendant removed the action to this Court. (ECF No. 1.) On

1  April 9, 2025, Plaintiff moved for remand, and the assigned District Judge referred the motion to
2  the undersigned for the preparation of findings and recommendations.  (ECF Nos. 10, 15.)  The
3  motion has been fully briefed, (ECF Nos. 22, 23), and the Court held a hearing on September 3,
4  2025.  (ECF No. 25.)  During the hearing, Plaintiff requested the opportunity to brief whether
5  recent Ninth Circuit precedent would still allow for remand in this case.  The Court granted the
6  request, allowing supplemental briefing from Plaintiff (ECF No. 28), as well as a response from
7  Defendant.  (ECF No. 29.)

## II.

## LEGAL STANDARDS

10  A defendant may remove a matter to federal court if the district court would have original
11  jurisdiction—*i.e.*, federal question jurisdiction, diversity jurisdiction, or jurisdiction pursuant to
12  the Class Action Fairness Act of 2005.  28 U.S.C. § 1441(a); 28 U.S.C. § 1453; Caterpillar, Inc.
13  v. Williams, 482 U.S. 386, 392 (1987).  As relevant here, "CAFA creates subject matter
14  jurisdiction in federal court for class actions where (1) there is minimal diversity; (2) the amount
15  in controversy exceeds $5 million; and (3) there are more than 100 members in the proposed
16  class."  Ruiz v. Bradford Exchange, Ltd., 153 F.4th 907, 909 (9th Cir. 2025), citing 28 U.S.C. §
17  1332(d).

18  "'It is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal
19  courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'"
20  Hunter v. Philip Morris, USA, 582 F.3d 1039, 1042 (9th Cir. 2009), quoting Abrego Abrego v.
21  Dow Chem. Co., 443 F.3d 676, 684 (9th Cir.2006) (alterations in original).  The "'strong
22  presumption against removal jurisdiction means that the defendant always has the burden of
23  establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand
24  to state court."  Id., quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992) (per curiam)
25  (internal quotation marks omitted).  Should a party wish to challenge jurisdiction following
26  removal, a motion to remand is the proper procedure to challenge a removal based on lack of
27  jurisdiction.  28 U.S.C. § 1447(c).
28  / / /

**III.**

**DISCUSSION**

Following the recent Ninth Circuit opinion Ruiz v. Bradford Exchange, Ltd., 153 F.4th 907, the parties agree that the only remaining arguments boil down to the scope of the holding in Ruiz. Plaintiff essentially argues that Ruiz is limited insofar as Ruiz did not explicitly hold that a district court must retain equitable jurisdiction where a defendant waives an adequate-remedy-at-law defense and that the equitable relief sought in Ruiz was equitable restitution. (ECF No. 28, pp. 7-11.) Even if the Court were to find that Ruiz fully controls here, Plaintiff contends that the Court could and should decline to accept Defendant's wavier. (Id. at p. 12-15.) Plaintiff then argues that the Court does not have subject-matter jurisdiction over the injunctive relief portion of Plaintiff's UCL claim. (Id. at 15-20.) Throughout, Plaintiff also asserts that policies of judicial economy, comity, and fairness all support remand. (See id. at pp. 20-21.)

In opposition, Defendant argues that Ruiz was intended to and does apply to all equitable remedies, not solely to cases involving only equitable restitution. (ECF No. 29, pp. 6-7.) Defendant then takes issue with Plaintiff's suggestion that the Court can and should decline to accept Defendant's waiver. (Id. at pp. 7-11.) Next, Defendant asserts that injunctive relief is a remedy and not a cause of action, and therefore, Plaintiff's argument regarding subject-matter jurisdiction, on a motion to remand, is wanting. (Id. at pp. 11-18.) Last, Defendant contends that the Court cannot remand injunctive relief portion of Plaintiff's UCL claim under California's primary rights doctrine. (Id. at p. 19-20.)

Notwithstanding Plaintiff's novel legal arguments, the Court finds that Ruiz applies to cases seeking only equitable relief, not merely a subset of cases seeking only equitable restitution. Furthermore, the Court is not persuaded that it should decline to accept Defendant's waiver. Regarding subject-matter jurisdiction for injunctive relief, Plaintiff has not persuaded the Court that remand is appropriate in this case.

Because the resolution of this motion depends on the scope and application of Ruiz, the Court begins with a summary of that case.

/ / /

4

A. **Ruiz v. The Bradford Exchange, Ltd.**

In May 2020, the plaintiff in Ruiz purchased a snow-globe collectable through the defendant's website. 153 F.4th at 909. Though the plaintiff had made what he thought was a one-time purchase, he was subsequently charged eleven more times for what appeared to be a subscription service; the plaintiff alleged he had never signed up for such a service. Id. The plaintiff then filed a putative class-action complaint in California state court, bringing claims under California's False Advertising Law and Unfair Competition Law. Id. As to relief, the plaintiff sought only equitable restitution though he conceded that he could have sought damages, a legal remedy, under California's Consumer Legal Remedies Act. Id.

