**WINTERS & ASSOCIATES**
Jack B. Winters, Jr. (SBN 82998)
jwinters@singletonschreiber.com
Sarah Ball (SBN 292337)
sball@einsurelaw.com
8489 La Mesa Boulevard
La Mesa, California 91942
Tel: (619) 234-9000
Fax: (619) 750-0413

**NICHOLAS & TOMASEVIC, LLP**
Craig M. Nicholas (SBN 178444)
Email: cnicholas@nicholaslaw.org
Alex Tomasevic (SBN 245598)
Email: atomasevic@nicholaslaw.org
Jake W. Schulte (SBN 293777)
Email: jschulte@nicholaslaw.org
225 Broadway, 19th Floor
San Diego, California 92101
Telephone: (619) 325-0492
Facsimile: (619) 325-0496

Attorneys for Plaintiff CAROLINE R. HOMAN, Individually, and on Behalf of the Class

*For Additional Counsel, See Next Page*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CAROLINE R. HOMAN, Individually, and on Behalf of the Class,<br><br>Plaintiff,<br><br>v.<br><br>COLONIAL PENN LIFE INSURANCE COMPANY, a Pennsylvania Corporation; and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No. 1:25-cv-00296-JLT-SAB<br><br>PLAINTIFF CAROLINE R. HOMAN'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS<br><br>Hon. Jennifer L. Thurston<br>Courtroom: 4 – 7th Fl.<br><br>Case Removed: 3/10/25<br>Complaint Filed: 2/4/25<br>Trial Date: None |

**SINGLETON SCHREIBER, LLP**
CHRISTOPHER R. RODRIGUEZ, SB #212274
E-Mail: crodriguez@singletonschreiber.com
ANDREW D. BLUTH, SB #232387
E-Mail: abluth@singletonschreiber.com
MICHELLE M. MEYERS, SB #236387
E-Mail: mmeyers@singletonschreiber.com
1414 K Street, Suite 470
Sacramento, California 95814
Telephone: (916) 248-8478
Facsimile: (619) 255-1515

Attorneys for Plaintiff CAROLINE R. HOMAN, Individually, and on Behalf of the Class

Plaintiff CAROLINE R. HOMAN, Individually, and on Behalf of the Class, hereby submits her Objections to Magistrate Judge's Findings and Recommendations as follows:

## I. INTRODUCTION AND RELIEF REQUESTED

Plaintiff respectfully objects to the Magistrate Judge's Findings and Recommendations entered on December 11, 2025 (ECF No. 30), recommending denial of Plaintiff's Motion to Remand. Plaintiff requests the Court decline to adopt the Findings and Recommendations, grant remand, and return this purely-state-law class action to the Superior Court of California, County of Mariposa.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Rule 72(b)(3), the Court must make a de novo determination of those portions of the Findings and Recommendations to which specific objection is made and may accept, reject, or modify the recommended disposition.

## III. STATEMENT OF ISSUES FOR REVIEW

Plaintiff seeks review of the following issues:

1. Whether the Findings and Recommendations err in concluding that Plaintiff has Article III standing to seek injunctive relief where the policy at issue has already lapsed and cannot lapse again, and where Plaintiff faces no real and immediate threat of future harm from the alleged conduct;
2. Whether the Findings and Recommendations erroneously reject remand (or, in the alternative, partial remand of the injunctive-relief component) under 28 U.S.C. § 1447(c) by treating the Court's CAFA subject-matter jurisdiction as dispositive, even where federal constitutional and equitable limits prevent the Court from granting the primary equitable relief Plaintiff seeks; and
3. Whether the Magistrate Judge erred in concluding that the district court should accept, rather than reject, Defendant's waiver of the adequate-legal-remedy defense, despite Plaintiff's objection and the equitable-jurisdiction, federalism, and comity concerns raised in Plaintiff's motion, reply, and supplemental briefing.

///

## IV. ARGUMENT

Plaintiff objects to the findings and recommendations of the Magistrate Judge as follows:

*Objection 1- Erroneous Conclusion That Article III Standing Does Not Limit Federal Jurisdiction Over Plaintiff's Injunctive Relief Request*

On pages 12 thru 15 of the Findings and Recommendations, the Magistrate Judge rejects Plaintiff's argument that she lacks Article III standing to pursue injunctive relief, reasoning that the Court's CAFA jurisdiction over the UCL claim as a whole is sufficient and that any standing defect goes only to "remedies" and not to the Court's power to adjudicate the case. (ECF No. 30 at 12-15). Plaintiff specifically objects because the record and governing precedent establish that (1) Plaintiff faces no real and immediate threat of future injury from the alleged conduct, and therefore lacks Article III standing to seek a forward-looking injunction; and (2) in a removed, purely equitable UCL action, that constitutional limitation is a jurisdictional defect that properly supports remand, not a basis to retain the case while effectively extinguishing the state-law injunctive remedy that was available in state court.

