KATHY J. HUANG (Cal. Bar No. 240677)
Kathy.Huang@alston.com
DANIEL D. DUBIN (Cal. Bar No. 313235)
Daniel.Dubin@alston.com
BROOKE H. BOLENDER (Cal. Bar No. 340689)
Brooke.Bolender@alston.com
**ALSTON & BIRD LLP**
350 South Grand Avenue, 51st Floor
Los Angeles, California 90071-3004
Telephone: 213-576-1000
Facsimile: 213-576-1100

ADAM J. KAISER (*pro hac vice*)
Adam.Kaiser@alston.com
**ALSTON & BIRD LLP**
90 Park Avenue, 15th Floor
New York, New York 10016-1387
Telephone: 212-210-9400
Facsimile: 212-210-9444

Attorneys for Defendant
COLONIAL PENN LIFE INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CAROLINE R. HOMAN, Individually, and on Behalf of the Class,<br><br>Plaintiff,<br><br>v.<br><br>COLONIAL PENN LIFE INSURANCE COMPANY, a Pennsylvania Corporation, and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No.: 1:25-cv-00296-JLT-SAB<br><br>*[Assigned to Honorable Judge Jennifer L. Thurston]*<br><br>**DEFENDANT COLONIAL PENN LIFE INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS**<br><br>Case Removed: 3/10/25<br>Complaint Filed: 2/4/25<br>Trial Date: None |

# TABLE OF CONTENTS


I. INTRODUCTION .......... 6

II. ARGUMENT .......... 7

A. The Magistrate Judge Correctly Found That Partial Remand of a Remedy Is Inappropriate Where the Court Properly Has Jurisdiction Over a Claim. .......... 7

1. Courts Within the Ninth Circuit Consistently Deny Requests for Partial Remand. .......... 8

2. Plaintiff's Interpretation Is Directly Contrary to the Remand Statute and Would Fly in the Face of the Constitution's Mandate that a District Court Hear Cases Where Article III Jurisdiction Exists. .......... 11

3. Plaintiff Does Not Cite Any Persuasive Authority Supporting Partial Remand of Injunctive Relief. .......... 13

B. The Magistrate Judge Properly Applied *Ruiz* and Accepted Colonial Penn's Waiver of the Adequate-Remedy-At-Law Defense. .......... 15

C. Plaintiff's Public Policy Arguments Lack Merit. .......... 17

III. CONCLUSION .......... 19

## TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*A-Z Intern. v. Phillips*,
323 F.3d 1141 (9th Cir. 2003) ... 11

*Cabral v. Supple, LLC*,
No. EDCV-12-00085-MWF-OP, 2016 U.S. Dist. LEXIS 39671 (C.D. Cal. Mar. 24, 2016) ... 9, 10, 14, 17

*Cal. Advocs. for Nursing Home Reform v. Prudential Ins. Co. of Am.*,
No. 24-cv-01119-AMO, 2024 U.S. Dist. LEXIS 225545 (N.D. Cal. Dec. 12, 2024) ... 13

*Chuang v. Dr Pepper Snapple Group, Inc.*,
No. CV 17-1875-MWF(MRWx), 2017 U.S. Dist. LEXIS 87638 (C.D. Cal. June 7, 2017) ... 9, 14

*Davidson v. Kimberly-Clark Corp.*,
No. C-14-1783-PJH, 2015 U.S. Dist. LEXIS 64168 (N.D. Cal. May 15, 2015) ... 9, 15

*Davidson v. Kimerly-Clark Corp.*,
889 F.3d 956 (9th Cir. 2018) ... 12, 15

*DeBartolo Corp. v. Florida Gulf Coast Bldg. & Construction*,
485 U.S. 568 (1988) ... 11

*Gunn v. Minton*,
568 U.S. 251 (2013) ... 11

*Hughes v. Jackson Nat'l Life Ins. Co.*,
No. 5:24-cv-02079-AH-(MARx), 2025 U.S. Dist. LEXIS 163958, (C.D. Cal. Aug. 22, 2025) ... 13

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
511 U.S. 375 (1994) ... 11

*Kruse v. Hawaii*,
68 F.3d 331 (9th Cir. 1995) ... 8

*Lee v. Am. Nat'l Ins. Co.*,
260 F.3d 997 (9th Cir. 2001) .......... 8, 9, 14, 18

*Machlan v. Procter & Gamble Co.*,
77 F. Supp. 3d 954 (N.D. Cal. 2015) .......... 14, 15

*Mezzadri v. Med. Depot, Inc.*,
113 F. Supp. 3d 1061 (S.D. Cal. 2015) .......... 9, 14, 18