The defendant removed the case to federal court under CAFA. Id. And while there was no dispute that the district court had subject-matter jurisdiction over the matter under CAFA, the plaintiff nonetheless moved to remand, noting that while California law provided him a legal remedy, he had sought only an equitable remedy. Id. at 909-10. Because the plaintiff did not plead that he lacked an adequate remedy of law, the plaintiff reasoned that the district court lacked equitable jurisdiction. Id. at 910. In opposition, the defendant argued that the district court lacked a legal mechanism, statutory or common-law, that would allow it to remand the matter to state court. Id. In the alternative, should the district have the power to remand, the defendant argued that it should be given an opportunity to waive the adequate-remedy-at-law issue in order to keep the case in federal court. Id. The district court concluded that its power to remand a case to state court extended to a lack of equitable jurisdiction, and it ruled that the defendant could not waive its adequate-remedy-at-law defense. Id. Thus, the district court granted the plaintiff's motion to remand.

The Ninth Circuit reversed, vacated, and remanded. Id. at 918. The Court began with a survey of the doctrine of equitable jurisdiction, observing that soon after the Supreme Court's holding in Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938), the Supreme Court clarified that, in cases involving diversity jurisdiction, "[e]quitable relief in a federal court" must still "be within the traditional scope of equity as historically evolved in the English Court of Chancery." Id. at 910, quoting Guaranty Trust Co. of N.Y.C. v. York, 326 U.S. 99, 105 (1945). Indeed, the

Supreme Court continued, stating that "a plain, adequate and complete remedy at law must be wanting" for a federal court to exercise its equity powers, even in cases where "a State may authorize its courts to give equitable relief unhampered" by a similar restriction. Id., quoting York, 326 U.S. at 105-06. In other words, the "limitation on the equitable powers of federal courts therefore applie[s] in diversity cases as well." Id., citing York, 326 U.S. at 106.

The Ruiz Court then discussed the Circuit's recent cases involving equitable jurisdiction and distilled

> a few key conclusions that are relevant here: federal courts in diversity cases apply federal principles of equitable jurisdiction; a plaintiff who fails to allege the lack of an adequate remedy at law cannot utilize a federal court's equitable jurisdiction; equitable jurisdiction is not a matter of subject matter jurisdiction; and when a case is initially filed in federal court and the defendant demonstrates that equitable jurisdiction is lacking, a court must dismiss the case, but without prejudice.

Id. at 912.

The Court then identified the two questions presented in the case before it, a case where a plaintiff moved to remand for lack of equitable jurisdiction on a theory that the plaintiff had not alleged he had lacked an adequate remedy of law: whether a district court has the authority to remand the case to state court, and whether the district court erred by not allowing a defendant to waive its adequate-remedy-at-law defense. Id. at 912, 915.

The Ninth Circuit first held that "when a case is removed from state court and the district court concludes it lacks equitable jurisdiction, the court has the authority to remand the case to state court," and relatedly, [t]he court is not required to dismiss the case." Id. 913. In grounding its holding, the Ninth Circuit observed that the "Supreme Court long ago indicated that remand to state court was a permissible response to a lack of equitable jurisdiction." Id. (discussing Cates v. Allen, 149 U.S. 451 (1893), Twist v. Prairie Oil & Gas Co., 274 U.S. 684 (1927), Quackenbush v. Allstate Ins. Co., 517 U.S. 706 (1996)). Moreover, the Ninth Circuit reasoned that "[a]llowing district courts to remand for lack of equitable jurisdiction is consistent with other contexts in which remand has been permitted," thus avoiding "the perpetual removal-dismissal loops that might otherwise occur if district courts were limited to dismissing an action without prejudice."