First, a plaintiff seeking an injunction in federal court must show a "real and immediate threat of repeated injury," not simply a past harm. *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Plaintiff's life insurance policy has already lapsed and cannot lapse again, and the alleged termination has already occurred; she therefore cannot realistically be injured in the same way in the future, and as such does not have Article III standing to seek injunctive relief. *Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006).

The Magistrate's findings rely on *Davidson v. Kimberly-Clark Corporation*, 889 F.3d 956 (9th Cir. 2018), as rationale for dismissing the cases cited by Plaintiff, like *Russell v. Kohl's Dept. Stores,* 2015 WL 12781206 (C.D. Cal. Oct. 6, 2015)[1]. *Russell* holds that a plaintiff seeking to obtain injunctive relief must establish that it is threatened by a repetition of the violation.

---

[1] Notably, despite the Magistrate's contention to the contrary, Plaintiff did cite to *Davidson* in her moving papers, as well as a previous decision by the Ninth Circuit in *Davidson* in her Supplemental Brief. *See* ECF No. 23 at 10:9-10; and ECF No. 28, fn 5. As argued in the Supplemental Brief, *Davidson* favorably cited *Machlan v. P&G*, 77 F. Supp. 3d 954 (N.D. Cal. 2015), a case the Magistrate declined to follow in its recommendations, and instead relied on *Cabral v. Supple, LLC,* 2016 U.S. Dist. LEXIS 39671 (C.D. Cal. Mar. 24, 2016), a district court case that has not been favorably cited in any appellate decision. *See* ECF No. 30 at 18:17-19:6.

*Davidson* held that a previously-deceived consumer had standing for injunctive relief where she wished to purchase the product at issue again but could not know if the representations made by the defendant about the product in the future would be true. *Davidson*, 889 F. 3d at 970. It is not clear, however, how *Davidson* undermines *Russell* or the other cases cited by Plaintiff. *Davidson*'s plaintiff alleged future purchase intent and ongoing exposure; Ms. Homan alleges a lapsed policy that cannot lapse again and no comparable future dealings. *Davidson* confirms that Article III injunctive standing turns on a concrete, forward-looking threat of future harm, not merely a past violation, and thus underscores that where, as here, the plaintiff cannot plausibly allege a comparable, ongoing exposure or intent to engage in future transactions with the defendant, Article III injunctive standing is lacking—supporting Plaintiff's argument that a federal court cannot constitutionally adjudicate her UCL request for injunctive relief and that remand is the appropriate remedy so that a non-Article-III state court may consider it.

The Magistrate rejected Plaintiff's citation to other cases concerning the Statutes and lapse of life insurance policies, as well as other injunctive relief cases discussing standing, on grounds that decisions cited were made on motions to dismiss or motions for summary judgment, and not on motions to remand. *See* ECF. No 30 at 12. While Plaintiff contends this is a distinction without a difference[2], because an evaluation of subject matter jurisdiction is a threshold inquiry, multiple district courts, *while considering motions to remand* in UCL cases concerning the Statutes, have ordered remand of UCL injunctive relief claims, holding that where a plaintiff does not show a threat of future harm--because the policy cannot be lapsed again--the federal court lacks subject matter jurisdiction to hear the claim. *See, e.g.*, *Hughes v. Jackson Nat'l Life Ins. Co.*, 2025 U.S. Dist. LEXIS 163958, at *13 (C.D. Cal. Aug. 22, 2025) (specifically holding that while the court had subject matter jurisdiction under CAFA, it must remand claims where Article III standing is lacking); *Youssef v. Great Am. Life Ins. Co.*, 2025 U.S. Dist. LEXIS 153586, at *12 (C.D. Cal.

[2] Notably, 28 U.S.C. § 1447(c) states, "If *at any time before final judgment* it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." (emphasis added). As such, it matters not whether the jurisdictional inquiry is made in a motion to remand, *sua sponte*, or any other time. The result is the same. If the plaintiff lacks Article III standing, the claim should be remanded. *See, e.g.*, *United Inv'rs Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) (holding that district courts have "a duty to establish subject matter jurisdiction over removed actions *sua sponte*, whether the parties raised the issue or not.")