*Peralta v. Hispanic Bus., Inc.*,
419 F.3d 1064 (9th Cir. 2005) .......... 11

*Polo v. Innovations International, LLC*,
833 F.3d 1193, 1196 (9th Cir. 2016) .......... 11, 12

*Rogoff v. Transamerica Life Ins. Co.*,
No. EDCV 24-1254 JGB (SPx), 2024 U.S. Dist. LEXIS 221309 (C.D. Cal. Dec. 6, 2024) .......... 13

*Rolle v. United States Fin. Life Ins. Co.*,
No. 25-cv-04829-TLT, 2025 U.S. Dist. LEXIS 177329 (N.D. Cal. Aug. 26, 2025) .......... 13

*Ruiz v. Bradford Exchange, Ltd.*,
153 F.4th 907 (9th Cir. 2025) (en banc reh'g denied) .......... 7, 8, 15, 18

*Russell v. Kohl's Dep't Stores, Inc.*
No. ED CV 15-1143 RGK, 2015 U.S. Dist. LEXIS 176123 (C.D. Cal. Oct. 6, 2015) .......... 12

*Small v. Allianz Life Ins. Co. of N. Am.*,
122 F.4th 1182 (9th Cir. 2024), *cert. denied*, No. 24-1225, 2025 U.S. LEXIS 2558 (Jun. 30, 2025) .......... 6, 18

*Steel Co. v. Citizens for Better Env.*,
523 U.S. 83 (1998) .......... 11

*Youssef v. Great Am. Life Ins. Co.*,
No. 2:25-cv-02545-SPG-SHK, 2025 U.S. Dist. LEXIS 153586 (C.D. Cal. Aug. 7, 2025) .......... 13

**STATE CASES**

*Crowley v. Katleman*,
8 Cal. 4th 666 (1994) .......... 18

**FEDERAL STATUTES**

28 U.S.C. § 1331 .......... 11

28 U.S.C. § 1332 .......... 11, 17

28 U.S.C. § 1332(d) .......... 6, 7, 8, 10, 11, 12, 16, 17, 18

28 U.S.C. § 1447(c) .......... 7, 10, 11

**STATE STATUTES**

Cal. Bus. & Prof. Code §§ 17200 .......... 6, 7, 8, 10, 12, 13, 17, 18

California Insurance Code § 10113.71 .......... 6

California Insurance Code § 10113.72 .......... 6

**CONSTITUTIONAL PROVISIONS**

Eleventh Amendment .......... 8

Article III .......... 7, 9, 10, 11, 12, 13

Article III, Sec. 2 .......... 16

**OTHER AUTHORITIES**

Robert L. Jones, *Finishing a Friendly Argument: The Jury And The Historical Origins Of Diversity Jurisdiction*, 82 N.Y.U.L. Rev. 997, 999 (2007) .......... 17

Defendant Colonial Penn Life Insurance Company ("Colonial Penn") respectfully submits this Response to Plaintiff's Objection to the Magistrate Judge's thorough and detailed Findings and Recommendations ("F&R") recommending denial of Plaintiff's Motion to Remand. *See* Obj., Dkt. No. 30.

## I. INTRODUCTION

Plaintiff's Objection fails to identify a single error of fact or law and instead urges this Court to reject the Magistrate Judge's well-reasoned and detailed opinion without basis and potentially commit reversible error. This is Plaintiff's third bite at the apple, and Plaintiff raises same tried arguments which have been considered, and rejected, by the Magistrate Judge. This Court should adopt the F&R as its opinion.

By way of background, this lawsuit involves a single cause of action relating to an alleged violation of California Insurance Code sections 10113.71 and 10113.72 (the "Statutes") brought under California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*. (the "UCL"). Plaintiff artfully pleaded a single cause of action seeking only "equitable relief"—monetary restitution (in effect legal damages, however named) and injunctive relief—solely in a failed effort to avoid the subject-matter jurisdiction over this action conferred to this Court by Congress and the Constitution. Plaintiff's gamesmanship sought to avoid federal court to sidestep the Ninth Circuit's dispositive holding in *Small v. Allianz Life Ins. Co. of N. Am.*, 122 F.4th 1182, 1199 (9th Cir. 2024), *cert. denied*, No. 24-1225, 2025 U.S. LEXIS 2558 (Jun. 30, 2025), which rejected the strict liability theory argued by Plaintiff and required plaintiffs to "not only establish a violation [of the Statutes], but that the violation ***caused*** them harm." (Emphasis added). *Small* made certifying a class in notice-lapse cases like this one more burdensome (if not impossible) due to its finding that "common questions do not predominate because causation cannot be determined on a class-wide basis." *Id.* With the inability in federal court to leverage a class action suit into a potentially lucrative class wide settlement due to *Small*, Plaintiff's counsel—who previously sued Colonial Penn for the same purported violation of the Statutes in federal court but lost on summary judgment—shifted gears by arguing that the action is not removable under CAFA, even though

all of CAFA's conditions are satisfied, due to lack of so-called "equitable jurisdiction." But Plaintiff's gambit ran headlong into recent binding Ninth Circuit authority—precedent that she urges this Court to now disregard.