1    Id. 913-14, citing Quackenbush, 517 U.S. at 721 (abstention doctrines); Kamm v. ITEX Corp.,
2    568 F.3d 752, 755 (9th Cir. 2009) (forum selection clauses).
3         The Court then turned to the issue of whether the district court erred by not allowing the
4    defendant the opportunity to "waive the adequate-remedy-at-law impediment" and held that this
5    issue "is waivable." Id. at 915. The Ruiz Court began by outlining Supreme Court precedent that
6    demonstrated that "equitable jurisdiction is waivable." Id., citing Pusey & Jones Co. v. Hanssen,
7    261 U.S. 491 (1923); Am. Mills Co. v. Am. Sur. Co. of N.Y., 260 U.S. 360 (1922); Twist, 274
8    U.S. at 691. The Court discussed that this conclusion "follows from first principles." Id. at 916.
9    Though subject-matter jurisdiction "can never be forfeited or waived, . . . equity jurisdiction does
10   not relate to the power of the court to hear and determine a controversy." Id., quoting Arbaugh v.
11   Y&H Corp., 546 U.S. 500, 514 (2006) and Yuba Consol. Gold Fields v. Kilkeary, 206 F.2d 884,
12   887 (9th Cir. 1953). And therefore, [e]quitable jurisdiction is distinct from subject matter
13   jurisdiction." Id., quoting Guzman v. Polaris Indus. Inc., 49 F.4th 1308, 1314 (9th Cir. 2022).
14        In further support of its holding that the adequate-remedy-at-law objection is waivable, the
15   Ninth Circuit reiterated that equitable jurisdiction is comparable to the issues of abstention and
16   *forum non conveniens*, which are both waivable and/or discretionary. Id. at 916-17. The Court
17   then observed that the label "jurisdiction" in "equitable jurisdiction" can a bit of a misnomer if
18   compared to subject-matter jurisdiction when, in reality, it is more similar to the concept of
19   "personal jurisdiction," which has long been understood to be waivable. Id. at 917.
20        The Ruiz Court further observed that allowing a defendant to waive the adequate-remedy-
21   at-issue fit into the broader rationale for the federal doctrine of equitable jurisdiction, "namely,
22   the protection of the right to a jury." Id. Though states may have different conceptions of legal
23   and equitable remedies available to parties in state court, this at times abuts the Seventh
24   Amendment's right to a jury trial when brought into federal courts. Id. That said, the federal
25   civil jury trial right may be waived, and thus, the Ninth Circuit stated that "[i]t would therefore be
26   counterintuitive if the adequate-remedy-at-law objection protecting the waivable jury-trial right
27   could not itself be waived." Id.
28        Thus, the "upshot" of the Ruiz decision is that where "a plaintiff files a lawsuit in state

court seeking only equitable relief and the case is properly removed to federal court, a defendant can defeat remand on equitable jurisdiction grounds by waiving the adequate-remedy-at-law issue." Id. at 918.

### B. The Scope of the Holding in Ruiz

Plaintiff's lead argument is that Ruiz is distinguishable from the present case. (ECF No. 28, p. 9-12.) To start, Plaintiff argues that Ruiz dealt with case involving equitable restitution, and therefore, "Ruiz does not speak to whether a defendant can defeat remand in cases where there are multiple causes of action or where a plaintiff is seeking relief other than or in addition to restitution, particularly relief the federal courts do not have subject matter jurisdiction to grant." (Id. at p 10.) Plaintiff then makes an argument regarding the precedent Ruiz relied upon, essentially arguing that the instant case is different because Plaintiff here does not consent to being in federal court. (Id. at pp. 10-11.) The Court is not persuaded that Ruiz is so limited.

While in Ruiz the plaintiff sought only equitable restitution, the holdings in Ruiz can hardly be read to be cabined to that theory of equitable relief. If the Ninth Circuit had believed that this were so, it would have said so. In any event, the Ruiz Court's entire analysis was regarding whether equitable jurisdiction, as a whole, was waivable, observing that the Supreme Court had long ago held that "equitable jurisdiction is waivable." 153 F.4th at 915, citing Pusey & Jones Co., 261 U.S. 491 (1923); Am. Mills Co., 260 U.S. 360 (1922); Twist, 274 U.S. at 691. Moreover, the Court's discussion that this conclusion logically follows from first principles in no way can be read to be limited to equitable restitution. Indeed, it would make little sense to not apply Ruiz to all claims within equitable jurisdiction given the Court's observation of a party's ability to waive their Seventh Amendment right to jury trial supported that a defendant could waive the adequate-remedy-at-law issue. Finally, Plaintiff has not seriously contended with the Ninth Circuit's own described "upshot" of Ruiz: "a plaintiff files a lawsuit in state court seeking only equitable relief and the case is properly removed to federal court, a defendant can defeat remand on equitable jurisdiction grounds by waiving the adequate-remedy-at-law issue." Id. at 918. Therefore, Plaintiff has not offered a persuasive argument that Ruiz is limited to cases involving equitable restitution.

1    Plaintiff's other argument is that the precedent undergirding Ruiz involved cases where waiver of equitable jurisdiction was found over a defendant's objection. Plaintiff attempts to suggest that where, as here, a plaintiff objects or does not consent to equitable jurisdiction, that this should change the outcome. Yet, Ruiz itself directly undermines that position. The plaintiff in Ruiz did not consent to being in federal court and indeed moved to remand. Id. at 909-10. If Plaintiff's argument held merit, the Ninth Circuit would have addressed it squarely in Ruiz.

The Court finds that the holdings of Ruiz apply to equitable jurisdiction generally, and therefore, Ruiz controls in this case.

### C.   Defendant's Waiver of Adequate-Remedy-at-Law Defense

Plaintiff next argues that notwithstanding Defendant's unambiguous waiver of its adequate-remedy-at-law defense (see ECF No. 26), the Court is not "obligated to accept that waiver and decline to remand." (ECF No. 28, p. 12.) In support, Plaintiff highlights that she is not a consenting party to the equitable jurisdiction of the Court. (Id.) Plaintiff then makes a separate argument that the Court should reject Defendant's waiver here. (Id. at pp. 12-14.) Finally, Plaintiff argues that by not declining to accept Defendant's waiver, Plaintiff's "injunctive relief claim" cannot be heard by any court. (Id. at p. 14.) The Court is not persuaded.