Aug. 7, 2025); *Rogoff v. Transamerica Life Ins. Co.*, 2024 U.S. Dist. LEXIS 221309, at *7 (C.D. Cal. Dec. 6, 2024); *Cal. Advocs. for Nursing Home Reform v. Prudential Ins. Co. of Am.*, 2024 U.S. Dist. LEXIS 225545, at *6-7 (N.D. Cal. Dec. 12, 2024); *Rolle v. United States Fin. Life Ins. Co.*, 2025 U.S. Dist. LEXIS 177329, at *7-8 (N.D. Cal. Aug. 26, 2025). As Plaintiff explained in her Reply and Supplemental Briefing, decisions such as *Hughes* and other life insurance lapse cases have concluded that a plaintiff whose policy has already been terminated lacks the prospective injury necessary for Article III standing to pursue injunctive relief in federal court, even though state courts remain free to entertain such claims.

Third, by relying on cases such as *Lee* and *Cabral* to conclude that the Court may proceed despite a lack of standing to award injunctive relief, the Findings and Recommendations conflate situations where only some claims or defendants fall outside federal jurisdiction with the very different situation here: a single, purely equitable, state-law cause of action in which the forward-looking UCL injunction is a core component of the relief sought. As Plaintiff explained, treating this standing problem as categorically irrelevant at the remand stage effectively permits removal of a state-filed case and then prevents the plaintiff from obtaining the state-law injunctive remedy anywhere, contrary to decisions recognizing that, when federal courts lack jurisdiction, they cannot bar state courts from hearing the same equitable claims. *See, e.g.*, *Davidson*, 889 F.3d at 970 n6 ("As a general rule, if the district court is confronted with an Article III standing problem in a removed case—whether the claims at issue are state or federal—the proper course is to remand for adjudication in state court."); and *see Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016). Plaintiff therefore respectfully requests the Court reject the Findings and Recommendations' Article III analysis and find that the Court lacks subject matter jurisdiction over Plaintiff's claim for injunctive relief under the UCL.

*Objection 2: Erroneous Refusal to Remand Under 28 U.S.C. Section 1447(c) Despite Federal Limits on Equitable and Injunctive Relief*

The Findings and Recommendations err in effectively treating the existence of CAFA subject-matter jurisdiction as dispositive of the remand question, even though federal constitutional and equitable limits prevent this Court from granting the primary equitable relief

Plaintiff seeks, and by improperly treating the standing defect discussed above as irrelevant. ECF No. 30 at 13-14. Article III standing is a constitutional prerequisite for each form of relief sought in federal court, and when a removed plaintiff cannot satisfy that requirement for the central forward-looking remedy (here, an injunction restoring and enforcing statutory protections), the federal court "has no power to adjudicate the matter" and remand is the appropriate course because state courts are not bound by Article III's case-or-controversy limits. *Polo*, 833 F.3d at 1196. No diversity statute, including CAFA, can supersede the basic principles of federal jurisdictional limitations. *See In re Estate of Ferdinand E. Marcos Human Rights Litig.,* 978 F.2d 493, 502 (9th Cir. 1992) (For a federal court to exercise jurisdiction, generally the case must fall within both a statutory grant of jurisdiction and also within U.S. Const. Art. III). The Ninth Circuit has made clear that "the rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under 1447(c) – applies as well to a case removed pursuant to [CAFA] as to any other type of removed case." *Polo*, 833 F.3d at 1196.

Plaintiff's Opening and Supplemental Briefs showed that this is not a mere merits or "remedy" question; it is a jurisdictional limitation that should be resolved at the outset and, when present in a removed case, triggers 28 U.S.C. § 1447(c)'s directive that cases over which the federal courts lack jurisdiction "shall be remanded," rather than leaving Plaintiff in a forum that cannot grant the principal injunctive relief she elected when she filed in state court. *See* ECF No. 23 at 10 and cases cited therein. That this Court has jurisdiction under CAFA does not end the inquiry or excuse the Court from its obligation to undertake an inquiry into whether Plaintiff has Article III standing.

First, as Plaintiff's Opening, Reply, and Supplemental Briefs explain, federal courts must have both subject-matter jurisdiction and equitable jurisdiction to hear the merits of a purely equitable UCL claim, and they cannot award injunctive relief when Plaintiff lacks Article III standing for prospective relief. *See* ECF No. 10-1 at 10–12; ECF No. 23 at 7-10); ECF No. 28 at 8–11. In this case, Plaintiff elected to seek only equitable restitution and an injunction under the UCL for past termination of a life insurance policy that has already lapsed and cannot lapse again, a posture multiple district courts have held does not support Article III injunctive standing and

does not satisfy federal equitable-jurisdiction requirements in UCL-only insurance lapse cases. *See, e.g.*, p. 5 22-24 and p. 6 1-5. By refusing to remand, the Findings and Recommendations use CAFA as a one-way ratchet--Defendant removes a state-filed, purely equitable UCL action, federal constitutional and equitable doctrines then bar the core injunctive remedy, and yet Plaintiff is left in a forum that cannot grant the very relief she chose when she filed in state court. Additionally, while Defendant may potential waive the adequate-remedy-at-law defense- and therefore waive any objection to the Court's equitable jurisdiction, the waiver of the defense cannot create Article III standing. Standing is a separate, constitutional prerequisite that is not subject to waiver. *Ruiz v. Bradford Exch., Ltd.*, 153 F.4th 907, 916 (9th Cir. 2025).