The F&R correctly applies binding Ninth Circuit precedent, most notably *Ruiz v. Bradford Exchange, Ltd.*, 153 F.4th 907 (9th Cir. 2025) (en banc reh'g denied), that unequivocally counters against remand here.[1] Plaintiff's Objection rehashes arguments already considered and rejected by the Magistrate Judge after a fully briefed motion to remand, oral argument, and supplemental briefing, and fails to demonstrate any error in the F&R. Plaintiff mischaracterizes controlling authority in this circuit that precludes partial remand. District courts consistently hold that partial remand of a claim or remedy is inconsistent with 28 U.S.C. § 1447(c). Indeed, where a court has original jurisdiction over the asserted claims, as it does here pursuant to CAFA, remand is improper. This is true even if Article III prohibits the plaintiff from obtaining a certain type of remedy ***if*** she prevails on her claims. Accordingly, the Court should adopt the F&R in its entirety.

## II. <u>ARGUMENT</u>

### A. The Magistrate Judge Correctly Found That Partial Remand of a Remedy Is Inappropriate Where the Court Properly Has Jurisdiction Over a Claim.

The F&R correctly concludes that the district court cannot sever a mere remedy from a UCL claim through remand. Plaintiff contends that she lacks Article III standing to pursue injunctive relief and thus this Court should remand the injunctive relief portion of her claim to state court. Remand is improper, however, where this Court has subject-matter jurisdiction

[1] Colonial Penn maintains, for purposes of appeal and otherwise, that equitable jurisdiction is no longer a viable theory after the merger of law and equity, particularly where, as here, the federal court has jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA") (*see* Dkt. 22), but acknowledges that this Court is bound by the Ninth Circuit's recent decision in *Ruiz*, which held that although the equitable jurisdiction doctrine remains in some limited form, a defendant can waive the defense, as Colonial Penn has done here, to avoid application of the doctrine and hence maintain an action in federal court. *Ruiz* is binding Ninth Circuit law as rehearing *en banc* was recently denied.

over the case under CAFA, Colonial Penn has waived its adequate-remedy-at-law defense pursuit to *Ruiz*, and caselaw counsels against splitting a remedy from the claim.

Plaintiff's Objection grossly mischaracterizes the F&R's conclusion, erroneously stating that it holds the "Court's CAFA jurisdiction over the UCL claim as a whole is sufficient and that any standing defect goes only to 'remedies' and not to the Court's power to adjudicate the case." Obj. at 4. This simplistic summary ignores the F&R's detailed rejection of all of Plaintiff's arguments as to why a severance of the injunction remedy is improper. Each of Plaintiff's objections are addressed below in turn.

**1. Courts Within the Ninth Circuit Consistently Deny Requests for Partial Remand.**

Courts within the Ninth Circuit have explicitly rejected Plaintiff's argument that federal constitutional and equitable limits prevent this Court from granting the injunctive relief, thereby requiring remand.

The Ninth Circuit has made clear that "the presence of at least some claims over which the district court has original jurisdiction is sufficient to allow removal of an entire case, even if others of the claims alleged are beyond the district court's power to decide." *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997 (9th Cir. 2001); *see also Kruse v. Hawaii*, 68 F.3d 331, 334–35 (9th Cir. 1995). It further noted that this rule, originally stated in *Kruse*, "hinged on the nature of Eleventh Amendment immunity ***as opposed to any other constitutional limit on federal jurisdiction***. Rather, we agreed with the Sixth Circuit's approach that 'a jurisdictional bar against particular *claims*, and not entire cases . . . should not deprive the district court of its *otherwise proper* jurisdiction over the action.'" *Lee*, 260 F.3d at 1003 (affirming refusal to remand an action over which the court had subject-matter jurisdiction over some but not all claims) (emphasis in bold added) (emphasis in italics in original).