Going back to the legal standard on a motion to remand, the Court reiterates that "the defendant always has the burden of establishing that removal is proper." Hunter, 582 F.3d at 1042. It is undisputed that the Court has subject-matter jurisdiction over Plaintiff's UCL claim pursuant to CAFA. As relevant here, by filing a waiver of an adequate-remedy-at-law defense, the Court finds from the outset that Defendant has met its burden of establishing that removal is proper, and "the case may then proceed in federal court in the normal course." See Ruiz, 153 F.4th 918. With this in mind, the Court addresses Plaintiff's arguments.

Plaintiff's first argument regarding her lack of consent of being in a federal forum is of no moment. Motions to remand following removal are part of the "bread-and-butter docket" of this Court, the resolution of which always carries the reality of keeping a non-consenting plaintiff in federal court. Moreover, the Court finds that any concern in this case is tempered by the Ninth Circuit's observation in Ruiz that "it remains true that a 'plaintiff is the master of his complaint.'"

9

153 F.4th at 914, quoting Newtok Vill. v. Patrick, 21 F.4th 608, 616 (9th Cir. 2021). Plaintiff of course remains the master of her complaint, which she acknowledges in her briefing—though, this observation now appears to cut differently following Ruiz.

Plaintiff's next argument is complex, and the Court addresses it in the way it views is the most logical. First, Plaintiff argues that the underlying reasoning of Ruiz would allow for the Court to have discretion in whether to accept or reject Defendants' waiver of its adequate-remedy-at-law defense. (ECF No. 28, pp. 13-15.) Second, relying on principles of federalism and comity, Plaintiff argues that the Court should elect to reject Defendants' waiver here. (Id. at pp. 12-13.) Even assuming the Court has discretion in accepting or rejecting Defendants' waiver, the Court is not persuaded that rejecting Defendants' waiver here is appropriate.

From the outset, the Court does not disagree with Plaintiff that likely, based on the underlying logic of Ruiz, federal district courts have discretion in whether to accept or reject a defendant's waiver of an adequate-remedy-at-law. In particular, the Ruiz Court observed that "[t]reating the adequate-remedy-at-law objection as waivable would also align equitable jurisdiction with abstention and *forum non conveniens*, two doctrines we have already said are comparable." 153 F.4th at 916. And as Plaintiff notes, there are cases where notwithstanding a defendant's waiver of abstention, a court may nonetheless reach the merits of abstention *sua sponte* or unpreserved on appeal. See, e.g., Guillemard-Ginorio v. Contreras-Gomez, 585 F.3d 508, 517-18 (1st Cir. 2009).

That said, even assuming without deciding that a federal district court has discretion in whether to accept or reject a defendant's adequate-remedy-at-law waiver, Plaintiff's argument to reject Defendant's waiver here fails to persuade. Plaintiff begins by contending that a federal court should "abstain from hearing a case where principles of federalism and comity are at issue to ensure state courts are given the opportunity to resolve matters of significant state interest without undue interference from federal courts." (ECF No. 28, p. 13.) Here, Plaintiff asserts that "Defendant's waiver is an attempt to keep an issue of important state interest involving violation of state law out of state court." (Id.) Yet, as Defendant observes, Plaintiff's logic would generally upset diversity jurisdiction because if a violation of state law is an "important state

interest," then a federal court would almost always have to decline to hear a case in diversity in similar circumstances. (ECF No. 29, p. 9.) In other words, Plaintiff's hardline position appears to be in contravention of 28 U.S.C. § 1332 ("The district courts *shall* have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . .") (emphasis added).

Not unlike the principles of involving the determination of whether to decline supplemental jurisdiction, Plaintiff then continues, arguing that the Court should decline to accept Defendant's waiver "based on the interest of comity, federalism, justice, judicial economy, and a concern for burden on the federal court." (ECF No. 28, pp. 13-14.) Yet, Plaintiff does not expand on this argument, and therefore, the Court finds it to be analytically insufficient to persuade. Moreover, even taking these factors on their own terms, the Court is doubtful whether any of these would mandate that the Court essentially decline jurisdiction over Plaintiff's claim. To that point, Defendant highlights that "numerous federal courts have already adjudicated identical claims predicated on the same state law, belying the notion that federal courts should abstain from hearing such disputes." (ECF No. 29, p. 9), citing Siino v. Foresters Life Ins. & Annuity Co., 340 F.R.D. 157 (N.D. Cal. 2022); Pitt v. Metro. Tower Life Ins. Co., 675 F. Supp. 3d 1073 (S.D. Cal. 2023); Kelley v. Colonial Penn Life Ins. Co., No. 2:20-cv03348-FLA (Ex), 2025 U.S. Dist. LEXIS 87524 (C.D. Cal. May 6, 2025); Fox v. Genworth Life & Annuity Ins. Co., No. 2:24-cv-01001-WBS-CKD, at *5 (Aug. 19, 2025).