Second, contrary to the Findings and Recommendations' analysis, the presence of CAFA jurisdiction over some aspect of the UCL claim does not negate § 1447(c)'s command where federal courts lack authority to adjudicate the requested equitable relief and state courts remain free to do so. Cases such as *Polo, supra*, and the line of post-*Sonner*[3] decisions relied on by Plaintiff recognize that when removed claims fall outside federal power—whether because of a lack of Article III standing, equitable-jurisdiction limits, or both—the proper course is remand, not retention of a case stripped of its core injunctive component. The Findings and Recommendations do not grapple with this structure. They treat CAFA as eliminating the need to harmonize § 1447(c) with federal equitable and constitutional limits, rather than recognizing that those limits define the scope of jurisdiction Congress has conferred. For these reasons, this Court should sustain this objection and remand the action, or at minimum the injunctive-relief component, so that a court unconstrained by Article III and federal equitable-jurisdiction doctrines may decide whether to award the primary UCL relief Plaintiff seeks.

Notably, the Magistrate relied on *Polo, supra*, in denying remand, but *Polo* supports, rather than undercuts, remand here—and the Magistrate's treatment of it is incomplete, especially given that *Polo* itself was a putative class action removed under CAFA.

In short, once the Court concludes that it lacks subject matter jurisdiction to grant Plaintiff's requested UCL injunction, § 1447(c) and *Polo* require remand, notwithstanding the

---

[3] *Sonner v. Premier Nutrition Corp.*, 49 F.4th 1300, 1303 (9th Cir. 2022).

existence of CAFA jurisdiction in the abstract. *Polo* supports remand here for three reasons:

1. **Both cases are CAFA class actions.**

In both *Polo* and this case, the defendant invoked CAFA removal, yet in *Polo* the Ninth Circuit made clear that CAFA's existence does not eliminate § 1447(c)'s remand command when Article III jurisdiction is absent. *Polo*, 833 F. 3d at 1196. When the federal court cannot constitutionally adjudicate the requested relief (because Plaintiff lacks Article III standing for a forward-looking UCL injunction and the court also lacks equitable jurisdiction because Plaintiff does not allege she lacks an adequate legal remedy), the proper remedy in a removed case is remand, not retention.

2. ***Polo* rejects using CAFA as a one-way ratchet.**

*Polo* expressly recognizes that lack of Article III standing in federal court does not mean the claim is dead. It means only that the federal courts "have no power to adjudicate the matter" and therefore the case must be returned to state court, where Article III does not apply. *Id.* at 1196. That is exactly the concern here--if the Court keeps this UCL-only case, despite equitable and standing limits, Plaintiff effectively loses the state-court forum that could adjudicate her chosen equitable remedies.

3. **The Magistrate's distinction is too narrow.**

To the extent the Findings and Recommendations suggest *Polo* is limited to situations where the plaintiff lacks standing for *all* claims, that reads *Polo* too narrowly and ignores its core reasoning: § 1447(c) applies whenever the federal court lacks subject matter jurisdiction over what the plaintiff is actually asking it to do, and the fact that statutory subject-matter jurisdiction like CAFA exists on paper does not cure a constitutional or equitable bar to granting the primary relief sought. *Polo* did not condition remand on the absence of standing for *all* relief--it focused on the court's inability to adjudicate what the plaintiff actually sought from the federal court. Here, Plaintiff's central forward-looking relief is an injunction under the UCL. The Court's inability to grant that relief under Article III and federal equitable principles squarely triggers *Polo*'s logic in favor of remand.

Even if Defendant's waiver was sufficient to prevent remand of the UCL restitution claim

for lack of equitable jurisdiction, it cannot cure the separate Article III standing defect or eliminate § 1447(c)'s remand directive when the Court still lacks power to grant the requested injunction. *Ruiz,* 153 F.4th at 916 ("Subject matter jurisdiction, notably, can never be forfeited or waived.").