Plaintiff argues that *Lee* indicates that, "even where a case is properly removed and the federal court has jurisdiction over the action, jurisdictional limits on particular claims or forms of relief do not prevent remand to the state courts to adjudicate matters that federal courts cannot reach." Obj. at 13 (quoting *Lee*, 260 F.3d at 1007 n.8). But Plaintiff ignores that

multiple courts after *Lee* have held that remand in such situations is improper. *See, e.g.*, *Cabral v. Supple, LLC*, No. EDCV-12-00085-MWF-OP, 2016 U.S. Dist. LEXIS 39671, at *2–4 (C.D. Cal. Mar. 24, 2016); *Chuang v. Dr Pepper Snapple Group, Inc.*, No. CV 17-1875-MWF(MRWx), 2017 U.S. Dist. LEXIS 87638, at *2 (C.D. Cal. June 7, 2017). The "majority of the district courts that have confronted similar requests for 'remedy remands' have reached the same conclusion"—that remand is improper. *Cabral*, 2016 U.S. Dist. LEXIS 39671, at *11; *see, e.g.*, *Chuang*, 2017 U.S. Dist. LEXIS 87638, at *6 (denying motion to remand where plaintiff sought to remand a particular form of relief, not a standalone claim because "[p]ermitting two very similar lawsuits to go forward—one suit in this Court for damages, and a second, otherwise identical, suit in Superior Court for an injunction—'would produce immense inefficiencies'" and "also violate California's primary rights doctrine"); *Mezzadri v. Med. Depot, Inc.*, 113 F. Supp. 3d 1061, 1065–66 (S.D. Cal. 2015) (where plaintiff distinguished *Lee* because he sought not to "split causes of action from a case but instead . . . to split the cause of action from the remedy," the district court reasoned that "remanding solely a remedy is not a sound approach" because "[t]he logistics of splitting a remedy from the cause of action—and having solely a remedy stayed in state court pending the outcome of a federal action—is beyond the scope of this [c]ourt"); *Davidson v. Kimberly-Clark Corp.*, No. C-14-1783-PJH, 2015 U.S. Dist. LEXIS 64168, at *11 (N.D. Cal. May 15, 2015) (noting the court was "flummoxed by the prospect of attempting to remand a remedy without any accompanying cause of action seeking that remedy"). In *Cabral*, the Central District Court of California explicitly held that the inability to obtain injunctive relief does not equate to the lack of subject-matter jurisdiction over the underlying claim. So long as "there is no doubt that the Court has original jurisdiction" over a claim, the Court may hear the claim even if "Article III prohibits Plaintiff from obtaining a certain type of remedy in case she prevails." *Cabral*, 2016 U.S. Dist. LEXIS 39671, at *8–9. The holdings in *Cabral* and the other district court cases discussed above are precisely on point, and Plaintiff has failed to address, much less rebut, them.

Rather, Plaintiff argues that the Magistrate Judge, relying on *Lee* and *Cabral*, "conflate[s] situations where only some claims or defendants fall outside federal jurisdiction with the very different situation here: a single, purely equitable, state-law cause of action in which the forward-looking UCL injunction is a core component of the relief sought." Obj. at 6. That is nonsense. The Magistrate Judge relied on these cases, particularly *Cabral*, because these cases analyze and answer the ***same*** questions presented here. For example, in *Cabral*, the Central District of California reviewed and decided the question of whether it has "the authority to issue a limited remand" so that plaintiff could seek injunctive relief in state court. *See Cabral*, 2016 U.S. Dist. LEXIS 39671, at *5. It then held that the plaintiff was not entitled to a partial remand (which Plaintiff seeks here) because, in part, "Plaintiff is seeking not to remand a *claim* but to remand a specific *remedy*" and "[n]either the text of 28 U.S.C. § 1447(c) nor the policies underlying CAFA support such claim-splitting." *Id.* at *3 (emphasis in original). The court further stated:

> there is no doubt that the Court has original jurisdiction over all three of Plaintiff's claims asserted under the UCL, FAL, and CLRA. The fact that Article III prohibits Plaintiff from obtaining a certain type of remedy in case she prevails on her claims does not detract from that conclusion. ***It bears repeating that the lack of injunctive relief does not equate to the lack of subject matter jurisdiction over the underlying claim.*** Under the plain meaning of § 1447(c), therefore, Plaintiff's request must be rejected.

*Id.* at *8–9 (emphasis added).

The Magistrate Judge did not focus on situations where only some claims or defendants fall outside federal jurisdiction, as Plaintiff suggests, but rather concentrates on the question at the heart of Plaintiff's request for partial remand—whether an injunctive relief remedy can be partially remanded and severed from the underlying cause of action. The *Cabral* court squarely answered: No.

**2. Plaintiff's Interpretation Is Directly Contrary to the Remand Statute and Would Fly in the Face of the Constitution's Mandate that a District Court Hear Cases Where Article III Jurisdiction Exists.**

Plaintiff's request for partial remand is belied by the plain language of §1447(c), which states that, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the ***case*** shall be remanded." 28 U.S.C. §1447(c) (emphasis added). Section 1447(c) only contemplates the remand of the entirety of a ***case***; there is no allowance for a partial remand of a claim, much less a remedy.