Rounding the bend, Plaintiff contends that "under California law anyone can waive a right intended for its own benefit, but a law established for a public reason cannot be contravened by a private agreement." (ECF No. 28, p. 14.) Yet, as Defendant notes, Plaintiff does not point to any "law established for a public reason" that is contravened by a "private agreement," (ECF No. 29, p. 11), nor is this apparent to the Court. Furthermore, Plaintiff's precedent here becomes a stretch. For example, Plaintiff cites to People v. Dominguez, 256 Cal. App. 2d 623 (Ct. App. 1967), a criminal case discussing the waiver of right to challenge a condition of probation even though the defendant accepted the benefit of probation. Id. at 629. Beyond citing to Cal. Civ. Code § 3513, the Court finds this case to be unhelpful to the case at bar.

The Court has considered Plaintiff other cited precedent in this section and finds it either inapposite or unpersuasive.

Based on the foregoing, the Court will not recommend that the District Judge decline to accept Defendant's waiver of its adequate-remedy-at-law defense.

**D.      Subject-Matter Jurisdiction Over Injunctive Relief**

Plaintiff argues that because she seeks injunctive relief, this is even more of a reason for the Court to decline to accept Defendant's waiver. (ECF No. 28, p. 15.) Plaintiff observes that her "policy has already been lapsed and cannot be lapsed again, she does not have Article III standing to bring her injunctive relief claim. As such, this Court does not have subject matter jurisdiction over that claim." (Id.) Thus, Plaintiff argues that remand is required because state courts are not bound by the constraints of Article III. (Id.)

Plaintiff has offered two cases in support of this argument, one on a motion to dismiss posture, and the other on a motion for summary judgment posture. Of course, on a motion to dismiss a court is tasked with determining whether a complaint fails to state a claim, and on summary judgment a court determines whether there is no genuine dispute as to any material fact and whether a party is entitled to judgment as a matter of law. Meanwhile, on a motion to remand, "[t]he threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009), quoting Ansley v. Ameriquest Mortgage Co., 340 F.3d 858, 861 (9th Cir.2003). Thus, the inquiries a court makes, as well as any presumptions, are fundamentally different on a motion to dismiss, motion for summary judgment, and a motion to remand. Therefore, the import of Plaintiff's caselaw is tenuous, but in any event, with the foregoing in mind, the Court addresses the caselaw.

In Russell v. Kohl's Department Stores, Inc., the defendant allegedly employed a strikethrough advertising scheme to induce consumers into purchasing a product that was not in actuality a discounted item. No. ED CV 15-1143 RGK (SPx), 2015 WL 12781206, at *1 (C.D. Cal. Oct. 6, 2015). The plaintiffs commenced a putative class action, bringing claims under the UCL and FAL. Id. Defendant moved to dismiss. Id. As relevant here, having determined that

1  the plaintiffs had stated a claim for restitution, the court turned to whether the plaintiffs had
2  standing for injunctive relief. Id.  The Russell court observed that "[a] plaintiff seeking to obtain
3  injunctive relief must establish that he or she is realistically threatened by a repetition of the
4  violation in order to establish that the relief sought would redress the alleged injuries." Id., citing
5  Gest v. Bradbury, 443 F.3d 1177, 1181 (9th Cir. 2006).  Russell predated the Ninth Circuit's
6  seminal case Davidson v. Kimerly-Clark Corporation, 889 F.3d 956 (9th Cir. 2018) (discussing
7  the requirements for Article III standing for diversity cases involving injunctive relief and
8  California's consumer protection laws), and thus, Russell continued with an analysis of what in
9  its view led to denying the defendant's motion to dismiss as to the plaintiff's claim for injunctive
10 relief.  Id. at *6.  Ultimately, the Court finds Russell to not be helpful.  Though the court
11 mentioned the injury-in-fact component for Article III standing for injunctive relief, Russell does
12 not provide much more than that.  Moreover, the Court observes that Plaintiff did not cite to or
13 discuss Davidson in this section, the key Ninth Circuit case in this niche area of the law.
14 Therefore, Russell is not persuasive.

15    Plaintiff also relies on a case from the Ninth Circuit.  In Polo v. Innovations International,
16 LLC, the plaintiff on appeal did not dispute that she lacked Article III standing for any of her
17 claims, following such a determination from the district court on summary judgment, but she
18 argued that the district court should have remanded the case to state court as opposed to
19 dismissing the action.  833 F.3d 1193, 1195 (9th Cir. 2016).  The Ninth Circuit observed that,
20 "[i]n an ordinary removal case, '[i]f at any time before final judgment it appears that the district
21 court lacks subject matter jurisdiction, the case shall be remanded.'" Id. at 1196, quoting 28
22 U.S.C. § 1447(c).  The Court rejected the defendant's argument that § 1447(c) did not apply and
23 thus reversed the district court insofar as dismissing the action as opposed to remanding. Id. at
24 1196-97. Plaintiff selectively picks language that when a court determines it lacks subject-matter
25 jurisdiction, "[r]emand is the correct remedy because a failure of federal subject-matter
26 jurisdiction means only that the federal courts have no power to adjudicate the matter.  State
27 courts are not bound by the constraints of Article III." Id. at 1196.  However, it was undisputed
28 that in Polo the plaintiff did not have Article III standing for any of her claims.  Here, it is

13

undisputed that the Court has subject-matter jurisdiction over Plaintiff's UCL claim via CAFA. Thus, the Polo appears to be distinguishable on that point alone.