That the case was removed under CAFA does not excuse the district court from its obligation to conduct an inquiry into whether Plaintiff has Article III standing to bring her claim for injunctive relief- or, in other words, whether the district court has subject matter jurisdiction to hear her claim. And because this Court does not have subject matter jurisdiction over the UCL injunctive relief claim, it must be remanded.

*Objection 3: Erroneous Conclusion That the Court Should Accept Defendant's Waiver of the Adequate-Legal-Remedy Defense*

The Findings and Recommendations err in concluding that the district court should accept Defendant's waiver of the adequate-legal-remedy defense and thereby retain this purely equitable UCL case, despite Plaintiff's objection and the serious equitable-jurisdiction, federalism, and comity concerns Plaintiff raised. Properly read, *Ruiz* holds that a district court may remand a removed case where the federal courts lack equitable jurisdiction, but that a defendant *may* waive an adequate-remedy-at-law objection. *Ruiz*, 153 F. 4th at 918. It does not transform equitable jurisdiction into a purely private, defendant-controlled right that the Court must accept whenever a removing defendant tenders a waiver, nor does it eliminate the Court's independent duty to consider structural equitable-jurisdiction and Article III limits before deciding to keep a removed, state-law-only class action.

First, the Findings and Recommendations read *Ruiz* as effectively requiring the Court to accept any waiver Defendant tenders, even over Plaintiff's objection, and thus to defeat remand whenever the removing defendant elects to "waive" the adequate-remedy issue. But, importantly, *Ruiz* does not transform equitable jurisdiction into a purely private, defendant-controlled right that compels federal adjudication whenever the defendant so desires. The Supreme Court authorities

on which *Ruiz* relies—including *Twist v. Prairie Oil & Gas Co.*, 274 U.S. 684 (1927)[4], *Pusey & Jones Co. v. Hanssen*, 261 U.S. 491 (1923), and *Am. Mills Co. v. Am. Sur. Co. of N.Y.*, 260 U.S. 360 (1922)—underscore this point. Each case involved a defendant raising equitable-jurisdiction objections late in the case, after the parties had long proceeded in equity--or, in other words, involved inadvertent waiver by the defendant. None involved a plaintiff who expressly objected to federal equitable jurisdiction at the outset of a removed case, nor did they involve the additional subject matter jurisdiction hurdles at issue here. These cases confirm that equitable-jurisdiction limits are structural constraints the Court itself must police, not merely waivable tactical defenses that a removing defendant may invoke or abandon in order to control the forum.

Second, while *Ruiz* permits a defendant to waive an adequate-legal-remedy defense in the limited situation at issue there, the Magistrate Judge erred by treating that right to waiver as eliminating the court's duty to consider equitable-jurisdiction, federalism, and comity concerns in a removed, state-law-only class action. Plaintiff's briefs explained that federal equitable jurisdiction is "antecedent" to merits review, and that the doctrine exists to protect structural interests such as federalism and concerns of comity—not merely to confer a waivable tactical advantage on defendants. Treating a defendant's waiver as dispositive allows a removing defendant to force a non-consenting plaintiff into a federal forum that cannot fully exercise equitable powers, while simultaneously blocking state courts from adjudicating the same UCL claims unencumbered by federal equitable or subject matter jurisdiction limits—precisely the "perpetual loop" and forum-stripping problem Plaintiff warned against. This concern is especially worth taking seriously where, as here, the Defendant claims that its waiver, while preventing remand of a claim for equitable restitution, has the added effect of preventing remand of a claim for injunctive relief (as a result of prohibitions against claim splitting, etc.)

Additionally, the Findings and Recommendations overstate and mischaracterize Plaintiff's position on *Ruiz*. Plaintiff has not argued that the holding in *Ruiz* is categorically inapplicable

[4] Notably, in *Twist* the court made clear that even an agreement by the parties to waive equitable jurisdiction issues does not compel a federal court to hear the case. *Id*. at 690.

whenever a plaintiff also seeks other equitable remedies, such as injunctive relief. Plaintiff's briefing instead makes two narrower points. First, *Ruiz* arose in a specific posture—a CAFA-removed, UCL/FAL case in which the plaintiff, like Ms. Homan here, could have sought legal damages but, unlike Ms. Homan *who also seeks injunctive relief*, elected to pursue only equitable restitution. In other words, the *Ruiz* court did not have to grapple with additional constraint of subject matter jurisdiction over a UCL injunctive relief claim. So, its holding must be read in that context, not as a blanket command that federal courts must always retain any UCL-only case whenever a defendant offers to waive equitable jurisdiction. Plaintiff has consistently acknowledged that *Ruiz* allows defendants to waive equitable-jurisdiction objections, but has argued that *Ruiz* does **not** (a) require a district court to accept such a waiver over a non-consenting plaintiff's objection; (b) eliminate the court's independent duty to assess equitable or subject matter jurisdiction as a threshold matter; or (c) decide what should happen in cases where, as here, the plaintiff also seeks forward-looking injunctive relief on important state regulatory issues that the federal court lacks subject matter jurisdiction to hear, but that may be forced to stay in federal court as a result of defendant's waiver of equitable jurisdictional limits over other claims (or remedies).[5]