Plaintiff's interpretation is also likely unconstitutional. A court's subject-matter jurisdiction is its "statutory or constitutional power to adjudicate the case." *Steel Co. v. Citizens for Better Env.*, 523 U.S. 83, 89 (1998). Federal courts have limited subject-matter jurisdiction, they possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see, e.g.*, *A-Z Intern. v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003). This means that the Court has the authority to hear only specified types of cases, either through diversity jurisdiction, 28 U.S.C. § 1332, federal question jurisdiction, 28 U.S.C. § 1331, or other Congressionally promulgated statutory jurisdiction like CAFA. *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). Plaintiff's suggestion (which she cites no case law for) that the use of the phrase subject-matter jurisdiction in 28 U.S.C. §1447(c) refers not to the constitutional or statutory limits of a claim but over what "the plaintiff is actually asking it to do" flies in the face of Article III jurisdiction. *See Kokkonen*, 511 U.S. at 377 ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, ***which is not to be expanded by judicial decree*** . . . .") (emphasis added and citations omitted); *Gunn v. Minton*, 568 U.S. 251, 256 (2013). It is well settled that where a particular interpretation of a statute would raise serious constitutional issues, the court "must independently inquire whether there is another interpretation, not raising these serious constitutional concerns, that may fairly be ascribed to [the statute in question]." *DeBartolo Corp. v. Florida Gulf Coast Bldg. &*

*Construction* ,485 U.S. 568, 577 (1988). This principle counsels against Plaintiff's interpretation.

Plaintiff's citations to *Russell v. Kohl's Dep't Stores, Inc.* and *Polo v. Innovations Int'l, LLC* ring hollow. At the outset, Plaintiff's argument that the Magistrate Judge rejected these cases "on grounds that [the] decisions cited were made on motions to dismiss or motions for summary judgment, and not on motions to remand" is misleading. F&R at 5. The F&R notes that "the inquiries a court makes, as well as any presumptions, are fundamentally different on a motion to dismiss, motion for summary judgment, and a motion to remand, making the "import of Plaintiff's caselaw . . . tenuous," ***in addition*** to addressing and rejecting the applicability of Plaintiff's caselaw. *See* F&R at 12–14.

As the Magistrate Judge notes, the *Russell* court observed "[a] plaintiff seeking to obtain injunctive relief must establish that he or she is realistically threatened by a repetition of the violation in order to establish that the relief sought would redress the alleged injuries." No. ED CV 15-1143 RGK (SPx), 2015 U.S. Dist. LEXIS 176123, at *16 (C.D. Cal. Oct. 6, 2015). But *Russell* predates *Davidson v. Kimerly-Clark Corporation*, 889 F.3d 956 (9th Cir. 2018), and the Magistrate Judge concluded that *Russell* is otherwise "not . . . helpful." The Magistrate Judge is correct: *Russell* summarizes the outdated law on Article III standing to assert injunctive relief in diversity cases in federal court, much less discusses whether an injunctive relief can be severed from the underlying cause of action through remand.

Plaintiff's citation to *Polo v. Innovations International, LLC* is similarly unavailing. The Magistrate Judge faulted Plaintiff for "selectively pick[ing] language that when a court determines it lacks subject-matter jurisdiction, '[r]emand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the federal courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III.'" F&R at 13–14 (quoting *Polo*, 833 F.3d 1193, 1196 (9th Cir. 2016)). The Magistrate Judge also noted that in *Polo* the "plaintiff did not have Article III standing for ***any*** of her claims," (emphasis added), whereas here "it is undisputed that the Court has subject-matter jurisdiction over Plaintiff's UCL claim via CAFA. Thus, *Polo* appears to be distinguishable on that point

alone." *Id.* Plaintiff attempts to argue that *Polo* supports remand because (1) it is a CAFA class action; (2) it "rejects using CAFA as a one-way ratchet"; and (3) the "Magistrate's distinction is too narrow." Obj. at 9–10. But these points do not rebut the Magistrate Judge's observation that the plaintiff in *Polo* did not have Article III standing for ***any of her claims***. It is this distinction that warrants a different result in the present case. Where the plaintiff does not have Article III standing for *any* claims, the proper remedy in a removed case is remand, not retention. But when Article III standing exists for at least some of the claims, or in this case the sole claim, remand is not proper.