On the other hand, Defendant begins by observing that the issue of whether Plaintiff's policy had lapsed is a factual issue that has not yet been determined by the Court. Defendant then argues that Plaintiff's argument here fails for two reasons. First, Defendant notes that it is undisputed that the Court has original jurisdiction over Plaintiff's claim under CAFA. "That Plaintiff may not have standing to seek an injunction for some portion of the putative class as a remedy—an issue that will be decided later in the case—does not change the Court's jurisdiction under CAFA to decide this case." (ECF No. 29, p. 12.) Second, Defendant argues that Plaintiff's UCL claim is the claim in which the Court has jurisdiction over and that injunctive relief is remedy where such relief is appropriate. (Id.) Indeed, Defendant cites to caselaw that discusses that "[u]nder both California and federal law, injunctive relief is a remedy, not a cause of action." Brown v. Stroud, No. CV 08-2348 VRW, 2011 WL 13312050, *5 (N.D. Cal. Jan. 28, 2011) (collecting cases); see Cox Communications PCS, LP v. City of San Marcos, 204 F. Supp. 2d 1272, 1283 (S.D. Cal. 2002). The Court agrees with Defendant on all points.

The Court finds Defendant's offered precedent, Lee v. Am. Nat'l Ins. Co., to be persuasive. 260 F.3d 997 (9th Cir. 2001). In Lee, the Ninth Circuit was presented with the question of "whether, in a diversity action removed from state court, the entire case must be remanded if the plaintiff lacks Article III standing as to one of several defendants." Id. at 999. In coming to its conclusion that such a case need not be remanded, the Court discussed other precedent where a plaintiff had brought a case with some claims there were barred by the Eleventh Amendment. Id. at 1003, discussing Kruse v. State of Hawaii, 68 F.3d 331 (9th Cir. 1995). The Lee Court observed that in Kruse the Ninth Circuit had "held that the Eleventh Amendment bar to deciding some of the plaintiff's claims had no bearing on the district court's original jurisdiction over her case as a whole." Id. Lee went further, reasoning that "[n]othing in our decision in Kruse hinged on the nature of Eleventh Amendment immunity as opposed to any other constitutional limit on federal jurisdiction. Rather, we agreed with the Sixth Circuit's approach that 'a jurisdictional bar against particular claims, and not entire cases . . . should not

14

deprive the district court of its otherwise proper jurisdiction over the action.'" Id., quoting Kruse, 68 F.3d at 334. Thus, "the presence of at least some claims over which the district court has original jurisdiction is sufficient to allow removal of an entire case, even if others of the claims alleged are beyond the district court's power to decide." Id. at 1002-03. Here, the Court has subject-matter jurisdiction, pursuant to CAFA, see Ibarra v. Mannheim Invs., Inc., 775 F.3d 1193, 1195 (9th Cir. 2015), to preside over Plaintiff's UCL claim—the only claim. And the reasoning of Lee supports the conclusion that simply because Plaintiff may not have standing to pursue injunctive *relief* does not disqualify the Court from otherwise exercising its jurisdiction over the UCL *claim*. See Chuang v. Dr Pepper Snapple Group, Inc., No. CV 17-1875-MWF(MRWx), 2017 WL 2463951, at *2 (C.D. Cal. June 7, 2017) (applying Lee in a substantially similar context).

Therefore, the Court declines to follow Plaintiff's suggestion that the Court should reject Defendant's waiver because she may not have Article III standing for injunctive relief.

The Court also declines Plaintiff's offer that the Court remand only that portion for equitable relief of Plaintiff's UCL claim to state court. (ECF No. 28, p. 16.)[1] Plaintiff overstates her lead precedent on this issue. In Reyes v. Checksmart Financial, LLC, the plaintiff brought claims under California's Deferred Deposit Transactions Law ("DDTL"), as well as "meal and rest break and constructive discharge claims." 701 Fed. Appx. 655, 656 (9th Cir. 2017) (mem). The Ninth Circuit, in an unpublished opinion, affirmed the district court's dismissal of the plaintiff's DDTL claim and likewise affirmed the district court's decision to dismiss and not remand because the plaintiff had Article III standing. Id. at 656-57. The Court also affirmed the district court's determination that the plaintiff had failed to offer any evidence that the defendant did not provide her with meal and rest breaks or constructively discharged her. Id. at 657-58.