Properly understood, Plaintiff's position is that *Ruiz* sets outer boundaries—remand is permissible and equitable-jurisdiction objections can be waived—but leaves room in a removed, purely state-law, UCL-only action, for the district court to decline to accept a defendant's waiver, especially where doing so would otherwise strand a plaintiff in a forum that cannot grant the primary injunctive relief it seeks.

Third, the Findings and Recommendations dismiss Plaintiff's federalism and comity arguments on grounds that acceptance of these arguments would "generally upset diversity jurisdiction," but that mischaracterizes both Plaintiff's position and the nature of CAFA jurisdiction. Plaintiff does not seek a categorical rule against federal jurisdiction over state-law

---

[5] For the reasons discussed in her Supplemental Brief and below, Plaintiff contends the Court is not prevented from remanding only the injunctive relief portion of her claim. However, if the Court finds otherwise, the proper conclusion would be to remand the entire UCL claim, rather than keep it.

class actions. Rather, she argues that, where (1) the only claim is a California-law UCL claim; (2) the requested relief is purely equitable (restitution and injunction); (3) federal equitable-jurisdiction and Article III limits constrain that relief; (4) a state forum is available and was originally chosen by Plaintiff; and (5) the allegations at issue involve state Insurance Code provisions over which the state court has a particular interest, the district court should exercise its discretion to decline Defendant's waiver and remand under longstanding equitable-jurisdiction and abstention-analogous principles. By treating Defendant's waiver as automatically sufficient to "perfect" federal jurisdiction and to defeat remand, the Findings and Recommendations ignore the Court's independent obligation to ensure that CAFA is not used to remove and then effectively extinguish state-law UCL remedies that could otherwise be fully adjudicated in state court. Equitable jurisdiction is a limit the Court must police, not merely a private defense a removing defendant may deploy or waive to control the forum.

*Objection 4: Misapplication of Claim Splitting and Lee v. American National*

The Findings and Recommendations err in treating principles of claim splitting and California's primary-rights doctrine as reasons to deny remand, and by misreading *Lee v. Am. Nat'l Ins. Co.,* 260 F.3d 997 (9th Cir. 2001) as precluding remand of Plaintiff's UCL injunctive-relief request. The Magistrate's approach risks using federal limits on particular remedies to extinguish state-law relief that remains fully available in state court.

First, *Lee* indicates that, even where a case is properly removed and the federal court has jurisdiction over the action, jurisdictional limits on particular claims or forms of relief do not prevent remand to the state courts to adjudicate matters that federal courts cannot reach. *Id. at* 1007 n8 (9th Cir. 2001) (stating that the Supreme Court left open the possibility of partial remand). This footnote in *Lee*, as well as the Supreme Court precedent cited therein, undercuts Defendant's claim-splitting argument. Even if federal Article III or equitable limits prevent this Court from granting Plaintiff's UCL injunctive relief, *Lee* does not preclude a federal court from remanding, and a state court from adjudicating that injunctive component of the UCL claim.

Second, remand of the UCL injunctive-relief component is not improper claim splitting because Plaintiff never created multiple actions nor attempted to divide a single primary right

between separate lawsuits. Plaintiff filed one UCL cause of action in state court, seeking restitution and an injunction. Defendant's removal and waiver of the equitable jurisdiction defense—and the overlay of federal equitable and Article III constraints—created the present mismatch between what California law permits and what a federal court can do. However, if this Court is concerned about claim splitting, remand of the entire case would return the controversy to the forum that can adjudicate all aspects of the claim in one proceeding and avoid creation of a second action and the risk of inconsistent adjudications.

Third, using "claim splitting" to justify retaining the case in federal court would invert *Lee*'s concern about forfeiture. *Id.* at 1007. In *Lee*, the court declined to decide whether partial remand was possible because the plaintiff in that action repeatedly and solely advocated for remand of the entire case. But the court also cautioned against reading partial jurisdictional bars so broadly that a plaintiff loses otherwise viable state-law claims merely because part of the dispute passed through federal court. *Id*. Here, denying remand in the name of claim splitting would do exactly that--it would strand Plaintiff in a forum that cannot grant the core injunctive relief available under California law, while simultaneously preventing a state court from hearing that relief. Nothing in *Lee* requires that result. Properly applied, *Lee* supports remand of Plaintiff's UCL injunctive-relief request (or the entire UCL claim) rather than using claim-splitting rhetoric to extinguish state-law remedies that federal courts lack power to award.