**3. Plaintiff Does Not Cite Any Persuasive Authority Supporting Partial Remand of Injunctive Relief.**

Plaintiff lists a number of recent district court cases ostensibly in support of the proposition that "multiple district courts, *while considering motions to remand* in UCL cases concerning the Statutes, have ordered remand of UCL injunctive relief claims, holding that where a plaintiff does not show a threat of future harm—because the policy cannot be lapsed again—the federal court lacks subject-matter jurisdiction to hear the claim." Obj. at 5 (emphasis in original). But these cases do not hold that a district court must sever a remedy from the underlying cause of action through partial remand. In *Hughes v. Jackson Nat'l Life Ins. Co.*, the Court explicitly acknowledged that it was not "partially remand[ing] the case" because "***all other remaining claims***, except for possibly certain declaratory relief claims over which the Court lacks Article III jurisdiction, ***are dismissed***." No. 5:24-cv-02079-AH-(MARx), 2025 U.S. Dist. LEXIS 163958, at *13 n.3 (C.D. Cal. Aug. 22, 2025) (emphasis added). The court then stayed the remand pending resolution of the declaratory relief claims.

In the other district court cases Plaintiff cites, the courts remanded ***the entire case*** to the state court without considering the appropriateness of a partial remand. *See Youssef v. Great Am. Life Ins. Co.*, No. 2:25-cv-02545-SPG-SHK, 2025 U.S. Dist. LEXIS 153586 (C.D. Cal. Aug. 7, 2025), *Rogoff v. Transamerica Life Ins. Co.*, No. EDCV 24-1254 JGB (SPx), 2024 U.S. Dist. LEXIS 221309 (C.D. Cal. Dec. 6, 2024), *Cal. Advocs. for Nursing Home Reform v. Prudential Ins. Co. of Am.*, No. 24-cv-01119-AMO, 2024 U.S. Dist. LEXIS 225545,

at *6-7 (N.D. Cal. Dec. 12, 2024), and *Rolle v. United States Fin. Life Ins. Co.*, No. 25-cv-04829-TLT, 2025 U.S. Dist. LEXIS 177329, at *7-8 (N.D. Cal. Aug. 26, 2025).

The ***only*** case Plaintiff has cited in any of her briefing which allowed the remand she seeks is universally considered to be wrongly decided. *See generally Machlan v. Procter & Gamble Co.*, 77 F. Supp. 3d 954 (N.D. Cal. 2015). The *Mezzadri* court agreed with the defendant's interpretation of *Machlan* as an "outlier case that failed to consider the primary rights theory, and inappropriately extended *Lee*." 113 F. Supp. 3d at 1065–66. In *Machlan*, the district court found support in *Lee* for a remand of "the injunctive relief portions of plaintiff's claims." *Id.* at 961. Under the "principles of fairness and comity," the Northern District of California reasoned, "a California state court ought to decide whether injunctive relief is appropriate for plaintiff's claims." *Id*. It then issued a remand and stayed its docket. *Id*. In response, the *Cabral* court stated the following:

> Congress already considered the "principles of fairness and comity" when it passed CAFA, and it is not for this Court to second-guess Congress's judgment. For the Court to refuse to adjudicate claims falling squarely within its jurisdiction is to circumvent CAFA's goal of providing a federal forum for class actions implicating interstate interests. The only alternative is to proceed in federal and state courts simultaneously, but as the Court already explained, such claim-splitting would produce immense inefficiencies. If a class action plaintiff, therefore, wishes to obtain injunctive relief that is not available in federal court, she must narrow her class to take it outside of CAFA's purview. Otherwise, she must proceed in federal court without the prospect of obtaining an injunction.

*Cabral*, 2016 U.S. Dist. LEXIS 39671, at *12–13.

Similarly, the *Mezzadri* court called *Machlan* "unworkable" and labeled the decision remanding a remedy as "not a sound approach" because "the logistics of splitting a remedy from the cause of action—and having solely a remedy stayed in state court pending the outcome of a federal action—is beyond the scope of this Court." 113 F. Supp. 3d at 1061–62. The *Chuang* court added: "Plaintiff may, as he suggests, advance on appeal his arguments

regarding the propriety of permitting a partial remand of requests for injunctive relief. In the absence of any clear indication to the contrary from the Ninth Circuit, this Court is not persuaded . . . ." 2017 U.S. Dist. LEXIS 87638, at *7–8.

Tellingly, Plaintiff relegates *Machlan*, a case that was prominently displayed in her Supplemental Briefing, to a footnote in the Objection, and only by stating that the Ninth Circuit in *Davidson v. Kimberly-Clark Corp.* favorably cited to it. Obj. at n.1. This statement is also misleading. The Ninth Circuit in *Davidson* cited *Machlan* for the unrelated proposition that a plaintiff lacks standing to seek injunctive relief if they are already aware of the deceptive nature of an advertisement and thus not likely to be misled into buying the relevant product in the future. 889 F.3d at 968. As it relates to the issues in this case, the Ninth Circuit said the following:

> Interestingly, the *Machlan* court remanded the portions of the plaintiff's claims that sought injunctive relief, and then proceeded in federal court on some of the claims seeking monetary damages. . . . Here, Davidson similarly argues that the district court erred by denying her request to remand the injunctive relief 'claim' to state court. Because we conclude that Davidson's alleged future injury justifies Article III standing for injunctive relief, we need not reach this issue.