Plaintiff directs the Court to the concurrence in part and dissent in part, where Judge Bencivengo recounted the Lee opinion, quoting that "[i]n some cases, a plaintiff might forfeit an otherwise viable state-law claim because that claim was part of a removed diversity case which

---

[1] Plaintiff waffles on this request, sometimes seemingly requesting the remand of the injunctive remedy or later doubling down on her request for total remand. In an effort for clarity and completeness, the Court addresses Plaintiff's argument as if she also seeks partial remand of her UCL claim.

was subsequently determined to be beyond the federal court's power to decide, a result which might militate in favor of remanding, rather than dismissing, nonjusticiable state-law claims." Id. at 660 (Bencivengo, J., concurring in part, dissenting in part), quoting Lee, 260 F.3d at 1006-07. Yet, this quotation gets Plaintiff nowhere because here Plaintiff's UCL claim here *is* justiciable pursuant to CAFA. Plaintiff's other citation in Reyes to the dissenting part of Judge Bencivengo's opinion and therefore carries no precedent. (See ECF No. 28, p. 16.)

Plaintiff's argument for partial remand then continues with the assumption that her injunctive relief must be remanded. For example, Plaintiff asserts that if the Court is concerned about claim splitting, it should remand the UCL claim in its entirety. Plaintiff then delves into the legal standard and principles for claim splitting, which the Court need not address given that Plaintiff has not demonstrated that the injunctive relief portion of her UCL must be remanded.

Plaintiff's final argument for partial remand acknowledges that she brings only one claim, a UCL claim. (ECF No. 28, p. 18.) For that claim, she seeks at least two equitable remedies, restitution and injunctive relief. (Id.) Plaintiff again implores that while in federal court Plaintiff may not have Article III standing to pursue injunctive relief, in state court, she would have standing to pursue injunctive relief. Plaintiff states that it would be fundamentally unfair for Defendant to be able to remove this action and sever that portion of relief from the UCL claim. However, and again, Plaintiff has not contended with the undisputed fact that the Court has subject-matter jurisdiction over the UCL claim pursuant to CAFA. That the Court might not be able to provide injunctive relief does not divest the Court of its subject-matter jurisdiction. Plaintiff's policy arguments to the contrary, while notable, are unpersuasive. Essentially, Plaintiff asks the Court notwithstanding the subject-matter jurisdiction it has over Plaintiff's UCL claim to abstain from such jurisdiction and remand the matter to state court. Though the Court is cognizant that proceeding in the federal forum possibly limits the available equitable remedies a plaintiff might otherwise seek in state court, Plaintiff has not adequately demonstrated that the Court must or should remand here.[2]

---

[2] Plaintiff's suggestion that this outcome may work to injustice to her is taken. However, Plaintiff's point proceeds under the assumption of how she has presently pleaded her case. Again, as Plaintiff is aware, she is the master of her complaint. Just as a plaintiff is able to plead themselves out of federal court in other contexts, nothing would stop a

1 Moreover, Defendant discusses that this position appears to be at odds with § 1447(c) and CAFA. Defendant directs the Court to Cabral v. Supple, LLC, No. EDCV-12-00085-MWF-OP, 2016 WL 1180143 (C.D. Cal. Mar. 24, 2016), which the Court finds persuasive. In Cabral, the plaintiff moved for partial remand of her California consumer protection claims so that she might seek injunctive relief in the state court. Id. at *2. The Court began by quoting 28 U.S.C. § 1447(c): "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id. As in the case at bar, the Cabral court noted that it had original jurisdiction over the action pursuant to CAFA. Id. The court continued, stating "[t]hat Plaintiff lacks standing to obtain injunctive relief [in federal court] neither changes that conclusion nor gives the Court discretion to remand the entire action." Id., citing Lee, 260 F.3d at 1006. As part of its analysis, the court observed that

> Neither the Ninth Circuit nor the Supreme Court has permitted a partial remand in the face original federal jurisdiction. It is true, as Plaintiff points out, that Lee briefly considered but declined to decide whether a partial remand could be appropriate when the plaintiff would be otherwise forced to forego her nonjusticiable state-law claims. Lee, 260 F.3d at 1007 ('In some cases, a plaintiff might forfeit an otherwise viable state-law claim because that claim was part of a removed diversity case which was subsequently determined to be beyond the federal court's power to decide, a result which might militate in favor of remanding, rather than dismissing, nonjusticiable state-law claims.'). In raising this possibility, the panel cited Carnegie-Mellon, where the Supreme Court permitted district courts with **supplemental** jurisdiction over state-law claims to remand the action after dismissing all federal claims. 484 U.S. at 350-51. The Court noted that 'a remand generally will be preferable to a dismissal when the statute of limitations on the plaintiff's state-law claims has expired before the federal court has determined that it should relinquish jurisdiction over the case. In such a case, a dismissal will foreclose the plaintiff from litigating his claims.' Id. at 351-52.

Id. at *3 (emphasis in original). Thus, the Cabral court was reluctant to "construct a new doctrine of partial remand based on *dicta* in Lee and statements the Supreme Court made in the context of supplemental, not original, jurisdiction." Id. The Court finds this analysis and conclusion in Cabral to be sound. Additionally, Cabral went further, finding that even if partial remand were appropriate, doing so would not be appropriate in a context where a plaintiff seeks "not to remand

---

plaintiff from bringing a UCL claim in state court and at the same time pleading themselves out of CAFA jurisdiction.

a *claim* but to remand a *remedy*." Id. (emphasis in original).  Of course, this is the exact posture of the case at bar.