*Objection 5: Mischaracterization of "Law Established for a Public Reason" and Role of the UCL*

The Findings and Recommendations reject Plaintiff's reliance on the principle that "a law established for a public reason cannot be contravened by a private agreement" on grounds that Plaintiff failed to identify any such law being undermined by Defendant's waiver. This conclusion misapprehends both Plaintiff's argument and the nature of California's Unfair Competition Law.

First, the UCL itself is a "law established for a public reason." The statute is expressly designed to protect the public at large—rather than only individual litigants—by deterring and remedying unlawful, unfair, and fraudulent business practices and by authorizing broad, equitable remedies, particularly injunctive relief, to prevent ongoing and future harm to consumers and the

marketplace. *McGill v. Citibank, N.A*., 2 Cal.5th 945, 961 (2017), explains that the UCL's public-injunctive-relief right is, "by definition," a law established for the benefit of the general public, which Civil Code § 3513 forbids parties from waiving by private agreement.

In this removed, UCL-only class action, defendant's invocation of a "waiver" to keep the case in a federal forum that cannot fully exercise UCL injunctive powers would effectively narrow the statute's public-protective remedial scheme through private tactical choice. That is precisely the sort of private contravention of a public-reason law that Civil Code § 3513 and *McGill* do not allow and reinforces why the Court should decline to treat Defendant's waiver as dispositive and should remand this UCL action (or at least the injunctive-relief component).

Second, Defendant's purported waiver does more than adjust private rights between the parties--it is invoked to keep the case in a federal forum that is structurally constrained in its ability to grant UCL injunctive relief because of Article III and federal subject matter jurisdiction limits. If the Court accepts that waiver as dispositive and denies remand of both the injunctive and restitution portions of the UCL claim as a result, Plaintiff is left in a forum that may be unable to issue the very prospective relief the UCL was designed to provide, while the state court—where the UCL's public-protective scheme is fully operative—is prevented from adjudicating those remedies. That is precisely the kind of "private agreement" result that the public-reason principle is meant to avoid--the narrowing of a public-protective statute's remedial reach by private tactical choices in a forum not intended to be its primary enforcement mechanism. *See McGill*, *supra*.

Accordingly, the District Judge should reject the implication that no "law established for a public reason" is implicated here and should instead recognize that the UCL's broad, public-facing remedial framework is such a law. In light of that public purpose, the Court should decline to allow Defendant's private waiver of an adequate-legal-remedy defense to drive the forum decision in a way that frustrates the UCL's enforcement role and prevents public injunctive relief to remedy the violation of important consumer protection state insurance statutes, and should remand this UCL-only action (or at minimum the injunctive-relief component) to the California Superior Court where the statute's public-protective remedies can be fully vindicated.

///

## V. CONCLUSION AND REQUEST FOR RELIEF

The Court should decline to adopt the Magistrate Judge's Findings and Recommendations, grant Plaintiff's Motion to Remand, and return this purely state-law UCL class action to the Superior Court of California, County of Mariposa. Because Plaintiff lacks Article III standing to seek the forward-looking injunctive relief that is central to her claim, and because federal equitable-jurisdiction limits independently constrain the Court's power to adjudicate a purely equitable UCL cause of action, Article III and § 1447(c) require remand, even if CAFA's prerequisites are otherwise satisfied. At a minimum, the Court should remand Plaintiff's UCL injunctive-relief component so that a state court unconstrained by Article III may determine in the first instance whether to award the public-protective equitable remedies the UCL and related consumer-protection statutes were enacted to provide.

DATED: December 23, 2025

**WINTERS & ASSOCIATES**

By: */s/Sarah Ball*
Jack B. Winters, Jr. (SBN 82998)
Sarah Ball (SBN 292337)
8489 La Mesa Blvd.
La Mesa, CA 91942
Tel (619) 234-9000
Fax (619) 750-0413
Email: jwinters@singletonschreiber.com
Email: sball@einsurelaw.com

**NICHOLAS & TOMASEVIC LLP**
Craig M. Nicholas (SBN 178444)
Alex Tomasevic (SBN 245598)
Jake W. Schulte (SBN 293777)
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org
Email: jschulte@nicholaslaw.org

**SINGLETON SCHREIBER, LLP**
Christopher R. Rodriguez, SB# 212274
Andrew D. Bluth, SB# 232387
Michelle M. Meyers, SB# 236387
1414 K Street, Suite 470
Sacramento, California 95814
Telephone: (916) 248-8478
Facsimile: (619) 255-1515