*Id.* at n.6. Accordingly, the Ninth Circuit did not approve of the *Machlan* holding relating to the partial remand of the injunctive relief remedy and expressly stated that it was not deciding that question.

**B. The Magistrate Judge Properly Applied *Ruiz* and Accepted Colonial Penn's Waiver of the Adequate-Remedy-At-Law Defense.**

The Ninth Circuit's instruction in *Ruiz* is unequivocal: where "a plaintiff files a lawsuit in state court seeking only equitable relief and the case is properly removed to federal court, ***a defendant can defeat remand on equitable jurisdiction grounds by waiving the adequate-remedy-at-law issue***." *Ruiz*, 153 F.4th at 918 (emphasis added). Colonial Penn properly waived its adequate-remedy-at-law defense. Def.'s Waiver, Dkt. 26. Plaintiff now contends the F&R's interpretation of *Ruiz* as requiring the Court to "accept any waiver Colonial Penn

tenders, even over Plaintiff's objection, and thus to defeat remand whenever the removing defendant elects to 'waive' the adequate-remedy issue" is incorrect. She urges the Court to decline Colonial Penn's waiver of the adequate-remedy-at-law defense. But *Ruiz* is binding precedent, and Plaintiff's objection effectively asks this Court to commit reversible error.

Plaintiff also contends that courts still have an "independent duty to assess equitable or subject matter jurisdiction" and that here, the "Magistrate Judge erred by treating that right to waiver as eliminating the court's duty to consider equitable-jurisdiction, federalism, and comity concerns in a removed, state-law-only class action." Obj. at 11–12. The Magistrate Judge did no such thing. The F&R correctly notes this argument was "analytically insufficient to persuade." F&R at 11. Setting this deficiency aside and acknowledging that the Court may have discretion to reject the waiver, the Court ***nevertheless took each factor into consideration*** and still held that none mandate the Court decline jurisdiction over Plaintiff's claim.

As the F&R notes, "Plaintiff does not point to any 'law established for a public reason' that is contravened by a 'private agreement,' nor is this apparent to the Court." F&R at 11. For good reason—as the F&R explains, "Plaintiff's logic would generally upset diversity jurisdiction because if a violation of state law is an 'important state interest,' then a federal court would almost always have to decline to hear a case in diversity in similar circumstances." F&R at 10–11. But, of course, federal courts routinely adjudicate state-law claims, including those involving important state interests, under diversity and CAFA jurisdiction. In fact, federal courts have been at the forefront of deciding issues under the Statutes. *See* F&R at 11 (citing *Siino v. Foresters Life Ins. & Annuity Co.*, 340 F.R.D. 157 (N.D. Cal. 2022); *Pitt v. Metro. Tower Life Ins. Co.*, 675 F. Supp. 3d 1073 (S.D. Cal. 2023); *Kelley v. Colonial Penn Life Ins. Co.*, No. 2:20-cv03348-FLA (Ex), 2025 U.S. Dist. LEXIS 87524 (C.D. Cal. May 6, 2025); *Fox v. Genworth Life & Annuity Ins. Co.*, No. 2:24-cv-01001-WBS-CKD, at *5 (Aug. 19, 2025)). Plaintiff forgets that the debate over whether federal courts should have jurisdiction to decide important issues of state law where the litigants are diverse was settled

by the Founders in 1789, when the Constitution was ratified, which included Art. III, Sec. 2 creating diversity jurisdiction.[2]

Plaintiff also claims that the Court should have exercised its discretion to remand her action despite indisputably satisfying CAFA because it is a state-law claim seeking only equitable remedies and Plaintiff's preferred forum is state court. Obj. at 12. Plaintiff cites no authority for this argument (because there is none). Quite the opposite: Plaintiff's "hardline position appears to be in contravention of 28 U.S.C. § 1332." F&R at 11 (citing 28 U.S.C. § 1332: "The district courts *shall* have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . .") (emphasis added). Plaintiff cannot point to any error in the F&R or legal authority that would require a finding that the Magistrate Judge was required to reject Colonial Penn's waiver and remand this action in its "discretion."