Regarding the textual component of §1447(c), the Cabral court discussed that

> As a textual matter, nothing in § 1447(c) permits the Court to remand a claim over which it has original jurisdiction.  And there is no doubt that the Court has original jurisdiction over all three of Plaintiff's claims asserted under the UCL, FAL, and CLRA.  See United Steel, 602 F.3d at 1092 (district court maintains jurisdiction over the named plaintiff's state law claims under CAFA).  The fact that Article III prohibits Plaintiff from obtaining a certain type of remedy in case she prevails on her claims does not detract from that conclusion.  It bears repeating that the lack of injunctive relief does not equate to the lack of subject matter jurisdiction over the underlying claim.  Under the plain meaning of § 1447(c), therefore, Plaintiff's request must be rejected.

Id.  The Cabral court also discussed the potential waste of litigation resources in splitting a remedy from a claim.  Id.  Again, the Court finds the analysis and reasoning of Cabral to be persuasive.

Thereafter, Cabral discussed that the majority of district courts to confront this issue, labeled "remedy remands," reached the same conclusion.  Id. at *4, discussing Mezzadri v. Medical Depot, Inc., 113 F.Supp.3d 1061 (S.D. Cal. 2015); Davidson v. Kimberly-Clark Corporation, No. C 14-1783 PJH, 2015 WL 2357088 (N.D. Cal. May 15, 2015).

Cabral then confronted Plaintiff's lead rebuttal precedent to this argument: Machlan v. Procter & Gamble Co., 77 F. Supp. 3d 954 (N.D. Cal. 2015).  In Machlan, the district court found support in Lee and Carnegie-Mellon for a remand of "the injunctive relief portions of plaintiff's claims."  Id. at 961.  Under the "principles of fairness and comity," the Machlan court reasoned, "a California state court ought to decide whether injunctive relief is appropriate for plaintiff's claims."  Id.  The district court thus issued a remand and later stayed its docket.  Id.  Regarding this, the court in Cabral opined:

> The Court respectfully disagrees with the reasoning in Machlan.  Congress already considered the 'principles of fairness and comity' when it passed CAFA, and it is not for this Court to second-guess Congress's judgment.  For the Court to refuse to adjudicate claims falling squarely within its jurisdiction is to circumvent CAFA's goal of providing a federal forum for class actions implicating interstate interests.  The only alternative is to proceed in federal and state courts simultaneously, but as the Court already explained,

18

> such claim-splitting would produce immense inefficiencies. If a class action plaintiff, therefore, wishes to obtain injunctive relief that is not available in federal court, she must narrow her class to take it outside of CAFA's purview. Otherwise, she must proceed in federal court without the prospect of obtaining an injunction.

2016 WL 1180143, at *4. The Court is again persuaded by the logic of Cabral and likewise finds Machlan to not be persuasive. See also Chuang, 2017 WL 2463951, at *3 (citing Cabral for the same conclusion).

For the foregoing reasons, the Court does not find Plaintiff's argument for remand based on lack of Article III standing for injunctive relief, whether in total or part, to be persuasive.[3]

\* \* \*

In sum, the Court on a motion to remand looks to whether it can exercise subject-matter jurisdiction over the claims in a plaintiff's compliant subsequent a removal. Here, it is undisputed that the Court has subject-matter jurisdiction pursuant to CAFA. And the holdings in Ruiz, and Defendant's waiver of its adequate-remedy-at-law defense, the Court concludes that this action may proceed in federal court. Furthermore, pursuant to Lee, the Court may exercise subject-matter jurisdiction over the UCL claim notwithstanding that Plaintiff may not have standing to pursue her injunctive relief.[4] The Court declines Plaintiff's apparent invitation to split the injunctive relief remedy from the UCL claim by remanding that portion to state court.

Thus, this matter should proceed in in the federal forum.

## IV.

## CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY RECOMMENDED that Plaintiff's motion to remand be DENIED. (ECF No. 10.)

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen

---

[3] Though unnecessary based on the findings and conclusions above, the Court also agrees with Defendant that splitting the injunctive relief remedy from the UCL claim would likely "violate California's primary rights doctrine." Chuang, 2017 WL 2463951, at *2, citing Cabral, 2016 WL 1180143, at *4; Mycogen Crop. v. Monsanto Co., 28 Cal. 4th 888, 904 (Cal. 2002); Mezzadri, 113 F. Supp. 3d at 1065-66; Davidson, 2015 WL 2357088, at *4.

[4] Nothing in this order should be read to preclude either party from later asserting or attacking Article III standing on a subsequent dispositive motion.

19

(14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014), citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __December 11, 2025__                  _____
                                              STANLEY A. BOONE
                                              United States Magistrate Judge