E-Mail: crodriguez@singletonschreiber.com
E-Mail: abluth@singletonschreiber.com
E-Mail: mmeyers@singletonschreiber.com

Attorneys for Plaintiff CAROLINE R. HOMAN, Individually, and on Behalf of the Class

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINE R. HOMAN, Individually, and on Behalf of the Class,<br><br>Plaintiff,<br><br>v.<br><br>COLONIAL PENN LIFE INSURANCE COMPANY, a Pennsylvania Corporation; and DOES 1 through 10, Inclusive,<br><br>Defendants. | CASE NO. 1:25-CV-00296-JLT-SAB<br><br>DECLARATION OF SERVICE<br><br>Persons served: Craig M. Nicholas, Alex Tomasevic, Jake W. Schulte, Christopher R. Rodriguez, Andrew D. Bluth, Michelle M. Meyers, Adam J. Kaiser, Kathy J. Huang, Brooke H. Bolender, Daniel Dubin, Jesse Steinbach<br><br>Date served: December 23, 2025 |

I, the undersigned, declare under penalty of perjury: I am over the age of 18 years, not a party to this action, and served the above persons the document:

PLAINTIFF CAROLINE R. HOMAN'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

in the following manner:

1) [] By personally delivering copies to the office of the person served.

2) [] By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (postage pre-paid) copies to the person served at the place where the copies were left.

3) [] By placing copies in separate envelopes, with postage fully prepaid, for each address on the attached Service List and depositing each in the U.S. Mail at La Mesa, California, on _________ , 2025.

4) [x] By electronic filing on December 23, 2025, I served the above document by e-filing in accordance with the rules governing the electronic filing of documents in the United States District Court for the Eastern District of California as follows:

| | |
|---|---|
| Craig M. Nicholas | cnicholas@nicholaslaw.org |
| Alex Tomasevic | atomasevic@nicholaslaw.org |
| Jake W. Schulte | jschulte@nicholaslaw.org |
| Christopher R. Rodriguez | crodriguez@singletonschreiber.com |

| | |
|---|---|
| Andrew D. Bluth | abluth@singletonschreiber.com |
| Michelle M. Meyers | mmeyers@singletonschreiber.com |
| Adam J. Kaiser | Adam.Kaiser@alston.com |
| Kathy J. Huang | Kathy.Huang@alston.com |
| Brooke H. Bolender | Brooke.Bolender@alston.com |
| Daniel Dubin | Daniel.Dubin@alston.com |
| Jesse Steinbach | Jesse.Steinbach@alston.com |

Executed on December 23, 2025, at La Mesa, California.

Silvia Flores

**SERVICE LIST**

KATHY J. HUANG (State Bar No. 240677)
Kathy.Huang@alston.com
JESSE STEINBACH (State Bar No. 278923)
Jesse.Steinbach@alston.com
DANIEL DUBIN (State Bar No. 313235)
Daniel.Dubin@alston.com
BROOKE H. BOLENDER (State Bar No. 340689)
Brooke.Bolender@alston.com
ALSTON & BIRD LLP
350 South Grand Avenue, 51st Floor
Los Angeles, California 90071-3004
Telephone: 213-576-1000; Facsimile: 213-576-1100

ADAM J. KAISER (PHV)
Adam.Kaiser@alston.com
ALSTON & BIRD LLP
90 Park Avenue, 15th Floor
New York, New York 10016-1387
Telephone: 212-210-9400; Facsimile: 212-210-9444
**Attorneys for Defendant COLONIAL PENN LIFE INSURANCE COMPANY, a Pennsylvania Corporation**

NICHOLAS & TOMASEVIC, LLP
Craig M. Nicholas (SBN 178444)
Alex Tomasevic (SBN 245598)
Jake W. Schulte (SBN 293777)
225 Broadway, 19th Floor
San Diego, California 92101
Telephone: (619) 325-0492; Facsimile: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org
Email: jschulte@nicholaslaw.org

SINGLETON SCHREIBER, LLP
CHRISTOPHER R. RODRIGUEZ, SB# 212274
ANDREW D. BLUTH, SB# 232387
MICHELLE M. MEYERS, SB# 236387
1414 K Street, Suite 470
Sacramento, California 95814
Telephone: (916) 248-8478; Facsimile: (619) 255-1515
E-Mail: crodriguez@singletonschreiber.com
E-Mail: abluth@singletonschreiber.com
E-Mail: mmeyers@singletonschreiber.com
**Attorneys for Plaintiff CAROLINE R. HOMAN, Individually, and on Behalf of the Class**