**C. Plaintiff's Public Policy Arguments Lack Merit.**

Plaintiff's last-ditch appeal to "public policy" misses the mark. She contends that "exceptional circumstances" exist to justify the violation of California's primary rights doctrine and the on-point authority discussed above "where the splitting of the primary right into two causes of action is as a result of a defendant's waiver of the adequate-remedy-at-law defense in an attempt to keep a claim in federal court." Pl.'s Suppl. Br. at 19. But the *Cabral* court already held that a scenario where a state claim with a nonviable injunctive relief request must be litigated in federal court over the plaintiff's objection does not constitute exceptional circumstances. *Cabral*, 2016 U.S. Dist. LEXIS 39671, at *13. This is because such facts "could arise in almost every false advertising action under the UCL as long as the named plaintiff lacks standing to obtain an injunction in federal court." *Id.* Crediting Plaintiff's argument would create a gaping exception to the primary rights doctrine whenever a plaintiff brings a UCL claim seeking injunctive relief for which he or she has no standing (and

[2] As scholars have noted, Madison and Hamilton addressed the concept of diversity jurisdiction in the *Federalist Papers*. Some Founders were opposed to the idea, viewing it as a power grab by the federal government. But that great debate was settled long ago. Plaintiff's effort to reopen the debate on this motion based on her self-serving view of "public policy" ignores history and the Constitution. *See e.g.*, Robert L. Jones, *Finishing a Friendly Argument: The Jury And The Historical Origins Of Diversity Jurisdiction*, 82 N.Y.U.L. Rev. 997, 999 (2007).

especially when the plaintiff simultaneously seeks monetary damages in the form of "restitution" for which subject matter jurisdiction clearly exists). Rejecting Plaintiff's argument is particularly necessary when Plaintiff purposefully claims lack of standing solely to preclude federal jurisdiction over an injunction request. She should not be so rewarded for intentionally violating the primary rights doctrine. Nor should Plaintiff be rewarded for her obvious gamesmanship at the outset—trying to plead a claim to defeat diversity and CAFA jurisdiction under the shaky concept of "equitable jurisdiction" to avoid the Ninth Circuit's decision in *Small*, only to have that plan frustrated by the Ninth Circuit's subsequent decision in *Ruiz*.

Plaintiff's concern that litigating in federal court would preclude her from successfully obtaining an injunction is also of no moment. As the Magistrate Judge acknowledged, Plaintiff is the master of her own complaint. She is bound by her choices, including how she pled her sole claim, which remedies she seeks (money damages in the form of restitution and in the background injunctive relief), and whether to structure her claim as a class action that meets the CAFA requirements (no law required her to file her suit as a class action, or one clearly seeking more than $5 million in damages). That is true even if, due to her artful pleading, she may not be able to successfully obtain injunctive relief.

It is also undisputed that Plaintiff seeks to sever the injunctive relief remedy from her UCL claim. But such concurrent actions for the same claim are precisely what California's primary rights doctrine and the Ninth Circuit in *Lee* sought to prevent. The rationale extends to the procedural posture of this case. Although the rule against splitting a cause of action "is invoked ***most often*** when a plaintiff attempts to divide a primary right and enforce it in two suits," *Crowley v. Katleman*, 8 Cal. 4th 666, 682 (1994) (emphasis added), it can occur in other contexts as well, like where, as here, plaintiff requests that the court sever a remedy from its cause of action. *See Mezzadri*, 113 F. Supp. 3d at 1065. There is no justification, and Plaintiff certainly cites to none, supporting the partial remand of an injunctive relief remedy from the underlying claim. Her alternative contention that the splitting of her remedies is Colonial Penn's doing is absurd. Plaintiff intentionally drafted her complaint for the specific purpose

of arguing, as she does here, that a lack of standing precludes federal jurisdiction over an injunction request. *Ruiz* spoiled that risky gambit. The Court should reject her gamesmanship that was done in direct circumvention of Ninth Circuit law and the primary rights doctrine.

## III. CONCLUSION

For all these reasons, Defendant respectfully requests the Court overrule Plaintiff's objections, adopt the Magistrate Judge's Findings and Recommendations in full, and deny Plaintiff's Motion to Remand.

DATED: January 6, 2026

**ALSTON & BIRD LLP**

By: ______________________________

Kathy J. Huang (Cal. Bar No. 240677)
Daniel D. Dubin (Cal. Bar No. 313235)
Brooke H. Bolender (Cal. Bar No. 340689)
Adam J. Kaiser (*pro hac vice*)
Attorneys for Defendant
COLONIAL PENN LIFE INSURANCE COMPANY, a Pennsylvania Corporation

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on January 6, 2026, I electronically filed **DEFENDANT COLONIAL PENN LIFE INSURANCE COMPANY'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** with the Clerk of the Court for the United States District Court, Eastern District of California by using the Court's CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the Court's CM/ECF system.

Executed on this 6th day of January 2026, at Los Angeles, California.

*/s/ Kathy Huang*

Kathy Huang